EXHIBIT 34

**ORIGINAL**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:<br>Paul Murphy (SBN 159556); Taylor Steele (SBN 304443)<br>Murphy Rosen LLP<br>100 Wilshire Boulevard, Suite 1300, Santa Monica, California, 90401<br>TELEPHONE NO.: (310) 899-3300   FAX NO. *(Optional)*: (310) 399-7201<br>E-MAIL ADDRESS *(Optional)*: pmurphy@murphyrosen.com; tsteele@murphyrosen.com<br>ATTORNEY FOR *(Name)*: Defendant Alpine Securities Corporation | **FILED**  CM-110<br>Superior Court of California<br>County of Los Angeles<br>JUN 06 2017<br>Sherri R. Carter, Executive Officer/Clerk<br>By _Raul_ _____, Deputy<br>Raul Sanchez |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Stanley Mosk Courthouse

PLAINTIFF/PETITIONER: Reko Holdings, LLC
DEFENDANT/RESPONDENT: Alpine Securities Corporation, et al

| CASE MANAGEMENT STATEMENT | CASE NUMBER: |
|---|---|
| (Check one): [✓] UNLIMITED CASE     [ ] LIMITED CASE<br>(Amount demanded exceeds $25,000)   (Amount demanded is $25,000 or less) | BC647661 |

A CASE MANAGEMENT CONFERENCE is scheduled as follows:
Date: June 20, 2017    Time: 8:30 a.m.    Dept.: 36    Div.:    Room:
Address of court *(if different from the address above)*:

[✓] Notice of Intent to Appear by Telephone, by *(name)*: Alan Baskin (Pro Hac Vice Pending)

INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.

1. **Party or parties** *(answer one)*:
   a. [✓] This statement is submitted by party *(name)*: Defendant Alpine Securities Corporation
   b. [ ] This statement is submitted jointly by parties *(names)*:

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date)*:
   b. [ ] The cross-complaint, if any, was filed on *(date)*:

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. [ ] All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. [ ] The following parties named in the complaint or cross-complaint
      (1) [ ] have not been served *(specify names and explain why not)*:
      (2) [ ] have been served but have not appeared and have not been dismissed *(specify names)*:
      (3) [ ] have had a default entered against them *(specify names)*:
   c. [ ] The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served)*:

4. **Description of case**
   a. Type of case in [✓] complaint   [ ] cross-complaint   *(Describe, including causes of action)*:
   On January 20, 2017, Plaintiff filed a Complaint against Defendants for (1) Conversion, (2) Unjust Enrichment, (3) Treble Damages Pursuant to Penal Code §496, (4) Negligence, and (5) Conspiracy. On May 17, 2017, Plaintiff filed an Amended Complaint alleging (1) Conversion, (2) Unjust Enrichment, (3) Treble Damages Pursuant to Penal Code §496, (4) Negligence, and (5) Wrongful Registration of Securities. Count (4) in the Amended Complaint is the only count against Alpine.

Form Adopted for Mandatory Use
Judicial Council of California
CM-110 [Rev. July 1, 2011]

**CASE MANAGEMENT STATEMENT**

Page 1 of 5
Cal. Rules of Court,
rules 3.720–3.730
www.courts.ca.gov

| | CM-110 |
|---|---|
| PLAINTIFF/PETITIONER: Reko Holdings, LLC | CASE NUMBER: |
| DEFENDANT/RESPONDENT: Alpine Securities Corporation, et al | BC647661 |

4. b. Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

   Plaintiff alleges that Alpine, as a clearing firm, was negligent in connection with the issuance of some of the stock certificates identified in the First Amended Complaint, which Plaintiff alleges are derivative of stolen certificates. Alpine is immunized from liability under U.C.C. § 8-115, as codified in Cal. Com. Code § 8115. This argument, amongst others, will be the subject of a demurrer Alpine is drafting.

   ☐ *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5. **Jury or nonjury trial**
   The party or parties request ☑ a jury trial ☐ a nonjury trial. *(If more than one party, provide the name of each party requesting a jury trial):*
   Defendant Alpine Securities Corporation

6. **Trial date**
   a. ☐ The trial has been set for *(date):*
   b. ☑ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

   c. Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*
   Alpine anticipates that discovery and motion practice will occupy the remainder of 2017. Unavailable weeks of January 8 and 15, 2018 (other trials). No other 2018 trial conflicts.

7. **Estimated length of trial**
   The party or parties estimate that the trial will take *(check one):*
   a. ☑ days *(specify number):* 7-10
   b. ☐ hours (short causes) *(specify):*

8. **Trial representation** *(to be answered for each party)*
   The party or parties will be represented at trial ☑ by the attorney or party listed in the caption ☑ by the following:
   a. Attorney: Alan Baskin (SBN  ) (Pro Hac Vice Pending)
   b. Firm: Baskin Richards PLC
   c. Address: 2901 N. Central Avenue, Suite 1150, Phoenix, Arizona 85012
   d. Telephone number: (602) 812-7979
   e. E-mail address: abaskin@baskinrichards.com
   f. Fax number: (602) 595-7800
   g. Party represented: Defendant Alpine Securities
   ☐ Additional representation is described in Attachment 8.

9. **Preference**
   ☐ This case is entitled to preference *(specify code section):*

10. **Alternative dispute resolution (ADR)**
    a. **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 for information about the processes available through the court and community programs in this case.
       (1) For parties represented by counsel: Counsel ☑ has ☐ has not provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.
       (2) For self-represented parties: Party ☐ has ☐ has not reviewed the ADR information package identified in rule 3.221.
    b. **Referral to judicial arbitration or civil action mediation** (if available).
       (1) ☐ This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.
       (2) ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.
       (3) ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*

CM-110

| PLAINTIFF/PETITIONER: Reko Holdings, LLC | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Alpine Securities Corporation, et al | BC647661 |

10. c. Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in *(check all that apply and provide the specified information):*

| | The party or parties completing this form **are willing** to participate in the following ADR processes *(check all that apply):* | If the party or parties completing this form in the case **have agreed** to participate in or have already completed an ADR process or processes, indicate the status of the processes *(attach a copy of the parties' ADR stipulation):* |
|---|---|---|
| (1) Mediation | ☑ | ☐ Mediation session not yet scheduled<br>☐ Mediation session scheduled for *(date):*<br>☐ Agreed to complete mediation by *(date):*<br>☐ Mediation completed on *(date):* |
| (2) Settlement conference | ☑ | ☐ Settlement conference not yet scheduled<br>☐ Settlement conference scheduled for *(date):*<br>☐ Agreed to complete settlement conference by *(date):*<br>☐ Settlement conference completed on *(date):* |
| (3) Neutral evaluation | ☐ | ☐ Neutral evaluation not yet scheduled<br>☐ Neutral evaluation scheduled for *(date):*<br>☐ Agreed to complete neutral evaluation by *(date):*<br>☐ Neutral evaluation completed on *(date):* |
| (4) Nonbinding judicial arbitration | ☐ | ☐ Judicial arbitration not yet scheduled<br>☐ Judicial arbitration scheduled for *(date):*<br>☐ Agreed to complete judicial arbitration by *(date):*<br>☐ Judicial arbitration completed on *(date):* |
| (5) Binding private arbitration | ☐ | ☐ Private arbitration not yet scheduled<br>☐ Private arbitration scheduled for *(date):*<br>☐ Agreed to complete private arbitration by *(date):*<br>☐ Private arbitration completed on *(date):* |
| (6) Other *(specify):* | ☐ | ☐ ADR session not yet scheduled<br>☐ ADR session scheduled for *(date):*<br>☐ Agreed to complete ADR session by *(date):*<br>☐ ADR completed on *(date):* |

| | | CM-110 |
|---|---|---|
| PLAINTIFF/PETITIONER: Reko Holdings, LLC | CASE NUMBER: | |
| DEFENDANT/RESPONDENT: Alpine Securities Corporation, et al | BC647661 | |

### 11. Insurance
a. ☐ Insurance carrier, if any, for party filing this statement *(name)*:
b. Reservation of rights: ☐ Yes ☐ No
c. ☐ Coverage issues will significantly affect resolution of this case *(explain)*:

### 12. Jurisdiction
Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.
☐ Bankruptcy ☐ Other *(specify)*:

Status:

### 13. Related cases, consolidation, and coordination
a. ☐ There are companion, underlying, or related cases.
    (1) Name of case:
    (2) Name of court:
    (3) Case number:
    (4) Status:
☐ Additional cases are described in Attachment 13a.
b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party)*:

### 14. Bifurcation
☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons)*:

### 15. Other motions
☑ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues)*:
Defendant Alpine Securities Corporation will file Demurrer and likely Motion for Summary Judgment

### 16. Discovery
a. ☐ The party or parties have completed all discovery.
b. ☑ The following discovery will be completed by the date specified *(describe all anticipated discovery)*:

| Party | Description | Date |
|---|---|---|
| Defendant Alpine Securities Corporation | Written Discovery & Request for Production | 12/31/2017 |
| Defendant Alpine Securities Corporation | Depositions | 03/31/2018 |
| Defendant Alpine Securities Corporation | Expert Discovery | To be set |

c. ☐ The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify)*:

| | | CM-110 |
|---|---|---|
| PLAINTIFF/PETITIONER: | Reko Holdings, LLC | CASE NUMBER: |
| DEFENDANT/RESPONDENT: | Alpine Securities Corporation, et al | BC647661 |

17. **Economic litigation**
   a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.
   b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed (*if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case*):

18. **Other issues**
   ☐ The party or parties request that the following additional matters be considered or determined at the case management conference (*specify*):

19. **Meet and confer**
   a. ☑ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court (*if not, explain*):

   b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following (*specify*):

Alpine was not required to respond to the initial complaint, but Alpine and Plaintiff have already met and conferred a number of times and worked together collegially, which led to Plaintiff dismissing two former Defendants. Alpine will respond to the First Amended Complaint by filing a demurrer, and will have the required meet and confer with Plaintiff in advance of that filing. Should the demurrer be denied, Alpine expects to continue to work collegially with Plaintiff to coordinate and schedule discovery.

20. Total number of pages attached (*if any*): ___0___

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date: June 6, 2017

Paul D. Murphy
(TYPE OR PRINT NAME)

▶ [signature]
(SIGNATURE OF PARTY OR ATTORNEY)

▶
(TYPE OR PRINT NAME)                          (SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached.

# PROOF OF SERVICE

I, SARAH DEICHES, declare:

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to this action. My business address is 100 Wilshire Boulevard, Suite 1300, Santa Monica, California 90401-1142, (310) 899-3300.

On June 6, 2017, I served the document(s) described as **CASE MANAGEMENT STATEMENT** on the interested parties in this action:

**SEE ATTACHED SERVICE LIST**

☒ BY UNITED STATES MAIL: I enclosed true copies of the document(s) in a sealed envelope or package addressed to the persons included above or on the attached service list, with prepaid postage in the U.S. mail in Santa Monica, California.

I am "readily familiar" with this firm's practice for the collection and processing of correspondence for mailing  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

☒ [State] I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on June 6, 2017, at Santa Monica, California.

_____
SARAH DEICHES

-1-
PROOF OF SERVICE

| | |
|---|---|
| Alan Baskin<br>Baskin Richards PLC<br>2901 N. Central Avenue, Suite 1150<br>Phoenix, AZ 85012<br><br>**Attorney for Defendant Alpine Securities Corporation**<br><br>AMP Group Holdings, Inc.<br>Agent: Global Corporate Services, Inc.<br>704 N King St, Suite 500<br>Wilmington, DE 19899<br><br><br>James Kawahito<br>Kawahito Law Group, APC<br>222 N. Sepulveda Blvd., Suite 2222<br>El Segundo, CA 90245<br><br>**Attorneys for HJK Trade, Inc., Hovik Kostandyan and Vladimir Hanin**<br><br>David A. Berkley, Esq.<br>SEVERSON & WERSON<br>The Atrium<br>19100 Von Kannan Avenue, Suite 700<br>Irvine, CA 92612<br><br>**Attorneys for Defendant Wells Fargo Bank, N.A.** | David D. Piper<br>Keesal, Young & Logan<br>400 Oceangate<br>Long Beach, CA 90802<br><br>**Attorneys for Citibank, N.A.**<br><br>Randy Katz, Esq.<br>Baker Hostetler<br>600 Anton Blvd., Suite 900<br>Costa Mesa, CA 92626-7221<br><br>**Attorneys for Defendant Empire Stock Transfer, Inc.**<br><br>Tod V. Beebe, Esq.<br>Barton, Klugman and Oetting LLP<br>350 South Grand Avenue, Suite 2200<br>Los Angeles, California 90071<br><br>**Attorneys for Defendant JP Morgan Chase Bank, N.A.**<br><br>Paul Kozlov<br>7040 Hayvenhurst Avenue<br>Van Nuys, CA 91406 |