EXHIBIT 39

RECEIVED JUN 28 2017

1  PAUL D. MURPHY (SBN 159556)
   TAYLOR T. STEELE (SBN 304443)
2  MURPHY ROSEN LLP
   100 Wilshire Boulevard, Suite 1300
3  Santa Monica, California  90401-1142
   Telephone:  (310) 899-3300
4  Facsimile:  (310) 399-7201
   Email:  pmurphy@murphyrosen.com
5          tsteele@murphyrosen.com

6  ALAN BASKIN (SBN 013155) (*Pro Hac Vice Pending*)
   BASKIN RICHARDS PLC
7  2901 N. Central Avenue, Suite 1150
   Phoenix, AZ 85012
8  Telephone: (602) 812-7979
   Facsimile: (602) 595-7800
9  Email:  alan@baskinrichards.com

10 Attorneys for Defendant Alpine Securities Corp.

11

12         **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

13       **FOR THE COUNTY OF LOS ANGELES – CENTRAL DISTRICT**

14
   REKO HOLDINGS, LLC.                    )   CASE NO.  BC647661
15                                        )
                Plaintiff,                )
16                                        )   The Hon. Gregory W. Alarcon
                                          )
17     v.                                 )   **DEFENDANT ALPINE**
                                          )   **SECURITY CORP.'S NOTICE OF**
18 ALPINE SECURITIES CORP., AMP           )   **DEMURRER AND DEMURRER**
   GROUP HOLDINGS, INC., CITIBANK,        )   **TO PLAINTIFF'S FIRST**
19 N.A., EMPIRE STOCK TRANSFER, INC.,     )   **AMENDED COMPLAINT;**
   GSS GROUP LLC, VLADIMIR HANIN,         )   **MEMORANDUM OF POINTS**
20                                        )   **AND AUTHORITIES;**
   HJK TRADE, INC., HOVIK                 )   **DECLARATION OF ALAN**
21 KOSTANDYAN, PAUL KOZLOV, JP            )   **BASKIN; EXHIBITS**
   MORGAN CHASE BANK, N.A.,               )
22 LISANDRA PATIN, GARY SHIRINYAN,        )   Date:   August 31, 2017
   WELLS FARGO BANK, N.A., and DOES 1-    )   Time:   8:30 a.m.
23 30, inclusive.                         )   Dept.:  36
                                          )
24                                        )
                Defendants.               )   First Amended Complaint Filed: May
25                                        )   17, 2017
                                          )
26 _____)

27
                                                     6 | 26
28

MURPHY ROSEN LLP
100 WILSHIRE BOULEVARD, SUITE 1300
SANTA MONICA, CA 90401-1142
TELEPHONE 310-899-3300; FACSIMILE 310-399-7201

1   **TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

2        **PLEASE TAKE NOTICE** that on August 31, 2017, at 8:30 a.m., or as soon

3   thereafter as counsel may be heard, in Department 36 of the above-entitled Court,

4   located at 111 North Hill Street, Los Angeles, CA 90012, Defendant Alpine Securities

5   Corp. ("Alpine") will and hereby does demur to the First Amended Complaint filed by

6   plaintiff Reko Holdings ("Reko"). Alpine's Demurrer is brought pursuant to California

7   Code of Civil Procedure sections 430.10 and 430.30 on the grounds that the First

8   Amended Complaint fails to state facts sufficient to establish Reko's standing for its

9   claims against Alpine, and otherwise fails to state a cause of action against Alpine.

10        Alpine's Demurrer is based upon this Notice of Demurrer, the attached

11   Memorandum of Points and Authorities, the attached Declaration of Alan Baskin, the

12   attached exhibits, and all other pleadings, papers, records, and documentary materials

13   on file in this matter, such other matters of which this Court takes judicial notice, the

14   arguments of counsel at the hearing on this Demurrer, and upon such other evidence

15   and materials that may be brought to the attention of the Court on or before the hearing

16   on this matter.

17

18   DATED:  June 26, 2017              MURPHY ROSEN LLP

19

20                                      By: _____

21                                          Paul D. Murphy
                                            Taylor T. Steele
22                                          100 Wilshire Boulevard, Suite 1300
                                            Santa Monica, CA  90401
23

24                                      BASKIN RICHARDS PLC

25                                          Alan Baskin (*Pro Hac Vice Pending*)
                                            2901 N. Central Avenue, Suite 1150
26                                          Phoenix, AZ 85012

27                                      *Attorneys for Defendant Alpine Securities Corp.*

28

MURPHY ROSEN LLP
100 WILSHIRE BOULEVARD, SUITE 1300
SANTA MONICA, CA 90401-1142
TELEPHONE 310-899-3300; FACSIMILE 310-399-7201

-1-

1

## DEMURRER TO FIRST AMENDED COMPLAINT

Defendant Alpine Securities Corp. ("Alpine") demurs to the First Amended Complaint of plaintiff Reko Holdings, LLC on the following grounds:

    (1)    the First Amended Complaint fails to state facts sufficient to establish standing for plaintiff's claim against Alpine; and,

    (2)    the First Amended Complaint otherwise fails to state facts sufficient to allege a cause of action against Alpine. *See* Cal. Code Civ. Proc. § 431.10(e).

## DEMURRER TO FOURTH CAUSE OF ACTION

Alpine demurs to plaintiff's Fourth Cause of Action, labeled "Negligence", on the following grounds:

    (1)    the First Amended Complaint fails to state facts sufficient to establish standing for plaintiff's claim against Alpine; and,

    (2)    the First Amended Complaint otherwise fails to state facts sufficient to allege a cause of action against Alpine. *See* Cal. Code Civ. Proc. § 431.10(e).

WHEREFORE, Alpine prays that its Demurrer to the First Amended Complaint be sustained without leave to amend, and that the Court grant such other and further relief as the Court deems just and appropriate.

DATED: June 26, 2017        MURPHY ROSEN LLP

By: _____
      Paul D. Murphy
      Taylor T. Steele
      100 Wilshire Boulevard, Suite 1300
      Santa Monica, CA  90401

      BASKIN RICHARDS PLC
      Alan Baskin (*Pro Hac Vice Pending*)
      2901 N. Central Avenue, Suite 1150
      Phoenix, AZ 85012

      *Attorneys for Defendant Alpine Securities Corp.*

MURPHY ROSEN LLP
100 WILSHIRE BOULEVARD, SUITE 1300
SANTA MONICA, CA 90401-1142
TELEPHONE 310-899-3300; FACSIMILE 310-399-7201

-1-

PRINTED ON RECYCLED PAPER

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.

## INTRODUCTION

In the First Amended Complaint (the "FAC"), Plaintiff Reko Holdings, LLC ("Reko") alleges that two distinct sets of stock certificates from a company called Gopher Protocol, Inc. were stolen from the home of Reko's principal: (1) the "Reko shares" and (2) the "Merman shares." Plaintiff sues numerous parties, alleging multiple theories of liability and relief.

As to moving party Defendant Alpine Securities Corporation ("Alpine"), Plaintiff alleges only one cause of action for negligence, as to only one of the two sets of certificates—the Merman shares; and as to only Alpine's role as the "clearing broker" for the Merman Shares. (*See* FAC ¶¶ 41-48; Exhibits 9-12 to FAC.)[1]  A clearing brokerage firm does not take orders to buy or sell securities; instead it has very discrete, statutory duties under which it effectuates such orders placed by others; here Alpine was the clearing firm for an introducing broker, non-party ACAP Financial, Inc.[2] Reko alleges that Alpine is liable for negligence by somehow not preventing the further transfer or sale of the Merman shares *after* they had been already been transferred to two of the other defendants in this case, defendants GSS Group LLC and AMP Group Holdings, Inc.

Reko's negligence cause of action fails for two simple reasons. First, Reko lacks standing. As the stock certificates attached to the FAC confirm, they were owned by four individual trusts for four members of a family with the last name Merman. The FAC fails to allege sufficient facts to establish how Reko has standing to assert potential claims owned through trusts by these four Mermans. Second, due to the

---

[1] The FAC has 15 exhibits, many consisting of several pages that are un-numbered. For convenience and clarity, Alpine attaches an identical set of these exhibits here but has numbered each page so that, where appropriate, Alpine can provide the Court with the specific page cites within the FAC's exhibits.

[2] ACAP was named in the initial complaint, but not the FAC.

MURPHY ROSEN LLP
100 WILSHIRE BOULEVARD, SUITE 1300
SANTA MONICA, CA 90401-1142
TELEPHONE 310-899-3300; FACSIMILE 310-399-7201

*PRINTED ON RECYCLED PAPER*

*DEFENDANT ALPINE SECURITIES CORP.'S DEMURRER TO PLAINTIFF'S FAC*

1  limited yet vital role clearing brokers play in the securities industry, the Uniform

2  Commercial Code, as adopted by California, provides broad immunity to clearing

3  brokers charged with negligent acts.   Here, Reko's allegations confirm that Alpine's

4  questioned conduct occurred *after* the shares were transferred to two other defendants

5  and *before* the shares were reported stolen.   Under these circumstances, Alpine fits

6  squarely within California's statutory immunity to clearing brokers.   Reko therefore

7  cannot state a claim against Alpine.

**II.**

**BACKGROUND**

A.      **The Stock Transactions.**

According to the FAC, on August 31, 2015, trusts pertaining to four members of
the Merman family, Simon, Trevor, James and Theresa, were issued stock certificates
368-71 in a company called Gopher Protocol, Inc. ("Gopher").  (Exs. 4-7.) These are
the "Merman shares" that are the focus of this demurrer.   Each certificate was for
62,500 shares, totaling 250,000 shares.   On or about July 19, 2016, defendant GSS
Group LLC ("GSS") instructed defendant Empire Stock Transfer, Inc. ("Empire") to
consolidate certificates 368-370 into one certificate and transfer the shares into GSS's
name; Empire complied and on July 20, 2016 issued GSS certificate 401 for 187,500
shares.  (FAC ¶¶ 35-36; Ex. 9.)

Approximately two days later, on or about July 21, 2016, defendant AMP Group
Holdings, Inc. ("AMP") instructed Empire to cancel and transfer certificate 371 and
issue AMP the new certificate; Empire again complied and on July 26, 2016 issued
AMP certificate 402 for 62,500 shares.   (FAC ¶¶ 38; Ex. 10.)   Empire made the
transfers, not Alpine, which had no involvement in any of these initial transactions.

Then, GSS deposited certificate 401 with Alpine through its introducing broker,
ACAP.  (*See* Ex. 13 at 6, 16.)  On August 12, 2016, Empire emailed Gopher that it had
received a request, presumably from GSS (the FAC is vague on this point), to lift the
"restricted" legend for certificate 401, which would have allowed GSS to sell the shares

MURPHY ROSEN LLP
100 WILSHIRE BOULEVARD, SUITE 1300
SANTA MONICA, CA 90401-1142
TELEPHONE 310-899-3300; FACSIMILE 310-399-7201

in the over the counter ("OTC") securities market through its ACAP account, which was held with clearing firm Alpine. (FAC ¶¶ 53-54; Ex. 13 at 1, 6, 16.) Gopher objected. (Ex. 13 at 1.) On August 19, 2016, Empire again emailed Gopher about a request to lift the legend, and Gopher again objected. (Ex. 13 at 4-5.)[3] According to the FAC, Gopher also submitted stop requests for certificate 402, which had been deposited with ACAP/Alpine by AMP. (FAC ¶¶ 53-54; *See* Ex. 15 at 1, 9.) While Gopher argued that the transactions were "totally defective," its challenges to lifting the legend were confined to technical objections, such as the fact that the number of shares did not match perfectly. (*See* Ex. 13 at 1, 4-5.) The objections were not based on the shares being potentially stolen. (*Id.*)

On August 22, 2016, AMP and GSS obtained opinion letters from their lawyers regarding the technical objections, which were directed to Empire and ACAP. (Ex. 13 at 17-25; Ex. 15 at 9-16.) On or about September 1, 2016, and after receiving the opinion letters, Empire lifted the restrictions and reissued certificates 401 and 402 as 417 and 418, but now without the "restricted" language. (*See* FAC ¶¶ 55-56; Ex. 13 at 17-25; Ex. 15 at 9-16.) The allegations against Alpine are apparently that it should have told Empire not to transfer the shares in early September 2016 and/or not permitted any sales of the new shares in Alpine accounts because it had the same notice of Gopher's technical objections.[4]

On September 26, 2016, *nearly four weeks later*, Plaintiff for the first time filed a police report and submitted an affidavit alleging that certain *other* Gopher stock certificates which have no connection to Alpine were stolen. (FAC ¶¶ 28, 31-33). Critically, the police report and affidavit *did not allege that the Merman shares—the*

---

[3] The FAC alleges that there was another stop request on August 30, 2016, but it is not found in Exhibits 13-15.

[4] While the FAC also references "medallion guarantees," the FAC does not explain how Alpine's issuance of such guarantees could have possibly impacted Reko; nor could they, as the guarantees only confirmed Alpine customers' signatures and were not guarantees for Reko's (or the Mermans') benefit. (*See, e.g.,* Ex. 13 at 9-10.)

MURPHY ROSEN LLP
100 WILSHIRE BOULEVARD, SUITE 1300
SANTA MONICA, CA 90401-1142
TELEPHONE 310-899-3300; FACSIMILE 310-399-7201

1   *only shares at issue as to Alpine—were stolen.*   In fact, the FAC does not include any

2   allegations even purporting to show that Alpine was ever put on notice that the *Merman*

3   *shares* were stolen (if in fact they were stolen).

4   ### III.

5   ### APPLICABLE PLEADING STANDARDS

6          To survive a demurrer, the complaint must contain sufficient facts to constitute a

7   cause of action upon which relief can be based.   *See McKell v. Washington Mutual,*

8   *Inc.*, 142 Cal. App. 4th 1457, 1469 (2006).   The Court accepts as true the well-pleaded

9   factual allegations in a complaint.   However, the Court does not assume the truth of

10  contentions, deductions or conclusions of law.   *See Hollister Park Inv. Co. v. Goleta*

11  *County Water District*, 82 Cal. App. 3d 290, 292 (1978); *McKell*, 142 Cal. App. 4th at

12  1469.

13         In adjudicating a demurrer, the Court may consider documents attached to the

14  complaint.   Where the allegations in the complaint are contradicted by the plaintiff's

15  exhibits, the exhibits control over the pleading.   *See Dodd v. Citizens Bank of Costa*

16  *Mesa*, 222 Cal. App. 3d 1624, 1627 (1990) ("facts appearing in exhibits attached to the

17  complaint will also be accepted as true and, if contrary to the allegations in the

18  pleading, will be given precedence."); *c.f. Hollister Park Inv. Co.*, 82 Cal. App. 3d at

19  292 ("where the allegations in the body of the complaint are contrary to documents

20  incorporated by reference in it, we treat the document as controlling over their

21  characterization in the pleading").

22  ### IV.

23  ### THE COMPLAINT FAILS TO PLEAD A

24  ### VIABLE CLAIM AGAINST ALPINE.

25         The FAC fails to state a cause of action against Alpine because Reko lacks

26  standing and Alpine is immune from suit under California Uniform Commercial Code

27  § 8115.

28

MURPHY ROSEN LLP
100 WILSHIRE BOULEVARD, SUITE 1300
SANTA MONICA, CA 90401-1142
TELEPHONE 310-899-3300; FACSIMILE 310-399-7201

-4-

*PRINTED ON RECYCLED PAPER*

A.    **The FAC Fails to Establish that Reko Has Standing to Sue Alpine.**

"Standing is a threshold element required to state a cause of action and thus, lack of standing may be raised by demurrer." *Martin v. Bridgeport Community Ass'n, Inc.*, 173 Cal. App. 4th 1024, 1031 (2009).  Under California law, every action must be prosecuted by the real party in interest.  *See id.*  A real party in interest is the one who has an actual and substantial interest in the subject matter of the action, and who would benefit or be harmed by the judgment in the action.  *Id*

Reko's negligence cause of action against Alpine relating to the Merman shares fails because the FAC does not allege any factual basis for Reko's standing to sue Alpine relating to those shares.  Reko merely alleges that the Merman shares were owned *by a different company* called Direct Communications ("Direct") when they were allegedly stolen (FAC ¶ 22), and that *Direct* assigned its interests in the shares to Reko for purposes of Reko's lawsuit.  (FAC ¶ 23)  These allegations do not establish standing.  As the exhibits Reko attaches to the FAC confirm, the Merman shares were issued in the name of the *Mermans* (FAC Exs. 4-7.)  To properly have standing, Reko must establish how Reko obtained the rights *from the Mermans*.  For this reason, as part of the meet and confer process, Alpine requested Reko to provide evidence connecting Reko's standing to the *Mermans'* ownership of the shares.  Reko has not provided any.  (Declaration of Alan Baskin, attached hereto, at ¶ 3.)  And importantly for this demurrer, the FAC does not even allege such a connection.  Without that connection to the Mermans, Reko lacks standing to pursue its case against Alpine.

B.    **Reko's Suit Against Alpine Is Barred by California Commercial Code Section 8115.**

1.    **Section 8115 immunizes an intermediary or broker from liability for negligence.**

Even if Reko had standing to sue Alpine, Reko's claim is barred as a matter of law under Cal. Com. Code § 8115 ("Section 8115"), which protects a securities

MURPHY ROSEN LLP
100 WILSHIRE BOULEVARD, SUITE 1300
SANTA MONICA, CA 90401-1142
TELEPHONE 310-899-3300; FACSIMILE 310-399-7201

*PRINTED ON RECYCLED PAPER*

intermediary or broker against adverse claims for its activities facilitating the transfer

of securities.  Section 8115 provides:

> A securities intermediary that has transferred a financial asset
> pursuant to an effective entitlement order, or a broker or other
> agent or bailee that has dealt with a financial asset at the
> direction of its customer or principal, *is not liable to a person
> having an adverse claim to the financial asset* . . . .
> (Emphasis added.)

Each of the elements of Section 8115 is present here.  Under the California

Commercial Code (the "Commercial Code"), a "securities intermediary" includes "(1)

a clearing corporation; or (2) a person, including a bank or broker, that in the ordinary

course of its business maintains securities accounts for others and is acting in that

capacity."  Cal. Com. Code § 8-102(a)(14).  As confirmed in the FAC, Alpine is a

registered broker dealer, which acted here as a clearing firm for a financial asset at the

direction of its customers, GSS and AMP (FAC ¶ 77), and therefore is a securities

intermediary and broker for purposes of Section 8115.  Accordingly, Section 8115

protects Alpine from Reko's negligence claim as a matter of law.

As explained in the comments to Section 8115, the law protects from liability

securities intermediaries and brokers who serve in the capacity Alpine served with

regard to the transfer of stock alleged in the FAC.  The law affords this protection to

ensure the securities markets are dynamic and responsive, and do not grind to a halt at

the expense of investors.  "It is essential to the securities settlement system that brokers

and securities intermediaries be able to act promptly on the directions of their

customers."  Cal. Com. Code § 8115, cmt. 3.  Thus, as a matter of public policy, "*the

firm should not be placed in the position of having to make a legal judgment about the

validity of the claim at the risk of liability either to its customer or to a third party for

guessing wrong.*"  (*Id.* (emphasis added).)  Thus, firms like Alpine have very limited

duties and substantial immunity from suit.  And while Section 8115 does have three

potential carve-outs, none apply here.

MURPHY ROSEN LLP
100 WILSHIRE BOULEVARD, SUITE 1300
SANTA MONICA, CA 90401-1142
TELEPHONE 310-899-3300; FACSIMILE 310-399-7201

1      **2.**     **The FAC fails to plead sufficient facts that any of the carve-outs to**

2      **immunity under section 8115 apply.**

3      Section 8115 of the Commercial Code enumerates three exceptions to the safe

4  harbor protection for brokers. The FAC does not allege the necessary facts for any of

5  the exceptions to apply.

6      **a.**     **Section 8115(1) is inapplicable.**

7      The first exception applies where a securities intermediary undertakes action

8  "after it had been served with an injunction, restraining order, or other legal process

9  enjoining it from doing so . . . ." Cal. Com. Code § 8115(1). The FAC alleges no facts

10  that Alpine acted in defiance of any injunction, restraining order, or any other legal

11  process. This exception does not apply.

12      **b.**     **Section 8115(2) is inapplicable.**

13      The second exception applies only when the securities intermediary or broker

14  "acted in collusion with the wrongdoer in violating the rights of the adverse claimant."

15  Cal. Com. Code § 8115(2). This is intended to carve out "egregious cases where the

16  action goes beyond the ordinary standards of the business of implementing and

17  recording transactions, and reaches a level of affirmative misconduct in assisting the

18  customer in the commission of a wrong." Cal. Com. Code § 8115, cmt. 5. The bar is

19  so high, even awareness of a customer's wrongdoing is insufficient by itself to establish

20  collusion. (*See id.*) ("Knowledge that the action of the customer is wrongful is a

21  necessary but not sufficient condition of the collusion test."). Here, the FAC does not

22  allege that Alpine colluded with anyone in connection with the Merman shares. This

23  exception also does not apply.

24      **c.**     **Section 8115(3) is inapplicable.**

25      The third exception under Section 8115 applies when "a security certificate has

26  been stolen" and the defendant "acted with notice of the adverse claim." Cal. Com.

27  Code § 8115(3).

28

MURPHY ROSEN LLP
100 WILSHIRE BOULEVARD, SUITE 1300
SANTA MONICA, CA 90401-1142
TELEPHONE 310-899-3300; FACSIMILE 310-399-7201

MURPHY ROSEN LLP
100 WILSHIRE BOULEVARD, SUITE 1300
SANTA MONICA, CA 90401-1142
TELEPHONE 310-899-3300; FACSIMILE 310-399-7201

1    The FAC fails to allege facts establishing that Alpine had notice that the shares
2    were "stolen" at the time Empire issued "third-party" certificates 417 and 418.  To the
3    contrary, the FAC alleges a timeline revealing that no one knew about the purported
4    theft in late August and early September 2016, when the legend was lifted from the
5    shares.  GSS and AMP requested the legend removal for certificate nos. 401 and 402 in
6    mid-August 2016.  (FAC ¶ 53.)  By September 1, 2016, the legends were removed and
7    Empire had transferred the stock to a "third party".  (FAC ¶¶ 55, 56.)  At that point, no
8    one had notice of an alleged theft of the Merman shares.

9    According to the FAC, it was not until September 26, 2016 that Ms. Kats of
10   Reko allegedly discovered missing shares and reported the theft to the police and
11   others, and this was only the Reko shares, *not* the Merman shares.  (FAC ¶¶ 28-33.)
12   And even that report was over three weeks after Alpine's involvement ceased.  (*See id.*
13   ¶ 54; Exs. 13-15.)  Moreover, Ms. Kats not only failed to report the Merman shares as
14   stolen to the police; she signed a notarized affidavit again identifying *other* shares, not
15   the Merman shares, as stolen.  (*Id.*)  The FAC's own allegations confirm that Alpine
16   had no notice in late August and early September 2016 that the Merman shares were
17   stolen; Alpine cannot be charged with knowing what Reko, Direct or the Mermans did
18   not.

19   None of the communications Reko attaches to the FAC notified Alpine before
20   September 1, 2016 that someone stole the certificates; the FAC's timeline makes it
21   impossible for that to have happened.  At most, Reko presents emails from Gopher
22   (again not Direct or the Mermans) requesting a temporary stop to the removal of the
23   restricted legend from certificates 401 and 402 based on *other* issues relating to
24   potential technical defects in the share transfer request.  (Ex. 13 at 1, 4; Ex. 14 at 22.)
25   Neither Gopher nor any other party made any claim that the shares were stolen.  (*Id.*).
26   At best, Reko has alleged that a dispute over whether the legend should be lifted
27   existed between Gopher and GSS/AMP, and that Alpine "guessed wrong" by following
28   AMP and GSS's counsel's legal opinion as to unrelated objections.  But as a matter of

*PRINTED ON RECYCLED PAPER*
*DEFENDANT ALPINE SECURITIES CORP.'S DEMURRER TO PLAINTIFF'S FAC*

law, this does not create liability.  Cal. Com. Code § 8115, cmt. 3 ("*the firm should not be placed in the position of having to make a legal judgment about the validity of the claim at the risk of liability either to its customer or to a third party for guessing wrong*" (emphasis added)).  Thus, this third carve-out does not apply either and Alpine is immune under § 8115.

**V.**

**CONCLUSION**

Reko has not alleged sufficient facts to establish its standing to pursue the Mermans' negligence claim against Alpine.  Reko also has failed to allege facts that entitle it to the protections of any of the carve-outs to Cal. Com. Code § 8115.  For either or both of these reasons, Alpine's demurrer should be sustained.  Further, without at least an offer of proof regarding what possible additional facts Reko could allege in good faith that would resolve both of these pleading defects, the Court should sustain the demurrer without leave to amend.

Respectfully submitted,

DATED:  June 26, 2017          MURPHY ROSEN LLP

By: _____
    Paul D. Murphy
    Taylor T. Steele
    100 Wilshire Boulevard, Suite 1300
    Santa Monica, CA  90401

    BASKIN RICHARDS PLC
    Alan Baskin (*Pro Hac Vice Pending*)
    2901 N. Central Avenue, Suite 1150
    Phoenix, AZ 85012

    *Attorneys for Defendant Alpine Securities Corp.*

MURPHY ROSEN LLP
100 WILSHIRE BOULEVARD, SUITE 1300
SANTA MONICA, CA 90401-1142
TELEPHONE 310-899-3300; FACSIMILE 310-399-7201

## DECLARATION OF ALAN BASKIN REGARDING COMPLIANCE WITH
## MEET AND CONFER REQUIREMENT

I, Alan Baskin, declare:

I am an attorney duly licensed to practice law in the State of Arizona and, through my professional corporation I am a partner of Baskin Richards, PLC.  I am counsel for defendant Alpine Securities Corp.  On May 25, 2017, I moved to appear *Pro Hac Vice*. The motion is pending, with a hearing scheduled for June 28, 2017.

1.      I have personal knowledge of the facts set forth in this declaration and if called as a witness could and would competently testify thereto.

2.      I have conferred with Plaintiff's counsel, Michael Hurey and/or Michael Carwin on the following dates in 2017: March 30, April 4, April 13, April 14, May 11, May 12, June 2, June 5 and June 20. Our conferences led to the dismissal of two Defendants named in the original complaint, but not Defendant Alpine.  As to Alpine I explained our intention to file a Demurrer seeking Alpine's dismissal, which would contain two primary arguments; (1) the First Amended Complaint fails to state facts sufficient to establish standing for plaintiff's claim against Alpine; and, (2) the First Amended Complaint otherwise fails to state facts sufficient to allege a cause of action against Alpine, because Alpine is immunized from liability by U.C.C. § 8-115 and Cal. U Comm. Code § 8115.

3.      Mr. Hurey, Mr. Carwin and I have not reached an agreement resolving the objections raised in this Demurrer.  During this meet and confer process, I requested evidence supporting plaintiff's position that it had standing to assert its causes of action. To date, plaintiff's counsel has not provided me with any such evidence.

I declare under penalty of perjury under the laws of the State of Arizona and California that the foregoing is true and correct.

Executed this 26th day of June, 2017 in Phoenix, Arizona.

_____
Alan Baskin

MURPHY ROSEN LLP
100 WILSHIRE BOULEVARD, SUITE 1300
SANTA MONICA, CA 90401-1142
TELEPHONE 310-899-3300; FACSIMILE 310-899-7201

PRINTED ON RECYCLED PAPER

# EXHIBIT 1



# EXHIBIT 2



NUMBER 373

COMMON STOCK

SHARES ***213,000***

COMMON STOCK
CUSIP 38268V108

SEE REVERSE FOR CERTAIN DEFINITIONS

GOPHER PROTOCOL INC.

Par Value $.00001

INCORPORATED UNDER THE LAWS OF THE STATE OF NEVADA

THIS CERTIFIES THAT

***Reko Holdings, LLC***

Is the Owner of *** Two Hundred Thirteen Thousand ***

FULLY PAID AND NON-ASSESSABLE SHARES OF COMMON STOCK OF
GOPHER PROTOCOL, INC.

transferable on the books of the Corporation by the holder hereof, in person or by duly authorized attorney, upon surrender of this Certificate properly endorsed. This Certificate is not valid until countersigned by the Transfer Agent and registered by the Registrar.

Witness this facsimile seal of said Corporation and the facsimile signatures of its duly authorized officers.

Dated: November 6, 2015

COUNTERSIGNED AND REGISTERED
EMPIRE STOCK TRANSFER INC.
Transfer Agent and Registrar

By
AUTHORIZED SIGNATURE

SECRETARY                    PRESIDENT

CORPORATE
NEVADA
July 22, 2009
SEAL

RESTRICTED
CONTROL

CANCELLED

B 65248

EXHIBIT 2
12

2-1

# EXHIBIT 3



NUMBER
375

COMMON STOCK

SHARES
***213,000***

COMMON STOCK
CUSIP 38268V108

SEE REVERSE FOR CERTAIN DEFINITIONS

GOPHER PROTOCOL INC.

Par Value $.00001

INCORPORATED UNDER THE LAWS OF THE STATE OF
NEVADA

THIS CERTIFIES THAT

****Reko Holdings, LLC****

is the Owner of *** Two Hundred Thirteen Thousand ***

FULLY PAID AND NON-ASSESSABLE SHARES OF COMMON STOCK OF
GOPHER PROTOCOL INC.

transferable on the books of the Corporation by the holder hereof, in person or by duly authorized attorney, upon surrender of this Certificate properly
endorsed. This Certificate is not valid until countersigned by the Transfer Agent and registered by the Registrar.
Witness this facsimile seal of said Corporation and the facsimile signatures of its duly authorized officers.

Dated: November 6, 2015

COUNTERSIGNED AND REGISTERED
EMPIRE STOCK TRANSFER INC.
Transfer Agent and Registrar

By

AUTHORIZED SIGNATURE

CORPORATE
NEVADA
SEAL
July 22, 2009

RESTRICTED
CONTROL

SECRETARY

PRESIDENT

CANCELLED

B   65250

EXHIBIT 3
13

3-1

# EXHIBIT 4



NUMBER
368

COMMON STOCK

GOPHER PROTOCOL INC.

Par Value $ 0.0001
INCORPORATED UNDER THE LAWS OF THE STATE OF
(NEVADA)

SHARES
***62,500***

COMMON STOCK
CUSIP 38268V108

SEE REVERSE FOR CERTAIN DEFINITIONS

THIS CERTIFIES THAT

***Simon J. Merman Living Trust***

is the Owner of *** Sixty-Two Thousand Five Hundred ***

FULLY PAID AND NON-ASSESSABLE SHARES OF COMMON STOCK OF
GOPHER PROTOCOL INC.

transferable on the books of the Corporation by the holder hereof, in person or by duly authorized attorney, upon surrender of this Certificate properly endorsed. This Certificate is not valid until countersigned by the Transfer Agent and registered by the Registrar.

Witness this facsimile seal of said Corporation and the facsimile signatures of its duly authorized officers.

Dated   August 31, 2015

COUNTERSIGNED AND REGISTERED
EMPIRE STOCK TRANSFER INC.
Transfer Agent and Registrar

By
AUTHORIZED SIGNATURE

SECRETARY                    PRESIDENT

CORPORATE SEAL
NEVADA
July 22, 2009

B  550097

EXHIBIT 4
14

4-1

# EXHIBIT 5



NUMBER 369

COMMON STOCK

SHARES
***62,500***

COMMON STOCK
CUSIP 38268V108

SEE REVERSE FOR CERTAIN DEFINITIONS

GOPHER PROTOCOL INC.

Par Value $.00001

INCORPORATED UNDER THE LAWS OF THE STATE OF NEVADA

RESTRICTED

THIS CERTIFIES THAT

***Trevor J Merman Living Trust***

is the Owner of *** Sixty-Two Thousand Five Hundred ***

FULLY PAID AND NON-ASSESSABLE SHARES OF COMMON STOCK OF
GOPHER PROTOCOL INC.

transferable on the books of the Corporation by the holder hereof, in person or by duly authorized attorney, upon surrender of this Certificate properly endorsed. This Certificate is not valid until countersigned by the Transfer Agent and registered by the Registrar.

Witness this facsimile seal of said Corporation and the facsimile signatures of its duly authorized officers.

Dated: August 31, 2015

CORPORATE SEAL NEVADA July 22, 2009

SECRETARY

PRESIDENT

COUNTERSIGNED AND REGISTERED
EMPIRE STOCK TRANSFER INC.
Transfer Agent and Registrar

By
AUTHORIZED SIGNATURE

B 650018

EXHIBIT 5
15

5-1

# EXHIBIT 6

NUMBER
370

COMMON STOCK

SHARES
***62,500***

COMMON STOCK
CUSIP 38268V108

SEE REVERSE FOR CERTAIN DEFINITIONS

GOPHER PROTOCOL INC.

Par Value $ 0.0001

INCORPORATED UNDER THE LAWS OF THE STATE OF
NEVADA

RESTRICTED

THIS CERTIFIES THAT

***James K. Merman Living Trust***

is the Owner of *** Sixty-Two Thousand Five Hundred ***

FULLY PAID AND NON-ASSESSABLE SHARES OF COMMON STOCK OF
GOPHER PROTOCOL INC.

transferable on the books of the Corporation by the holder hereof, in person or by duly authorized attorney, upon surrender of this Certificate properly
endorsed. This Certificate is not valid until countersigned by the Transfer Agent and registered by the Registrar.

Witness this facsimile seal of said Corporation and the facsimile signatures of its duly authorized officers.

Dated:   August 31, 2015

COUNTERSIGNED AND REGISTERED
EMPIRE STOCK TRANSFER INC.
Transfer Agent and Registrar

By
AUTHORIZED SIGNATURE

SECRETARY

PRESIDENT

CORPORATE
NEVADA
July 22, 2009
SEAL

B   65019

EXHIBIT 6
16

6-1

# EXHIBIT 7

NUMBER
371

COMMON STOCK

SHARES
***62,500***

COMMON STOCK
CUSIP 38268V108

SEE REVERSE FOR CERTAIN DEFINITIONS

GOPHER PROTOCOL INC.

INCORPORATED UNDER THE LAWS OF THE STATE OF
NEVADA

CANCELLED
Par Value $0.00001

RESTRICTED

THIS CERTIFIES THAT

***Theresa E. Merman Living Trust***

Is the Owner of *** Sixty-Two Thousand Five Hundred ***

FULLY PAID AND NON-ASSESSABLE SHARES OF COMMON STOCK OF
GOPHER PROTOCOL INC.

transferable on the books of the Corporation by the holder hereof, in person or by duly authorized attorney, upon surrender of this Certificate properly endorsed. This Certificate is not valid until countersigned by the Transfer Agent and registered by the Registrar.

Witness this facsimile seal of said Corporation and the facsimile signatures of its duly authorized officers.

Dated   August 31, 2015

COUNTERSIGNED AND REGISTERED
EMPIRE STOCK TRANSFER INC.
Transfer Agent and Registrar

By
AUTHORIZED SIGNATURE

CORPORATE
SEAL
NEVADA
July 22, 2009

SECRETARY

PRESIDENT

B  65020

EXHIBIT 7
17

7-1

# EXHIBIT 8

9/26/2016                                    Print Report - CaLosAngelesPd



This incident has been reported to the
Los Angeles Police Department
and is pending approval

Los Angeles Police Department
100 West 1st Street Room
Los Angeles, CA 90012
877-275-5273

## General Information

| | |
|---|---|
| Incident Type | Lost Property |
| Tracking Number | E16000206 |
| Report Date | 09/26/2016 04:49 PM |

## Reporting Person Information

| | |
|---|---|
| Name | Kats, Regina |
| Home Address | 20154 Chapter dr, Woodland Hills, CA 91364, US |
| Home Phone | 818-389-3434 |
| Mobile Phone | 818-389-3434 |
| Email | katsregina@gmail.com |
| Race | White |
| Gender | Female |
| Date of Birth | 08/09/1977 |
| Driver License No | B5084660 |
| Licensing State | CA |
| Height | 505 |
| Weight | 140 |
| Eye Color | Brown |
| Hair Color | Blonde |

## Incident Information

| | |
|---|---|
| Incident Location | LOS ANGELES VALLEY COLLEGE (5800 FULTON Avenue), LOS ANGELES. CA 91342 |
| Incident Time (start) | 04/12/2016 04:35 PM |
| Incident Time (end) | 09/26/2016 04:35 PM |
| Location Type | Residence - Single Family |

## Property Information
### No 1

| | |
|---|---|
| Type | Briefcase |
| Brand | Stock Certificates |
| Color | Pink |
| How Many | 4 |
| Item Value ($) | 4500 |
| Property Description | 4 Stock Certificates |

## Narrative

| | |
|---|---|
| Incident Description | I lost briefcase with companies stock certificates<br>Number Shares<br>372 213,000<br>373 213,000<br>375 213,000<br>Also I was holding a certificate for my friend Itzhak Kleyman who leaves in Israel. His certificate number 362 in the amount of 49,818 shares I am declaring also lost |

8-1

**EXHIBIT 8**
**18**

You will be notified via email of any problems with your report. Once your report is approved, it will be issued a case number and you will receive a PDF copy as an attachment in your email within approximately five business days.

Print This Report

**EXHIBIT 8**
**19**

## Affidavit

I am the SOLE officer of REKO HOLDINGS, LLC, and as such the ONLY authorized person to sign
on REKO HOLDINGS, LLC behalf.

I NEVER SIGNED, NEVER AOTHORIZED, WAS NOT AWARE OF the following transfer of shares
from REKO HOLDING, LLC to none of the following parties:

| Cert Number | Number of Shares | Transferred to |
|---|---|---|
| 372 | 213,000 | Vladimir Hanin |
| 373 | 213,000 | HJK Trade, Inc. |
| 375 | 213,000 | AMO Group Holdings |

None of those transfers have my signature, I never authorized here, and basically this is a
FRAUD on lost/stolen certificate. Also I was holding a certificate for my friend Itzhak Kleyman
who leaves in Israel. His certificate number 362 in the amount of 49,818 shares I am declaring
also lost/stolen.

Please CANCEL those transfers, and have the shares 639,000 shares return to REKO HOLDINGS,
LLC name and  49,818 shares to Itzhak Kleyman

I swear under the penalty of perjury with full responsibility and indemnify you for any damage
you potentially may have associated with said cancelation and bring the shares back to REKO
HOLDINGS, LLC

REKO HOLDING, LLC

Regina Kots – Sole Manager

A notary public or other officer completing this
certificate verifies only the identity of the
individual who signed the document to which this
certificate is attached, and not the truthfulness,
accuracy, or validity of that document.

State of California
County of Los Angeles
On _Sep. 26, 16_ before me, _Sharouna Daniali_,
Notary Public personally appeared _Regina Kots_

who proved to me on the basis of satisfactory evidence to be the
person(s) whose name(s) is/are subscribed to the within instrument
and acknowledged to me that he/she/they executed the same in his/
her/their authorized capacity(ies), and that by his/her/their
signature(s) on the instrument the person(s), or the entity upon
behalf of which the person(s) acted, executed the instrument.
I certify under PENALTY OF PERJURY under the laws of the State of
California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature: _____

SHAROUNA DANIALI
Commission # 2068760
Notary Public - California
Los Angeles County
My Comm. Expires Jun 5, 2018

8-3

EXHIBIT 8
20

# EXHIBIT 9

**Empire Stock Transfer**

## GOPH  - Gopher Protocol Inc.

**Stock Transfer - Final Transaction Report**

7/20/16
2:55 pm
Page 1 of 1

| | |
|---|---|
| Control Ticket Number:  STTK000000061413 | Transaction Number    325          Transfer Date: 07/20/16 |
| Type of Stock being Transferred:   CS3 | Total Shares  237,318          Sale Amt/share:$ 0.00000 |
| Paper certifs being Transferred from: 4 | |
| Paper certifs being Transferred to:    2 | Received From:  GARY SHIRINYAN |
| | Received: 07/20/16 at 10:24    Tran Type:Routine    Item Count:  4 |
| Tax Reason: N/A    Acquired: 07/20/16 | How Received:FEDEX |
| | Sent: 07/20/16 at 14:53        How Sent:  FEDEX |
| | Outgoing Tracking Number:   776805919456 |

| | | -----Transfer From----- | | | | | | -----Transfer To----- | | |
|---|---|---|---|---|---|---|---|---|---|---|
| Line # | Shareholder | | Certificate Number | | Number of Shares | Line # | Shareholder | | Certificate Number | | Shares per Certif |
| 1 | 84 | Itzhak Kleyman | CS3 | 362 | 49,818 | 1 | 129 | GSS Group LLC | CS3 | 400 | 49,818 |
| 2 | 124 | Simon J. Merman Living Trust | CS3 | 368 | 62,500 RULE 144 | 2 | 129 | GSS Group LLC | CS3 | 401 | 187,500 RULE 144 |
| 3 | 125 | Trevor J Merman Living Trust | CS3 | 369 | 62,500 RULE 144 | | | | | | |
| 4 | 126 | James K. Merman Living Trust | CS3 | 370 | 62,500 RULE 144 | | | | | | |
| | | | | | 237,318 | | Number of new certs: 2 | | | | 237,318 |

Restricted Verification
Stamp _____
Legend _____

Completed By: RDP     Report Run By: RDP 07/20/16  2:55:04 pm

9-1

**EXHIBIT 9**
21

# Transfer Instruction Letter

**Company Name & CUSIP No:** Gopher Protocol, Inc. CUSIP # 38268V108

**Certificate Number:** 368          **Total Number of Shares:** 62,500

**Current Shareholder:** Simon J. Merman Living Trust

**Address:** 263 Tresser Blvd., Stamford, CT 06901

**This certificate was acquired on (date)** August 27, 2015   **at a cost of $** 2.00 per share

Please transfer the aforementioned certificate to the new shareholder as follows:

**New Name/Registration:** GSS Group LLC

**New Address:** 5242 Vesper Ave., Apt. 11, Van Nuys, CA 91411

**SS or Tax ID Number:** 36-4635692

**Number of Shares Being Transferred:** 62,500

**Are these shares a gift? Yes No (circle one)**

**Are the recipients inheriting the shares from an estate? Yes No (circle one)**

**Does this transfer qualify as a wash sale? Yes No (circle one)**

**If these shares are being acquired, acquisition date** 06/28/2016   **at a cost of $** 0.20

**Current Owner(s) Signatures:**

**Today's Date:** 07/19/2016   **Telephone:** (323) 333-7626   **E-Mail:** gssgroupllc@gmail.com

**Medallion Guarantee Stamp Area:**

SIGNATURE GUARANTEE
MEDALLION GUARANTEE
SECURITIES L.A.

( CA783 )
SECURITIES TRANSFER AGENTS MEDALLION PROGRAM℠

AUTHORIZED SIGNATURE
X 0 2 0 9 0 8 0

**Certificate Delivery Instructions: Method of Sending (check one)    FEDEX ☐ DHL ☐ UPS ☐**
**Account Number:**

**Contact Name:** Gary Shirinyan          **Phone:** (323) 333-7626

**Address:** 5242 Vesper Ave., Apt. 11, Van Nuys, CA 91411

9-2

**EXHIBIT 9**
**22**

Print Form



### IRREVOCABLE STOCK POWER

**FOR VALUE RECEIVED, the undersigned does hereby sell, assign and transfer unto:**

| GSS Group LLC | 36-4835692 |
|---|---|
| Name | Social Security/Tax ID Number |

| 5242 Vesper Ave 11 Sherman Oaks Ca 91411 | |
|---|---|
| | Address |

| 62,500 | shares of the Common Stock of: |
|---|---|
| Number of shares | |

| Gopher Protocol | |
|---|---|
| | Issuer name |

Represented by:

| 368 | |
|---|---|
| | Certificate Number(s) |

**and does hereby irrevocably constitute and appoint Empire Stock Transfer Inc. to transfer the said stock on the books of the within-named Corporation with full power of substitution in the premises.**

| _[signature]_ | July 15, 2016 |
|---|---|
| Signed | Dated |

**NOTICE: The signature(s) to this assignment must correspond with the name(s) as written upon the face of this certificate in every particular without alteration or enlargement or any change whatsoever.**

SIGNATURE GUARANTEE
MEDALLION GUARANTEE

( CA783 )   AUTHORIZED SIGNATURE   X 0 2 0 9 0 8 0

Signature Guaranteed (Guarantor: Affix stamp here)

9-3

EXHIBIT 9
23



The following abbreviations, when used in the inscription of the face of this certificate, shall be construed as though they were written out in full according to applicable laws or regulations:

| | | |
|---|---|---|
| TEN COM | — | as tenants in common |
| TEN ENT | — | as tenants by the entireties |
| JT TEN | — | as joint tenants with right of survivorship and not as tenants in common |

UNIF GIFT MIN ACT — _____ Custodian _____
(Cust)                                    (Minor)
under Uniform Gifts to Minors Act

_____
(State)

Additional abbreviations may also be used though not in the above list.

*For Value Received,* _____ *hereby sells, assigns and transfers unto*

PLEASE INSERT SOCIAL SECURITY
OR OTHER IDENTIFYING NUMBER

_____

_____
(PLEASE PRINT OR TYPE NAME AND ADDRESS INCLUDING POSTAL ZIP CODE OF ASSIGNEE)

_____

_____ *Shares*

*of the Capital Stock represented by this Certificate and hereby irrevocably constitutes and appoints*

_____ *Attorney*

*to transfer the said stock on the books of the within–named Corporation with full power of substitution in the premises.*

*Dated* _____

NOTICE   THE SIGNATURE(S) TO THIS ASSIGNMENT MUST CORRESPOND WITH THE NAME(S) AS WRITTEN UPON THE FACE OF THIS CERTIFICATE IN EVERY PARTICULAR WITHOUT ALTERATION OR ENLARGEMENT OR ANY CHANGE WHATSOEVER.

SIGNATURE(S) GUARANTEED

NOTICE   THE SIGNATURE(S) SHOULD BE GUARANTEED BY AN ELIGIBLE GUARANTOR INSTITUTION, (BANKS, STOCKBROKERS, SAVINGS AND LOAN ASSOCIATION AND CREDIT UNIONS) WITH MEMBERSHIP IN AN APPROVED SIGNATURE GUARANTEE MEDALLION PROGRAM PURSUANT TO S.E.C. RULE 17AD-15.

9-5

**EXHIBIT 9**
**25**

## Transfer Instruction Letter

**Company Name & CUSIP No:** Gopher Protocol, Inc. CUSIP # 38268V108

**Certificate Number:** 370          **Total Number of Shares:** 62,500

**Current Shareholder:** James K. Merman Living Trust

**Address:** 263 Tresser Blvd., Stamford, CT 06901

This certificate was acquired on (date) August 27, 2015  at a cost of $ 2.00 per share

Please transfer the aforementioned certificate to the new shareholder as follows:

**New Name/Registration:** GSS Group LLC

**New Address:** 5242 Vesper Ave., Apt. 11, Van Nuys, CA 91411

**SS or Tax ID Number:** 36-4835092

**Number of Shares Being Transferred:** 62,500

**Are these shares a gift?** Yes No (circle one)

**Are the recipients inheriting the shares from an estate?** Yes No (circle one)

**Does this transfer qualify as a wash sale?** Yes No (circle one)

**If these shares are being acquired, acquisition date** 01/28/2016  at a cost of $ 0.20

**Current Owner(s) Signatures:**

**Today's Date:** 07/19/2016   **Telephone:** (323) 333-7626   **E-Mail:** gssgroupllc@gmail.com

**Medallion Guarantee Stamp Area:**

SIGNATURE GUARANTEE
MEDALLION GUARANTEE
CITI N.A.

AUTHORIZED SIGNATURE
X 0 2 0 9 0 8 0
( CA783 )
SECURITIES TRANSFER AGENTS MEDALLION PROGRAM

**Certificate Delivery Instructions:** Method of Sending (check one)   FEDEX ☐ DHL ☐ UPS ☐
Account Number:

**Contact Name:** Gary Shirinyan   **Phone:** (323) 333-7626

**Address:** 5242 Vesper Ave., Apt. 11, Van Nuys, CA 91411

9-6

**EXHIBIT 9**
**26**

Print Form

# IRREVOCABLE STOCK POWER

FOR VALUE RECEIVED, the undersigned does hereby sell, assign and transfer unto:

| GSS Group LLC | 36-4835692 |
| --- | --- |
| Name | Social Security/Tax ID Number |

5242 Vesper Ave 11 Los Angeles CA 91411
_____
                        Address

62,500                                       shares of the Common Stock of:
_____
        Number of shares

Gopher Protocol, Inc
_____
                        Issuer name

Represented by:

370
_____
                        Certificate Number(s)

and does hereby irrevocably constitute and appoint Empire Stock Transfer Inc. to transfer the said stock on the books of the within-named Corporation with full power of substitution in the premises.

_____                               July 15, 2016
Signed                                                                                      Dated

NOTICE: The signature(s) to this assignment must correspond with the name(s) as written upon the face of this certificate in every particular without alteration or enlargement or any change whatsoever.

SIGNATURE GUARANTEE
MEDALLION GUARANTEE
CITIBANK, N.A.

AUTHORIZED SIGNATURE
X 0 2 0 9 0 8 0
( CA783 )
SECURITIES TRANSFER AGENTS MEDALLION PROGRAM™

Signature Guaranteed (Guarantor Affix stamp here)

9-7

EXHIBIT 9
27



The following abbreviations, when used in the inscription of the face of this certificate, shall be construed as though they were written out in full according to applicable laws or regulations:

TEN COM — as tenants in common

TEN ENT — as tenants by the entireties

JT TEN — as joint tenants with right of survivorship and not as tenants in common

UNIF GIFT MIN ACT — _____Custodian_____
(Cust)                              (Minor)
under Uniform Gifts to Minors Act

_____
(State)

Additional abbreviations may also be used though not in the above list.

*For Value Received,* _____ *hereby sells, assigns and transfers unto*

PLEASE INSERT SOCIAL SECURITY
OR OTHER IDENTIFYING NUMBER

(PLEASE PRINT OR TYPE NAME AND ADDRESS INCLUDING POSTAL ZIP CODE OF ASSIGNEE)

_____ *Shares*

*of the Capital Stock represented by this Certificate and hereby irrevocably constitutes and appoints*

_____ *Attorney*

*to transfer the said stock on the books of the within-named Corporation with full power of substitution in the premises.*

*Dated* _____

NOTICE   THE SIGNATURE(S) TO THIS ASSIGNMENT MUST CORRESPOND WITH THE NAME(S) AS WRITTEN UPON THE FACE OF THIS CERTIFICATE IN EVERY PARTICULAR WITHOUT ALTERATION OR ENLARGEMENT OR ANY CHANGE WHATSOEVER.

SIGNATURE(S) GUARANTEED

NOTICE   THE SIGNATURE(S) SHOULD BE GUARANTEED BY AN ELIGIBLE GUARANTOR INSTITUTION, (BANKS, STOCKBROKERS, SAVINGS AND LOAN ASSOCIATION AND CREDIT UNIONS) WITH MEMBERSHIP IN AN APPROVED SIGNATURE GUARANTEE MEDALLION PROGRAM PURSUANT TO S.E.C. RULE 17AD-15

9-9

EXHIBIT 9
29

## Transfer Instruction Letter

**Company Name & CUSIP No:** Gopher Protocol, Inc. CUSIP # 38268V108

**Certificate Number:** 369          **Total Number of Shares:** 62,500

**Current Shareholder:** Trevor J. Merman Living Trust

**Address:** 263 Tresser Blvd., Stamford, CT 06901

**This certificate was acquired on (date)** August 27, 2015  **at a cost of $** 2.00 per share

Please transfer the aforementioned certificate to the new shareholder as follows:

**New Name/Registration:** GSS Group LLC

**New Address:** 5242 Vesper Ave., Apt. 11, Van Nuys, CA 91411

**SS or Tax ID Number:** 38-4835692

**Number of Shares Being Transferred:** 62,500

**Are these shares a gift? Yes No (circle one)**

**Are the recipients inheriting the shares from an estate? Yes No (circle one)**

**Does this transfer qualify as a wash sale? Yes No (circle one)**

**If these shares are being acquired, acquisition date** 06/28/2016  **at a cost of $** 0.20

**Current Owner(s) Signatures:**

**Today's Date:** 07/19/2016     **Telephone:** (323) 333-7626     **E-Mail:** gssgroupllc@gmail.com

**Medallion Guarantee Stamp Area:**

SIGNATURE GUARANTEE
MEDALLION GUARANTEE

( CA783 )                    AUTHORIZED SIGNATURE
SECURITIES TRANSFER AGENTS MEDALLION PROGRAM    X 0 2 0 9 0 8 0

**Certificate Delivery Instructions:** Method of Sending (check one)   FEDEX ☐ DHL ☐ UPS ☐
                                                                        Account Number:

**Contact Name:** Gary Shirinyan          **Phone:** (323) 333-7626

**Address:** 5242 Vesper Ave., Apt. 11, Van Nuys, CA 91411

9-10

EXHIBIT 9
30

Print Form

## IRREVOCABLE STOCK POWER

**FOR VALUE RECEIVED, the undersigned does hereby sell, assign and transfer unto:**

| | |
|---|---|
| GSS Group LLC | 36-4835692 |
| Name | Social Security/Tax ID Number |

5242 Vesper ave 11 Los Angeles CA 91411

Address

62,500 _____ **shares of the Common Stock of:**

Number of shares

Gopher Protocol, Inc

Issuer name

**Represented by:**

369

Certificate Number(s)

**and does hereby irrevocably constitute and appoint Empire Stock Transfer Inc. to transfer the said stock on the books of the within-named Corporation with full power of substitution in the premises.**

_____          July 16,2016

Signed                                                     Dated

**NOTICE: The signature(s) to this assignment must correspond with the name(s) as written upon the face of this certificate in every particular without alteration or enlargement or any change whatsoever.**

SIGNATURE GUARANTEE!
MEDALLION GUARANTEE!
CITIBANK, N A

AUTHORIZED SIGNATURE
X 0 2 0 9 0 8 0
( CA/09
SECURITIES TRANSFER AGENTS MEDALLION PROGRAM "

Signature Guaranteed (Guarantor Affix stamp here)

**EXHIBIT 9**
**31**



NUMBER
369

COMMON STOCK

THIS CERTIFIES THAT

***Trevor J Merman Living Trust***

is the Owner of *** Sixty-Two Thousand Five Hundred ***

SHARES
***62,500***

COMMON STOCK
CUSIP 38268V108

SEE REVERSE FOR CERTAIN DEFINITIONS

GOPHER PROTOCOL INC.

Par Value $0.00001

INCORPORATED UNDER THE LAWS OF THE STATE OF
NEVADA

RESTRICTED

FULLY PAID AND NON-ASSESSABLE SHARES OF COMMON STOCK OF
GOPHER PROTOCOL INC.

transferable on the books of the Corporation by the holder hereof, in person or by duly authorized attorney, upon surrender of this Certificate properly endorsed. This Certificate is not valid until countersigned by the Transfer Agent and registered by the Registrar.

Witness this facsimile seal of said Corporation and the facsimile signatures of its duly authorized officers.

Dated: August 31, 2015

COUNTERSIGNED AND REGISTERED:
EMPIRE STOCK TRANSFER INC.
Transfer Agent and Registrar

By
AUTHORIZED SIGNATURE

SECRETARY

PRESIDENT

CORPORATE SEAL
NEVADA
GOPHER PROTOCOL INC.
July 22, 2009

B 65010

EXHIBIT 9
32

The following abbreviations, when used in the inscription of the face of this certificate, shall be construed as though they were written out in full according to applicable laws or regulations:

TEN COM — as tenants in common

TEN ENT — as tenants by the entireties

JT TEN — as joint tenants with right of survivorship and not as tenants in common

UNIF GIFT MIN ACT — _____Custodian_____
                                        (Cust)                        (Minor)
                          under Uniform Gifts to Minors Act

_____
                    (State)

Additional abbreviations may also be used though not in the above list.

*For Value Received,*_____ *hereby sells, assigns and transfers unto*

PLEASE INSERT SOCIAL SECURITY
OR OTHER IDENTIFYING NUMBER

_____

(PLEASE PRINT OR TYPE NAME AND ADDRESS INCLUDING POSTAL ZIP CODE OF ASSIGNEE)

_____*Shares*

*of the Capital Stock represented by this Certificate and hereby irrevocably constitutes and appoints*

_____*Attorney*

*to transfer the said stock on the books of the within-named Corporation with full power of substitution in the premises.*

*Dated* _____

NOTICE   THE SIGNATURE(S) TO THIS ASSIGNMENT MUST CORRESPOND WITH THE NAME(S) AS WRITTEN UPON THE FACE OF THIS CERTIFICATE IN EVERY PARTICULAR WITHOUT ALTERATION OR ENLARGEMENT OR ANY CHANGE WHATSOEVER.

SIGNATURE(S) GUARANTEED

NOTICE   THE SIGNATURE(S) SHOULD BE GUARANTEED BY AN ELIGIBLE GUARANTOR INSTITUTION, (BANKS, STOCKBROKERS, SAVINGS AND LOAN ASSOCIATION AND CREDIT UNIONS) WITH MEMBERSHIP IN AN APPROVED SIGNATURE GUARANTEE MEDALLION PROGRAM PURSUANT TO S.E.C. RULE 17AD-15.

9-13

**EXHIBIT 9**
33

## Log Sheet

| | |
|---|---|
| Issuer: | GOPH-Gopher Protocol Inc. |
| Received: | 07/20/16      10:24 AM      ID/SCL#: 38268V1008362 |
| Received From: | GARY SHIRINYAN |
| How Received: | FEDEX |
| Track Number In: | 783616905122 |
| Control Ticket: | STTK000000061413 |
| SEC Item Count: | 4      Routine |
| Contents: | 362 368 370 369 |

| | |
|---|---|
| Transaction No.: | 325           Completed: 07/20/16 |
| Track Number Out: | FEDEX 776805919456 |
| Sent To: | Individual Shareholders |

Fees:          Due:                    Rcvd:                    Check #:

Assigned To:

Certificate Number(s) or Book Entry ID's: 2

CS3-400, CS3-401 (RULE 144)

Comments:

_____

_____

_____

Initials      Date

_____ _____ Logged In

_____ _____ Medallion Verified

_____ _____ Review Documents

_____ _____ Processed by

_____ _____ Stamp Certificates as Canceled and Transferred

_____ _____ Final Review/Authentification

_____ _____ Batch Completed and Made Available

_____ _____ Management Review

9-14

EXHIBIT 9
34

To reuse, cover or mark through any previous shipping information.

ORIGIN ID:VNYA   (323) 333-7626
GARY SHIRINYAN

5242 VESPER AVE APT 11

VAN NUYS, CA 91411
UNITED STATES US

SHIP DATE: 19JUL16
ACTWGT: 0.30 LB
CAD: 6992822/SSF01704

BILL CREDIT CARD

TO  RICO PORTARO
EMPIRE STOCK TRANSFER
1859 WHITNEY MESA DR

HENDERSON NV 89014
(702) 818-5898      REF:
PO:                 DEPT:

FedEx
Express

E

WED – 20 JUL 10:30A
PRIORITY OVERNIGHT

TRK# 7836 1690 5122
0201

QV LASA

89014
NV-US   LAS

Align bottom of peel-and-stick airbill or pouch here.

Reusable

**EXHIBIT 9**
**35**

7/20/2016          FedEx Ship Manager - Print Your Label(s)



**After printing this label:**
1. Use the 'Print' button on this page to print your label to your laser or inkjet printer.
2. Fold the printed page along the horizontal line.
3. Place label in shipping pouch and affix it to your shipment so that the barcode portion of the label can be read and scanned.

**Warning:** Use only the printed original label for shipping. Using a photocopy of this label for shipping purposes is fraudulent and could result in additional billing charges, along with the cancellation of your FedEx account number.
Use of this system constitutes your agreement to the service conditions in the current FedEx Service Guide, available on fedex.com.FedEx will not be responsible for any claim in excess of $100 per package, whether the result of loss, damage, delay, non-delivery,misdelivery,or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim.Limitations found in the current FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic value of the package, loss of sales, income interest, profit, attorney's fees, costs, and other forms of damage whether direct, incidental,consequential, or special is limited to the greater of $100 or the authorized declared value. Recovery cannot exceed actual documented loss.Maximum for items of extraordinary value is $1,000, e.g. jewelry, precious metals, negotiable instruments and other items listed in our ServiceGuide. Written claims must be filed within strict time limits, see current FedEx Service Guide.

**EXHIBIT 9**
**36**



SHARES
***49,818***

COMMON STOCK
CUSIP 38268V108

SEE REVERSE FOR CERTAIN DEFINITIONS

PRESIDENT

SECRETARY

GOPHER PROTOCOL INC.

Par Value $.00001

INCORPORATED UNDER THE LAWS OF THE STATE OF
NEVADA

NUMBER
400

COMMON STOCK

THIS CERTIFIES THAT

***GSS Group LLC***

Is the Owner of ****Forty-Nine Thousand Eight Hundred Eighteen****

FULLY PAID AND NON-ASSESSABLE SHARES OF COMMON STOCK OF

GOPHER PROTOCOL INC.

transferable on the books of the Corporation by the holder hereof, in person or by duly authorized attorney, upon surrender of this Certificate properly endorsed. This Certificate is not valid until countersigned by the Transfer Agent and registered by the Registrar.

Witness this facsimile seal of said Corporation and the facsimile signatures of its duly authorized officers.

Dated: July 20, 2016

COUNTERSIGNED AND REGISTERED:
EMPIRE STOCK TRANSFER INC.
                    Transfer Agent and Registrar

By
        AUTHORIZED SIGNATURE

CORPORATE
NEVADA
GOPHER PROTOCOL
July 22, 2009
SEAL

EXHIBIT 9
37

B   69237

9-17



COMMON STOCK

NUMBER
401

SHARES
***187,500***

COMMON STOCK
CUSIP 38268V108

SEE REVERSE FOR CERTAIN DEFINITIONS

*RESTRICTED*

GOPHER PROTOCOL INC.

Par Value $.00001
INCORPORATED UNDER THE LAWS OF THE STATE OF
NEVADA

THIS CERTIFIES THAT

***GSS Group LLC***

is the Owner of*** One Hundred Eighty-Seven Thousand Five Hundred ***

FULLY PAID AND NON-ASSESSABLE SHARES OF COMMON STOCK OF
GOPHER PROTOCOL INC.

transferable on the books of the Corporation by the holder hereof, in person or by duly authorized attorney, upon surrender of this Certificate properly endorsed. This Certificate is not valid until countersigned by the Transfer Agent and registered by the Registrar.

Witness this facsimile seal of said Corporation and the facsimile signatures of its duly authorized officers.

Dated: July 20, 2016

COUNTERSIGNED AND REGISTERED:
EMPIRE STOCK TRANSFER INC.
Transfer Agent and Registrar

By _____
AUTHORIZED SIGNATURE

SECRETARY

PRESIDENT

SEAL
CORPORATE
NEVADA
GOPHER PROTOCOL INC.
July 22, 2009

B  69238

EXHIBIT 9
38

9-18

# EXHIBIT 10

**Empire Stock Transfer**

**GOPH  - Gopher Protocol Inc.**

**Stock Transfer - Final Transaction Report**

7/26/16
11:45 am
Page 1 of 1

Control Ticket Number:  STTK000000061425

Type of Stock being Transferred:    CS3

Paper certifs being Transferred from: 1

Paper certifs being Transferred to:    1

Transaction Number    326          Transfer Date: 07/26/16

Total Shares  62,500                 Sale Amt/share:$ 0.00000

Received From:  PAUL KOZLOV

Received: 07/21/16 at 10:02    Tran Type:Non-Routine Item Count: 1

Tax Reason: Gift     Gifted: 07/26/16     FMV/share:
$0.00000

How Received: FEDEX

Sent: 07/26/16 at 11:43          How Sent:   FEDEX

Outgoing Tracking Number:    776845845281

-----Transfer From-----                                                                  -----Transfer To-----

| Line # | Shareholder | | Certificate Number | Number of Shares | Line # | Shareholder | | Certificate Number | Shares per Certif |
|---|---|---|---|---|---|---|---|---|---|
| 1 | 127 | Theresa E. Merman Living Trust | CS3  371 | 62,500 | 1 | 137 | Amp Group Holdings Inc. | CS3  402 | 62,500 |
| | | | | RULE 144 | | | | | RULE 144 |
| | | | | 62,500 | | Number of new certs: 1 | | | 62,500 |

Restricted Verification
Stamp
Legend

Completed By: RDP       Report Run By: RDP 07/26/16 11:45:49 am

10-1

**EXHIBIT 10**
**39**

RECEIVED

AUG 2 1 2016

EMPIRE STOCK TRANSFER INC.

## Transfer Instruction Form

Company Name    & CUSIP No: GOPHER PROTOCOL, INC. CUSIP 38268V108
Certificate Number:    371    Total    Number    of    Shares: 62,500
Current Shareholder: THERESA E MERMAN LIVING TRUST Address: 263 Tresser Blvd, Stamford, CT 06901

**SS or Tax ID Number:**

**This certificate was acquired on Date)** _____ **at a cost of $2.00**
**8/27/15**

**New Name/Registration:** AMP GROUP HOLDINGS INC.

**New Address:** 4610 Densmore Ave. #15, Encino, CA 91436

**SS or Tax ID Number:** 81-096896

**Number of Shares Being Transferred:** 62,500

**Are these shares a gift? Yes No (circle one)**

**Are the recipients inheriting the shares from an estate? Yes No (circle one)**

**Does this transfer qualify as a wash sale? Yes No (circle one)**

**If these shares are being acquired, acquisition date** _____ **at a cost of $ .20** _____

**Current Owner(s) Signatures:** _____

**Today's Date:**7/19/16 **Telephone:** 818-231-2121 **E-Mail:** paulpasha1@gmail.com _____

**Medallion Guarantee Stamp Area:**

**Certificate Delivery Instructions:** Method of Sending (check one)    FEDEX    DHL    UPS __
Account Number: _____

Contact Name: Paul Kozlov Phone: 818-231-2121 _____

[ ] Restricted Email        [ ] Indemnity Notice
[✓] Indemnity Required    [ ] Transfer Notice
[✗] No Medallion           [✗] No Fees
[ ] No Instructions         [ ] Indemnity Attached

[ ] Other _____

10-2

**EXHIBIT 10**
**40**



COMMON STOCK

NUMBER
371

GOPHER PROTOCOL INC.

Par Value $0.0001
INCORPORATED UNDER THE LAWS OF THE STATE OF
NEVADA

CANCELLED

SHARES
***62,500***

COMMON STOCK
CUSIP 38268V108

SEE REVERSE FOR CERTAIN DEFINITIONS

RESTRICTED

THIS CERTIFIES THAT

***Theresa E. Merman Living Trust***

Is the Owner of *** Sixty-Two Thousand Five Hundred ***

FULLY PAID AND NON-ASSESSABLE SHARES OF COMMON STOCK OF
GOPHER PROTOCOL INC.

transferable on the books of the Corporation by the holder hereof in person or by duly authorized attorney, upon surrender of this Certificate properly endorsed. This Certificate is not valid until countersigned by the Transfer Agent and registered by the Registrar.

Witness this facsimile seal of said Corporation and the facsimile signatures of its duly authorized officers.

Dated:  August 31, 2015

COUNTERSIGNED AND REGISTERED:
EMPIRE STOCK TRANSFER INC.
Transfer Agent and Registrar

By
AUTHORIZED SIGNATURE

CORPORATE SEAL
NEVADA
GOPHER PROTOCOL
July 22, 2009

SECRETARY

PRESIDENT

B   65020

EXHIBIT 10
41

10-3

The following abbreviations, when used in the inscription of the face of this certificate, shall be construed as though they were written out in full according to applicable laws or regulations:

TEN COM — as tenants in common

TEN ENT — as tenants by the entireties

JT TEN — as joint tenants with right of survivorship and not as tenants in common

UNIF GIFT MIN ACT — _____Custodian_____
(Cust)                    (Minor)
under Uniform Gifts to Minors Act

_____
(State)

Additional abbreviations may also be used though not in the above list.

*For Value Received,* _____ *hereby sells, assigns and transfers unto*

PLEASE INSERT SOCIAL SECURITY
OR OTHER IDENTIFYING NUMBER

(PLEASE PRINT OR TYPE NAME AND ADDRESS INCLUDING POSTAL ZIP CODE OF ASSIGNEE)

*Shares*

*of the Capital Stock represented by this Certificate and hereby irrevocably constitutes and appoints*

*Attorney*

*to transfer the said stock on the books of the within-named Corporation with full power of substitution in the premises.*

*Dated* _____

NOTICE    THE SIGNATURE(S) TO THIS ASSIGNMENT MUST CORRESPOND WITH THE NAME(S) AS WRITTEN UPON THE FACE OF THIS CERTIFICATE IN EVERY PARTICULAR WITHOUT ALTERATION OR ENLARGEMENT OR ANY CHANGE WHATSOEVER.

SIGNATURE(S) GUARANTEED

NOTICE    THE SIGNATURE(S) SHOULD BE GUARANTEED BY AN ELIGIBLE GUARANTOR INSTITUTION, (BANKS, STOCKBROKERS, SAVINGS AND LOAN ASSOCIATION AND CREDIT UNIONS) WITH MEMBERSHIP IN AN APPROVED SIGNATURE GUARANTEE MEDALLION PROGRAM PURSUANT TO S.E.C. RULE 17AD-15.

10-4

**EXHIBIT 10**
**42**

Print Form



RECEIVED

JUL 2 6 2016

EMPIRE STOCK TRANSFER INC.

## IRREVOCABLE STOCK POWER

FOR VALUE RECEIVED, the undersigned does hereby sell, assign and transfer unto:

| AMP GROUP HOLDINGS, INC. | 81-0968896 |
|---|---|
| Name | Social Security/Tax ID Number |

| 4610 DENSMORE AVE. #15, ENCINO, CA 91436 | |
|---|---|
| | Address |

| 62,500 | shares of the Common Stock of: |
|---|---|
| Number of shares | |

| GOPHER PROTOCOL INC. | |
|---|---|
| | Issuer name |

Represented by:

| 371 | |
|---|---|
| | Certificate Number(s) |

and does hereby irrevocably constitute and appoint Empire Stock Transfer Inc. to transfer the said stock on the books of the within-named Corporation with full power of substitution in the premises.

| _(signature)_ | 07/25/2016 |
|---|---|
| Signed | Dated |

NOTICE: The signature(s) to this assignment must correspond with the name(s) as written upon the face of this certificate in every particular without alteration or enlargement or any change whatsoever.

SIGNATURE GUARANTEED
MEDALLION GUARANTEED
WELLS FARGO BANK, N.A.

(8423)

AUTHORIZED SIGNATURE
X 0 2 0 9 3 5 7

Signature Guaranteed (Guarantor: Affix stamp here)

10-5

EXHIBIT 10
43

Print Form

## IRREVOCABLE STOCK POWER

FOR VALUE RECEIVED, the undersigned does hereby sell, assign and transfer unto:

AMP Group Holdings, Inc.        81-0968896
Name                           Social Security/Tax ID Number

#15
4610 Densmore Ave. Encino, CA 91436
                    Address

62,500        shares of the Common Stock of:
Number of shares

Gopher Protocol Inc.
                    Issuer name

Represented by:

371
                    Certificate Number(s)

and does hereby irrevocably constitute and appoint Empire Stock Transfer Inc. to transfer the said stock on the books of the within-named Corporation with full power of substitution in the premises.

Signed _____        Dated _____

NOTICE: The signature(s) to this assignment must correspond with the name(s) as written upon the face of this certificate in every particular without alteration or enlargement or any change whatsoever.

Signature Guaranteed (Guarantor: Affix stamp here)

10-6

EXHIBIT 10
44



10-7

EXHIBIT 10
45

**Casey Weseloh**

| | |
|---|---|
| **From:** | Casey Weseloh |
| **Sent:** | Friday, July 22, 2016 10:18 AM |
| **To:** | Patrick Mokros; LISANDRA PATIN; info@empirestock.com |
| **Subject:** | RE: GOPH Cert-AMP |
| **Attachments:** | Irrevocable Stock Power.pdf; 371.pdf |

Hello Lisandra,

My apologies the certificate did not ship out yesterday. To try to expedite this process all we need is to get the attached stock power with a medallion stamp and ship this to us.

I have also attached a copy of the certificate. If there are any questions of the validity on this certificate they can feel free to call me at 702-818-5898.

I have taken the liberty to complete the attached stock power so it just needs to be verified, signed and medallion.

Feel free to call me if you have any questions.

Thank you,

Casey Weseloh
**Empire Stock Transfer Inc.**
casey@empirestock.com | P (702) 818-5898 | F (702) 974-1444 | www.empirestock.com

We are a full-service agent offering:
Transfer Agent & Registrar | EDGAR Filings | Proxy/Annual Meetings | Resident Agent Services

Let us do what we do best so you can do what you do best – run your business.
**Small Cap Agents for Today's Business**

CONFIDENTIALITY NOTICE: This e-mail and any attached documents contain information which is PRIVILEGED, PROPRIETARY and CONFIDENTIAL, are protected by the Electronic Communications Privacy Act, 18 U.S.C. Sections 2510-2521, Federal and State copyright laws, and are intended only for the use of the recipient(s) named herein.  No part of this document or any attachments may be reproduced or transmitted without permission from Empire Stock Transfer Inc. If you are not the intended recipient, you are hereby notified that any disclosure, distribution, or the taking of any action in reliance upon the contents of this communication is strictly prohibited.  If you have received this transmission in error, please notify us immediately.

**From:** Patrick Mokros
**Sent:** Friday, July 22, 2016 8:47 AM
**To:** LISANDRA PATIN; info@empirestock.com
**Subject:** RE: GOPH Cert-AMP

Hi Lisandra,

This is queued up to be completed this morning.  We will have a tracking number to you as soon as one is available.

Patrick Mokros, President
**Empire Stock Transfer Inc.**
1859 Whitney Mesa Dr. | Henderson, NV 89014
patrick@empirestock.com | P (702) 818-5898 | F (702) 974-1444 | www.empirestock.com

1

10-8

**EXHIBIT 10**
**46**

We are a full-service agent offering:
Transfer Agent & Registrar | EDGAR Filings | Proxy/Annual Meetings | Resident Agent Services

Let us do what we do best so you can do what you do best – run your business.
**Small Cap Agents for Today's Business**

CONFIDENTIALITY NOTICE: This e-mail and any attached documents contain information which is PRIVILEGED, PROPRIETARY and CONFIDENTIAL, are protected by the Electronic Communications Privacy Act, 18 U.S.C. Sections 2510-2521, Federal and State copyright laws, and are intended only for the use of the recipient(s) named herein. No part of this document or any attachments may be reproduced or transmitted without permission from Empire Stock Transfer Inc. If you are not the intended recipient, you are hereby notified that any disclosure, distribution, or the taking of any action in reliance upon the contents of this communication is strictly prohibited. If you have received this transmission in error, please notify us immediately.

**From:** LISANDRA PATIN [mailto:lisandrapatin@gmail.com]
**Sent:** Thursday, July 21, 2016 4:09 PM
**To:** info@empirestock.com
**Subject:** GOPH Cert-AMP

Hello,

I was just checking to see if the cert was sent back to Paul yet and if so if there is a tracking number?

Thank You,
Lisandra Patin

10-9

**EXHIBIT 10**
**47**



**earth**smart

FedEx carbon-neutral envelope shipping





ORIGIN ID:VNYA   (818) 231-2121
PAUL KOZLOV

4610 DENSMORE AVE UNIT 15

ENCINO, CA 91436
UNITED STATES US

SHIP DATE: 25JUL16
ACTWGT: 0.20 LB
CAD: 6992820/SSF01704

BILL CREDIT CARD

TO

**EMPIRE STOCK TRANSFER**
**1859 WHITNEY MESA DR**

**HENDERSON NV 89014**
(702) 818-5898      REF:

**FedEx**
Express

**E**



TRK# 7836 6374 0856
0201

TUE – 26 JUL 10:30A
**PRIORITY OVERNIGHT**

**89014**
NV-US   **LAS**

**QV LASA**

10-10

**EXHIBIT 10**
**48**

# Log Sheet

| | |
|---|---|
| Issuer: | GOPH-Gopher Protocol Inc. |
| Received: | 07/21/16      10:02 AM          ID/SCL#: 38268V108371 |
| Received From: | PAUL KOZLOV |
| How Received: | FEDEX |
| Track Number In: | 783628295950 |
| Control Ticket: | STTK000000061425 |
| SEC Item Count: | 1    Non-Routine |
| Contents: | 371 |

| | |
|---|---|
| Transaction No.: | 326          Completed: 07/26/16 |
| Track Number Out: | FEDEX 776845845281 |
| Sent To: | Individual Shareholders |

Fees:          Due:                    Rcvd:                Check #:

Assigned To:

Certificate Number(s) or Book Entry ID's:  1

CS3-402 (RULE 144)

Comments:

_____

_____

_____

Initials     Date

_____  _____ Logged In

_____  _____ Medallion Verified

_____  _____ Review Documents

_____  _____ Processed by

_____  _____ Stamp Certificates as Canceled and Transferred

_____  _____ Final Review/Authentification

_____  _____ Batch Completed and Made Available

_____  _____ Management Review

10-11

EXHIBIT 10
49



FedEx carbon-neutral
envelope shipping



ORIGIN ID:VNYA  (818) 231-2121
AMP GROUP HOLDINGS
4610 DENSMORE AVE UNIT 15
ENCINO, CA 91436
UNITED STATES US

SHIP DATE: 20JUL16
ACTWGT: 0.20 LB
CAD: 6992821/SSFO1704

BILL CREDIT CARD

TO  EMPIRE STOCK TRANSFER

1859 WHITNEY MESA DR

HENDERSON NV 89014
(000) 000-0000          REF:
INV:
PO:                          DEPT:

FedEx
Express

E

REL#
3785346

TRK#
0201   7836 2829 5950

THU – 21 JUL 10:30A
PRIORITY OVERNIGHT

QV LASA

89014
NV-US   LAS

RT 357        C
      1   5950
   10:30   07 21
FZ

10-12

EXHIBIT 10
50

7/26/2016                                      FedEx Ship Manager - Print Your Label(s)



**After printing this label:**
1. Use the 'Print' button on this page to print your label to your laser or inkjet printer.
2. Fold the printed page along the horizontal line.
3. Place label in shipping pouch and affix it to your shipment so that the barcode portion of the label can be read and scanned.

**Warning:** Use only the printed original label for shipping. Using a photocopy of this label for shipping purposes is fraudulent and could result in additional billing charges, along with the cancellation of your FedEx account number.
Use of this system constitutes your agreement to the service conditions in the current FedEx Service Guide, available on fedex.com.FedEx will not be responsible for any claim in excess of $100 per package, whether the result of loss, damage, delay, non-delivery,misdelivery,or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim.Limitations found in the current FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic value of the package, loss of sales, income interest, profit, attorney's fees, costs, and other forms of damage whether direct, incidental,consequential, or special is limited to the greater of $100 or the authorized declared value. Recovery cannot exceed actual documented loss.Maximum for items of extraordinary value is $1,000, e.g. jewelry, precious metals, negotiable instruments and other items listed in our ServiceGuide. Written claims must be filed within strict time limits, see current FedEx Service Guide.

10-13

EXHIBIT 10
51



NUMBER
402

COMMON STOCK

SHARES
***62,500***

COMMON STOCK
CUSIP 38268V108

SEE REVERSE FOR CERTAIN DEFINITIONS

GOPHER PROTOCOL INC.

Par Value $.00001

INCORPORATED UNDER THE LAWS OF THE STATE OF
NEVADA

THIS CERTIFIES THAT

***Amp Group Holdings Inc. ***

is the Owner of *** Sixty-Two Thousand Five Hundred ***

FULLY PAID AND NON-ASSESSABLE SHARES OF COMMON STOCK OF

GOPHER PROTOCOL INC,

transferable on the books of the Corporation by the holder hereof, in person or by duly authorized attorney, upon surrender of this Certificate property endorsed. This Certificate is not valid until countersigned by the Transfer Agent and registered by the Registrar.

Witness this facsimile seal of said Corporation and the facsimile signatures of its duly authorized officers.

Dated: July 26, 2016

COUNTERSIGNED AND REGISTERED
EMPIRE STOCK TRANSFER INC.
Transfer Agent and Registrar

By
AUTHORIZED SIGNATURE

CORPORATE
NEVADA
GOPHER PROTOCOL INC.
July 22, 2009
SEAL

SECRETARY

PRESIDENT

B  69244

10-14

EXHIBIT 10
52

# EXHIBIT 11

**Empire Stock Transfer**

**GOPH  - Gopher Protocol Inc.**

**Stock Transfer - Final Transaction Report**

7/26/16
12:02 pm
Page 1 of 1

Control Ticket Number:  STTK000000061482

Type of Stock being Transferred:   CS3

Paper certifs being Transferred from: 1

Paper certifs being Transferred to:   1

Tax Reason: Gift     Gifted: 07/26/16     FMV/share:
$0.00000

Transaction Number     327

Total Shares  213,000

Transfer Date:  07/26/16

Sale Amt/share:$ 0.00000

Received From:  VLADIMIR HANIN

Received: 07/26/16 at 10:11     Tran Type:Non-Routine Item Count:  1

How Received: FEDEX

Sent: 07/26/16 at 12:01          How Sent:  FEDEX

Outgoing Tracking Number:   776846188568

| Line # | -----Transfer From----- Shareholder | | Certificate Number | Number of Shares | Line # | -----Transfer To----- Shareholder | | Certificate Number | Shares per Certif |
|---|---|---|---|---|---|---|---|---|---|
| 1 | 121 | Reko Holdings, LLC | CS3   372 | 213,000 | 1 | 130 | Vladimir Hanin | CS3   403 | 213,000 |
| | | | | RESTRICTED CONTROL | | | | | RESTRICTED CONTROL |
| | | | | 213,000 | | Number of new certs: 1 | | | 213,000 |

Restricted Verification

Stamp _____

Legend _____

Completed By: RDP     Report Run By: RDP 07/26/16 12:02:07 pm

11-1

**EXHIBIT 11**
53

**Empire Stock Transfer**

**GOPH  - Gopher Protocol Inc.**

**Stock Transfer - Final Transaction Report**

7/26/16
12:02 pm
Page 1 of 1

| | |
|---|---|
| Control Ticket Number:  STTK000000061482 | Transaction Number    327       Transfer Date: 07/26/16 |
| Type of Stock being Transferred:  CS3 | Total Shares  213,000       Sale Amt/share:$ 0.00000 |
| Paper certifs being Transferred from: 1 | |
| Paper certifs being Transferred to:    1 | Received From:  VLADIMIR HANIN |
| | Received: 07/26/16 at 10:11    Tran Type:Non-Routine Item Count:  1 |
| Tax Reason: Gift    Gifted: 07/26/16    FMV/share: | How Received:FEDEX |
| $0.00000 | |
| | Sent: 07/26/16 at 12:01        How Sent:  FEDEX |
| | Outgoing Tracking Number:   776846188568 |

| | -----Transfer From----- | | | | | -----Transfer To----- | | |
|---|---|---|---|---|---|---|---|---|
| Line # | Shareholder | Certificate Number | Number of Shares | Line # | Shareholder | Certificate Number | Shares per Certif |
| 1 | 121   Reko Holdings, LLC | CS3   372 | 213,000 | 1 | 130   Vladimir Hanin | CS3   403 | 213,000 |
| | | RESTRICTED CONTROL | | | | RESTRICTED CONTROL | |
| | | | 213,000 | | Number of new certs: 1 | | 213,000 |



11-2

**EXHIBIT 11**
**54**

[ ] Restricted Email      [ ] Indemnity Notice      RECEIVED

[ ] Indemnity Required    [ ] Transfer Notice      JUL 2 6 2016

[ ] Medallion           [ ] No Fees

[ ] Instructions        [ ] Indemnity Attached    EMPIRE STOCK TRANSFER INC.

[ ] ..........

**Transfer Instruction Form**

Legend Remains

327

Company Name & CUSIP No: ___GOPHER PROTOCOL, INC. CUSIP 38268V108___

Certificate Number: ___372___   Total    Number    of    Shares: 213,000___

Current Shareholder: REKO HOLDING, LLC

SS or Tax ID Number: _____

This certificate was acquired on Date)

at a cost of $ _____     _____

New Name/Registration: **VLADIMIR HANIN**___

New Address: 5415 SEPULVEDA BLVD. 116 SHERMAN OAKS CA 91403

SS or Tax ID Number: 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

Number of Shares Being Transferred: __213,000___

Are these shares a gift? Yes No (circle one)

Are the recipients inheriting the shares from an estate? Yes No (circle one)

Does this transfer qualify as a wash sale? Yes No (circle one)

If these shares are being acquired, acquisition date_____ at a cost of $ .20

Current Owner(s) Signatures: _Hanin_

Today's Date:7/22/16 Telephone: E-Mail: _VLADIMIRHANIN58@gmail.com

**Medallion Guarantee Stamp Area:**

Certificate Delivery Instructions: Method of Sending (check one)   FEDEX    DHL    UPS

Account Number: _____

Contact Name: VLADIMIR HANIN Phone: _____

Address: _____

ELENA TZVETANOVA NIKOLOVA
Commission # 2122001
Notary Public - California
Los Angeles County
My Comm. Expires Aug 8, 2018

11-3

EXHIBIT 11
55



SHARES
****213,000****

COMMON STOCK
CUSIP 38266V108

SEE REVERSE FOR CERTAIN DEFINITIONS

NUMBER
372

COMMON STOCK

GOPHER PROTOCOL INC.

Par Value $0.00001
INCORPORATED UNDER THE LAWS OF THE STATE OF NEVADA

THIS CERTIFIES THAT

***Reko Holdings, LLC***

Is the Owner of *** Two Hundred Thirteen Thousand ***

FULLY PAID AND NON-ASSESSABLE SHARES OF COMMON STOCK OF
GOPHER PROTOCOL INC.

transferable on the books of the Corporation by the holder hereof, in person or by duly authorized attorney, upon surrender of this Certificate properly endorsed. This Certificate is not valid until countersigned by the Transfer Agent and registered by the Registrar.

Witness this facsimile seal of said Corporation and the facsimile signatures of its duly authorized officers.

Dated: November 6, 2015

COUNTERSIGNED AND REGISTERED:
EMPIRE STOCK TRANSFER INC.
Transfer Agent and Registrar

By
AUTHORIZED SIGNATURE

PRESIDENT

SECRETARY

CORPORATE SEAL
NEVADA
July 22, 2009
GOPHER PROTOCOL INC.

B 65247

RESTRICTED
CONTROL

CANCELLED
CANCELLED

EXHIBIT 11
56

The following abbreviations, when used in the inscription of the face of this certificate, shall be construed as though they were written out in full according to applicable laws or regulations:

TEN COM — as tenants in common

TEN ENT — as tenants by the entireties

JT TEN — as joint tenants with right of survivorship and not as tenants in common

UNIF GIFT MIN ACT — _____Custodian_____
(Cust)                              (Minor)
under Uniform Gifts to Minors Act

_____
(State)

Additional abbreviations may also be used though not in the above list.

*For Value Received,* _____ *hereby sells, assigns and transfers unto*

PLEASE INSERT SOCIAL SECURITY
OR OTHER IDENTIFYING NUMBER

(PLEASE PRINT OR TYPE NAME AND ADDRESS INCLUDING POSTAL ZIP CODE OF ASSIGNEE)

*Shares*

*of the Capital Stock represented by this Certificate and hereby irrevocably constitutes and appoints*

*Attorney*

*to transfer the said stock on the books of the within–named Corporation with full power of substitution in the premises.*

*Dated* _____

NOTICE   THE SIGNATURE(S) TO THIS ASSIGNMENT MUST CORRESPOND WITH THE NAME(S) AS WRITTEN UPON THE FACE OF THIS CERTIFICATE IN EVERY PARTICULAR WITHOUT ALTERATION OR ENLARGEMENT OR ANY CHANGE WHATSOEVER.

SIGNATURE(S) GUARANTEED

NOTICE   THE SIGNATURE(S) SHOULD BE GUARANTEED BY AN ELIGIBLE GUARANTOR INSTITUTION, (BANKS, STOCKBROKERS, SAVINGS AND LOAN ASSOCIATION AND CREDIT UNIONS) WITH MEMBERSHIP IN AN APPROVED SIGNATURE GUARANTEE MEDALLION PROGRAM PURSUANT TO S.E.C. RULE 17AD-15.

THE SECURITIES REPRESENTED HEREBY HAVE NOT BEEN REGISTERED UNDER THE UNITED STATES FEDERAL OR STATE SECURITIES LAWS AND MAY NOT BE OFFERED FOR SALE, SOLD, OR OTHERWISE TRANSFERRED ON THE BOOKS OF THE COMPANY, WITHOUT REGISTRATION OF SUCH SECURITIES UNDER ALL APPLICABLE UNITED STATES FEDERAL OR STATE SECURITIES LAWS OR COMPLIANCE WITH AN APPLICABLE EXEMPTION THEREFROM, SUCH COMPLIANCE, AT THE OPTION OF THE COMPANY, TO BE EVIDENCED BY AN OPINION OF SHAREHOLDER'S COUNSEL, IN A FORM ACCEPTABLE TO THE COMPANY, THAT NO VIOLATION OF SUCH

**EXHIBIT 11**
**57**

Print Form

## IRREVOCABLE STOCK POWER

FOR VALUE RECEIVED, the undersigned does hereby sell, assign and transfer unto:

| VLADIMIR HANIN | 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 |
|---|---|
| Name | Social Security/Tax ID Number |

5415 SEPULVEDA BLVD. 116 SHERMAN OAKS CA 91403

Address

213,000 _____ shares of the Common Stock of:

Number of shares

Gopher Protocol Inc.

Issuer name

Represented by:

372

Certificate Number(s)

and does hereby irrevocably constitute and appoint Empire Stock Transfer Inc. to transfer the said stock on the books of the within-named Corporation with full power of substitution in the premises.

7/22/16

Signed                                                                   Dated

NOTICE: The signature(s) to this assignment must correspond with the name(s) as written upon the face of this certificate in every particular, without alteration or enlargement or any change whatsoever.

MEDALLION GUARANTEE
JPMORGAN CHASE
BANK, N.A.

AUTHORIZED SIGNATURE
Z 9 0 1 0 4 0 6
(727CA)
SECURITIES TRANSFER AGENTS MEDALLION PROGRAM™

Signature Guaranteed (Guarantor: Affix stamp here)

Medallion Signature Guarantee (Guarantor: Affix stamp here)

11-6

EXHIBIT 11
58

## STOCK PURCHASE AGREEMENT

This Stock Purchase Agreement ("Agreement") is entered into as of June 28, 2016 by and between Reko Holding, LLC ("Seller") and Vladimir Hanin ("Purchaser"). Purchaser and Seller may collectively be referred to as the "Parties."

WHEREAS, Seller is the record owner and holder of shares of the capital stock of Gopher Protocol (the "Company"), a California Corporation

WHEREAS, the Parties desire to enter into this Agreement pursuant to which Purchaser will purchase from Seller shares of capital stock of the Company.

NOW, THEREFORE, in consideration for the promises set forth in this Agreement, the Parties agree as follows:

1. PURCHASE AND SALE: Subject to the terms and conditions set forth in this Agreement, Purchaser hereby agrees to purchase from Seller, and Seller hereby agrees to sell, transfer and convey to the Purchaser *Cert 372 Two Hundred Thirteen Thousand (213,000)* common shares of Gopher Protocol stock of the Company (the "Stock").

2. PURCHASE PRICE: The purchase price for each share of Stock shall be *Twenty cents ($.20)* for an aggregate purchase price of *Forty Two Thousand Six Hundred Dollars ($42,600.00)* (the "Purchase Price"), to be paid to the Seller in cash at the closing.

3. CLOSING: The closing contemplated by this Agreement for the transfer of the Stock and the payment of the Purchase Prices shall take place TBD on June 29, 2016 at TBD (the "Closing"). The certificates representing the Stock shall be duly endorsed for transfer or accompanied by an appropriate stock transfer.

4. REPRESENTATIONS AND WARRANTIES OF SELLER: Seller hereby warrants and represents that:

    (a) Restrictions on Stock. The Seller is not a party to any agreements that create rights or obligations in the Stock relating to any third party including voting or stockholder agreements. The Seller is the lawful owner of the Stock, free and clear of any encumbrances, security interests or liens of any kind and has full power and authority to sell and transfer the Stock as contemplated in this Agreement.
    (b) Organization and Standing. To the Seller's knowledge, the Company is duly organized, validly existing and in good standing under the laws of the State of Nevada *[insert state of incorporation]* and has full power and authority to own

    and operate its property and assets and to carry on its business as presently conducted.

5. SEVERABILITY: If any part or parts of this Agreement shall be held unenforceable for any reason, the remainder of this Agreement shall continue in full force and effect. If any provision of this Agreement is deemed invalid or unenforceable by any court of competent jurisdiction, and if limiting such provision would make the provision valid, then such provision shall be deemed to be construed as so limited.

6. BINDING EFFECT: The covenants and conditions contained in this Agreement shall apply to and bind the parties and the heirs, legal representatives, successors and permitted assigns of the Parties.

7. BROKER'S FEES: The Parties represent that there has been no act in connection with the transactions contemplated in this Agreement that would give rise to a valid claim against either party for a broker's fee, finder's fee or other similar payment.

11-7

EXHIBIT 11
59

8. ENTIRE AGREEMENT: This Agreement constitutes the entire agreement between the Parties and supersedes any prior understanding or representation of any kind preceding the date of this Agreement. There are no other promises, conditions, understandings or other agreements, whether oral or written, relating to the subject matter of this Agreement. This Agreement may be modified in writing and must be signed by both the Seller and Purchaser.

9. GOVERNING LAW: This Agreement shall be governed by and construed in accordance with the laws of the State of California.

10. NOTICE: Any notice required or otherwise given pursuant to this Agreement shall be in writing and mailed certified return receipt requested, postage prepaid, or delivered by overnight delivery service:

   (a) If to Purchaser:

   _____
   _____
   _____

   (b) If to Seller: .

   _____
   _____
   _____

11. WAIVER: The failure of either party to enforce any provisions of this Agreement shall not be deemed a waiver or limitation of that party's right to subsequently enforce and compel strict compliance with every provision of this Agreement.

IN WITNESS WHEREOF, the parties have caused this Agreement to be executed the day and year first above written.

SELLER:

_____

BUYER:          COMPANY:

By: _V. H_

By: _V. H._

11-8

EXHIBIT 11
60

Chase Online                                                                              07/05/16  3:10 PM

# CHASE ⬡

Search 🔍

## Check 105

VLADIMIR HANIN
6415 SEPULVEDA BLVD., APT. 116
SHERMAN OAKS, CA 91411-4505

105

DATE 06.24.16

PAY TO THE ORDER OF  Rako Holding LLC    $ 42,600

Fourty two thousand six hundred # DOLLARS

CHASE ⓒ
JPMorgan Chase Bank, N.A.
www.Chase.com

MEMO

⑈322276627⑈    8 20 666763⑈0105

329647234848237416
06/05/2016 SEQ: 03909

DO NOT WRITE, STAMP OR SIGN BELOW THIS LINE
RESERVED FOR FINANCIAL INSTITUTION USE

ENDORSE HERE

Security | Terms of Use

© 2016 JPMorgan Chase & Co.

## Rico Portaro

| | |
|---|---|
| **From:** | Rico Portaro |
| **Sent:** | Tuesday, July 26, 2016 10:22 AM |
| **To:** | 'vladimirhanin58@gmail.com' |
| **Subject:** | Gopher Protocol Transfer |

Good Morning Vladimir,

I just received your transfer in today and wanted to clarify what it is you're looking to do with this certificate. Please call me at the number below at your earliest convenience.

Regards,
Rico
---
Rico Portaro
**Empire Stock Transfer Inc.**
1859 Whitney Mesa Dr. | Henderson, NV 89014
rico@empirestock.com | P (702) 818-5898 | F (702) 974-1444 | www.empirestock.com

We are a full-service agent offering:
Transfer Agent & Registrar | EDGAR Filings | Proxy/Annual Meetings | Resident Agent Services

Let us do what we do best so you can do what you do best – run your business.
**Small Cap Agents for Today's Business**

CONFIDENTIALITY NOTICE: This e-mail and any attached documents contain information which is PRIVILEGED, PROPRIETARY and CONFIDENTIAL, are protected by the Electronic Communications Privacy Act, 18 U.S.C. Sections 2510-2521, Federal and State copyright laws, and are intended only for the use of the recipient(s) named herein. No part of this document or any attachments may be reproduced or transmitted without permission from Empire Stock Transfer Inc. If you are not the intended recipient, you are hereby notified that any disclosure, distribution, or the taking of any action in reliance upon the contents of this communication is strictly prohibited. If you have received this transmission in error, please notify us immediately.

1

11-10

**EXHIBIT 11**
**62**

## Log Sheet

| | |
|---|---|
| Issuer: | GOPH-Gopher Protocol Inc. |
| Received: | 07/26/16      10:11 AM |
| Received From: | VLADIMIR HANIN |
| How Received | FEDEX |
| Track Number In: | 783663236974 |
| Control Ticket: | STTK000000061482 |
| SEC Item Count: | 1      Non-Routine |
| Contents: | 372 |

ID/SCL#: 38268V108372

| | |
|---|---|
| Transaction No.: | 327          Completed: 07/26/16 |
| Track Number Out: | FEDEX 776846188568 |
| Sent To: | Individual Shareholders |

Fees:          Due:                    Rcvd:                    Check #:

Assigned To:

Certificate Number(s) or Book Entry ID's:  1

            CS3-403 (RESTRICTED CONTROL)

Comments:

_____

_____

_____

Initials      Date

_____  _____ Logged In

_____  _____ Medallion Verified

_____  _____ Review Documents

_____  _____ Processed by

_____  _____ Stamp Certificates as Canceled and Transferred

_____  _____ Final Review/Authentification

_____  _____ Batch Completed and Made Available

_____  _____ Management Review

11-11

EXHIBIT 11
63



FedEx carbon-neutral
envelope shipping

ORIGIN ID:VNYA  (818) 645-3072
VLADIMIR HANIN

5415 SEPULVEDA BLVD
APT 116
SHERMAN OAKS, CA 91411
UNITED STATES US

SHIP DATE: 25JUL16
ACTWGT: 0.20 LB
CAD: 6992820/SSF01704

TO
**EMPIRE STOCK TRANSFER, INC.**
**1859 WHITNEY MESA DR**

**HENDERSON NV 89014**
(702) 818-5898          REF:
INV:
PO:                                    DEPT:

**FedEx**
Express

**E**

TRK# 7836 6323 6974
0201

TUE – 26 JUL 10:30A
PRIORITY OVERNIGHT

**QV LASA**
NV-us          89014
LAS

11-12

EXHIBIT 11
64

7/26/2016         FedEx Ship Manager - Print Your Label(s)



**After printing this label:**
1. Use the 'Print' button on this page to print your label to your laser or inkjet printer.
2. Fold the printed page along the horizontal line.
3. Place label in shipping pouch and affix it to your shipment so that the barcode portion of the label can be read and scanned.

**Warning:** Use only the printed original label for shipping. Using a photocopy of this label for shipping purposes is fraudulent and could result in additional billing charges, along with the cancellation of your FedEx account number.
Use of this system constitutes your agreement to the service conditions in the current FedEx Service Guide, available on fedex.com.FedEx will not be responsible for any claim in excess of $100 per package, whether the result of loss, damage, delay, non-delivery,misdelivery,or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim.Limitations found in the current FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic value of the package, loss of sales, income interest, profit, attorney's fees, costs, and other forms of damage whether direct, incidental,consequential, or special is limited to the greater of $100 or the authorized declared value. Recovery cannot exceed actual documented loss.Maximum for items of extraordinary value is $1,000, e.g. jewelry, precious metals, negotiable instruments and other items listed in our ServiceGuide. Written claims must be filed within strict time limits, see current FedEx Service Guide.

11-13

**EXHIBIT 11**
**65**



NUMBER
403

COMMON STOCK

SHARES
***213,000***

COMMON STOCK
CUSIP 38268V108

GOPHER PROTOCOL INC.

Par Value $.00001
INCORPORATED UNDER THE LAWS OF THE STATE OF
NEVADA

SEE REVERSE FOR CERTAIN DEFINITIONS

RESTRICTED CONTROL

THIS CERTIFIES THAT

***Vladimir Hanin***

is the Owner of *** Two Hundred Thirteen Thousand ***

FULLY PAID AND NON-ASSESSABLE SHARES OF COMMON STOCK OF
GOPHER PROTOCOL INC.

transferable on the books of the Corporation by the holder hereof, in person or by duly authorized attorney, upon surrender of this Certificate properly endorsed. This Certificate is not valid until countersigned by the Transfer Agent and registered by the Registrar.

Witness this facsimile seal of said Corporation and the facsimile signatures of its duly authorized officers.

Dated: July 26, 2016

COUNTERSIGNED AND REGISTERED:
EMPIRE STOCK TRANSFER INC.
Transfer Agent and Registrar

By
        AUTHORIZED SIGNATURE

CORPORATE SEAL
NEVADA
July 22, 2009
GOPHER PROTOCOL INC.

SECRETARY

PRESIDENT

B   69245

EXHIBIT 11
66

11-14

# EXHIBIT 12

**Empire Stock Transfer**

**GOPH - Gopher Protocol Inc.**

**Stock Transfer - Final Transaction Report**

7/28/16
2:59 pm
Page 1 of 1

Control Ticket Number: STTK000000061503
Type of Stock being Transferred:   CS3
Paper certifs being Transferred from: 1
Paper certifs being Transferred to:   1

Transaction Number   329
Total Shares  213,000

Transfer Date: 07/28/16
Sale Amt/share: $ 0.00000

Received From:  HJK TRADE INC
Received: 07/28/16 at 10:19    Tran Type: Routine    Item Count:  1
How Received: FEDEX

Tax Reason: Gift    Gifted: 07/28/16    FMV/share:
$0.00000

Sent: 07/28/16 at 14:59    How Sent:  FEDEX
Outgoing Tracking Number:   776871217400

-----Transfer From-----

-----Transfer To-----

| Line # | Shareholder | Certificate Number | Number of Shares | Line # | Shareholder | Certificate Number | Shares per Certif |
|---|---|---|---|---|---|---|---|
| 1 | 121  Reko Holdings, LLC | CS3  373 | 213,000 | 1 | 138  HJK Trade Inc | CS3  405 | 213,000 |
| | | | RESTRICTED CONTROL | | | | RESTRICTED CONTROL |
| | | | 213,000 | | Number of new certs: 1 | | 213,000 |

Restricted Verification
Stamp _____
Legend _____

Completed By: RDP    Report Run By: RDP 07/28/16  2:59:37 pm

12-1

**EXHIBIT 12**
**67**



RECEIVED
JUL 28 2016
EMPIRE STOCK TRANSFER INC
Legend Remains

# <u>Transfer Instruction Form</u>

Company Name & CUSIP No: ___GOPHER PROTOCOL, INC. CUSIP 38268V108___
Certificate Number: ___373___ Total    Number    of    Shares: 213,000___
Current Shareholder: REKO HOLDING, LLC

SS or Tax ID Number: _____

This certificate was acquired on Date)

at a cost of $                    _____    _____

New Name/Registration: HJK TRADE INC_____

New Address: 5730 KATHERINE AVE   VAN NUYS CA 91401

SS or Tax ID Number: 81-2651997

Number of Shares Being Transferred: 213,000_____

Are these shares a gift? Yes No (circle one)

Are the recipients inheriting the shares from an estate? Yes No (circle one)

Does this transfer qualify as a wash sale? Yes No (circle one)

If these shares are being acquired, acquisition date _____ at a cost of $ .20

Current Owner(s) Signatures: _____

Today's Date: 7/22/16 Telephone: 818-233-8689 E-Mail: hjktradeinc@gmail.com_____
7/29/16  H.K

Medallion Guarantee Stamp Area:

SIGNATURE GUARANTEED
MEDALLION GUARANTEED
WELLS FARGO BANK N.A.

AUTHORIZED SIGNATURE
X 0 2 0 9 4 5 3
SECURITIES TRANSFER AGENTS MEDALLION PROGRAM
(84230)

Certificate Delivery Instructions: Method of Sending (check one)  FEDEX ___ DHL ___ UPS ___
Account Number: _____

Contact Name: Hovik Kostandyan Phone: _ 818-233-8689_____
Address: _____

12-2

EXHIBIT 12
68



EXHIBIT 12
69

The following abbreviations, when used in the inscription of the face of this certificate, shall be construed as though they were written out in full according to applicable laws or regulations:

TEN COM — as tenants in common

TEN ENT — as tenants by the entireties

JT TEN — as joint tenants with right of survivorship and not as tenants in common

UNIF GIFT MIN ACT — _____ Custodian_____
                                    (Cust)                              (Minor)
                     under Uniform Gifts to Minors Act

                     _____
                                    (State)

Additional abbreviations may also be used though not in the above list.

*For Value Received,* _____ *hereby sells, assigns and transfers unto*

PLEASE INSERT SOCIAL SECURITY
OR OTHER IDENTIFYING NUMBER

(PLEASE PRINT OR TYPE NAME AND ADDRESS INCLUDING POSTAL ZIP CODE OF ASSIGNEE)

*Shares of the Capital Stock represented by this Certificate and hereby irrevocably constitutes and appoints*

*Attorney to transfer the said stock on the books of the within-named Corporation with full power of substitution in the premises.*

*Dated* _____

NOTICE   THE SIGNATURE(S) TO THIS ASSIGNMENT MUST CORRESPOND WITH THE NAME(S) AS WRITTEN UPON THE FACE OF THIS CERTIFICATE IN EVERY PARTICULAR WITHOUT ALTERATION OR ENLARGEMENT OR ANY CHANGE WHATSOEVER.

SIGNATURE(S) GUARANTEED

THE SECURITIES REPRESENTED HEREBY HAVE NOT BEEN REGISTERED UNDER THE UNITED STATES FEDERAL OR STATE SECURITIES LAWS AND MAY NOT BE OFFERED FOR SALE, SOLD, OR OTHERWISE TRANSFERRED ON THE BOOKS OF THE COMPANY, WITHOUT REGISTRATION OF SUCH SECURITIES UNDER ALL APPLICABLE UNITED STATES FEDERAL OR STATE SECURITIES LAWS OR COMPLIANCE WITH AN APPLICABLE EXEMPTION THEREFROM, SUCH COMPLIANCE, AT THE OPTION OF THE COMPANY, TO BE EVIDENCED BY AN OPINION OF SHAREHOLDER'S COUNSEL, IN A FORM ACCEPTABLE TO THE COMPANY, THAT NO VIOLATION OF SUCH

NOTICE   THE SIGNATURE(S) SHOULD BE GUARANTEED BY AN ELIGIBLE GUARANTOR INSTITUTION, (BANKS, STOCKBROKERS, SAVINGS AND LOAN ASSOCIATION AND CREDIT UNIONS) WITH MEMBERSHIP IN AN APPROVED SIGNATURE GUARANTEE MEDALLION PROGRAM PURSUANT TO S.E.C. RULE 17AD-15.

12-4

**EXHIBIT 12**
**70**

Print Form

## IRREVOCABLE STOCK POWER

**FOR VALUE RECEIVED, the undersigned does hereby sell, assign and transfer unto:**

HJK TRADE INC                                               81-2651997
_____      _____
Name                                                       Social Security/Tax ID Number

5730 KATHERINE AVE   VAN NUYS CA 91401
_____
                                    Address

213,000
_____      shares of the Common Stock of:
         Number of shares

Gopher Protocol Inc.
_____
                                    Issuer name

**Represented by:**

373
_____
                                 Certificate Number(s)

and does hereby irrevocably constitute and appoint Empire Stock Transfer Inc. to transfer the said stock on the books of the within-named Corporation with full power of substitution in the premises.

_____          ~~7/27/16~~ 7/27/16     N. 1
Signed                                                                      Dated

NOTICE: The signature(s) to this assignment must correspond with the name(s) as written upon the face of this certificate in every particular without alteration or enlargement or any change whatsoever.

SIGNATURE GUARANTEED
MEDALLION GUARANTEED
WELLS FARGO BANK, N.A.

AUTHORIZED SIGNATURE
X 0 2 0 9 3 0 3
(8428)

Signature Guaranteed (Guarantor: Affix stamp here)
Medallion Signature Guarantee (Guarantor: Affix stamp here)

12-5

**EXHIBIT 12**
71

al

R†.357

Reusable



To reuse, cover or mark through any previous shipping information.

ORIGIN ID:VNYA  (818) 235-8689
HJK TRADE INC
5730 KATHERINE AVE
VAN NUYS, CA 91401
UNITED STATES US

SHIP DATE: 27JUL16
ACTWGT: 0.20 LB
CAD: 6992822/SSF01704

BILL CREDIT CARD

**TO EMPIRE STOCK TRANSFER**

**1859 WHITNEY MESA DR**

**HENDERSON NV 89014**

(000) 000-0000     REF:
INV:
PO:               DEPT:

**FedEx**
Express

**E**

REL#
3785346

TRK# 7836 8400 4158
0201

THU – 28 JUL 10:30A
PRIORITY OVERNIGHT

**QV LASA**          89014
                    NV-US  LAS

Align bottom of peel-and-stick airbill or pouch here

12-6

EXHIBIT 12
72

# Log Sheet

Issuer:              GOPH-Gopher Protocol Inc.

Received:            07/28/16      10:19 AM              ID/SCL#: 38268V108373

Received From:   HJK TRADE INC

How Received:    FEDEX

Track Number In:  783684004158

Control Ticket:    STTK000000061503

SEC Item Count:      1      Routine

Contents:            373


Transaction No.:   329                  Completed: 07/28/16

Track Number Out: FEDEX 776871217400

Sent To:            Individual Shareholders


Fees:        Due:              Rcvd:              Check #:

Assigned To:

Certificate Number(s) or Book Entry ID's:  1

           CS3-405 (RESTRICTED CONTROL)

Comments:      _____

               _____

               _____


Initials      Date

_____  _____  Logged In

_____  _____  Medallion Verified

_____  _____  Review Documents

_____  _____  Processed by

_____  _____  Stamp Certificates as Canceled and Transferred

_____  _____  Final Review/Authentification

_____  _____  Batch Completed and Made Available

_____  _____  Management Review

12-7

EXHIBIT 12
73

7/28/2016                                    FedEx Ship Manager - Print Your Label(s)



**After printing this label:**
1. Use the 'Print' button on this page to print your label to your laser or inkjet printer.
2. Fold the printed page along the horizontal line.
3. Place label in shipping pouch and affix it to your shipment so that the barcode portion of the label can be read and scanned.

**Warning:** Use only the printed original label for shipping. Using a photocopy of this label for shipping purposes is fraudulent and could result in additional billing charges, along with the cancellation of your FedEx account number.
Use of this system constitutes your agreement to the service conditions in the current FedEx Service Guide, available on fedex.com.FedEx will not be responsible for any claim in excess of $100 per package, whether the result of loss, damage, delay, non-delivery,misdelivery,or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim.Limitations found in the current FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic value of the package, loss of sales, income interest, profit, attorney's fees, costs, and other forms of damage whether direct, incidental,consequential, or special is limited to the greater of $100 or the authorized declared value. Recovery cannot exceed actual documented loss.Maximum for items of extraordinary value is $1,000, e.g. jewelry, precious metals, negotiable instruments and other items listed in our ServiceGuide. Written claims must be filed within strict time limits, s see current FedEx Service Guide.

12-8

**EXHIBIT 12**
74



NUMBER
405

COMMON STOCK

SHARES
***213,000***

COMMON STOCK
CUSIP 38268V108

SEE REVERSE FOR CERTAIN DEFINITIONS

GOPHER PROTOCOL INC.

Par Value $.00001

INCORPORATED UNDER THE LAWS OF THE STATE OF
NEVADA

RESTRICTED
CONTROL

THIS CERTIFIES THAT

***HJK Trade Inc***

is the Owner of *** Two Hundred Thirteen Thousand ***

FULLY PAID AND NON-ASSESSABLE SHARES OF COMMON STOCK OF

GOPHER PROTOCOL INC.

transferable on the books of the Corporation by the holder hereof, in person or by duly authorized attorney, upon surrender of this Certificate properly endorsed. This Certificate is not valid until countersigned by the Transfer Agent and registered by the Registrar.

Witness this facsimile seal of said Corporation and the facsimile signatures of its duly authorized officers.

Dated: July 28, 2016

COUNTERSIGNED AND REGISTERED:
EMPIRE STOCK TRANSFER INC.
Transfer Agent and Registrar

By

AUTHORIZED SIGNATURE

SECRETARY

PRESIDENT

CORPORATE
NEVADA
SEAL
July 22, 2009

B 69248

12-9

EXHIBIT 12
75

**Empire Stock Transfer**

**GOPH  - Gopher Protocol Inc.**

**Stock Transfer - Final Transaction Report**

7/28/16
2:50 pm
Page 1 of 1

Control Ticket Number:  STTK000000061493

Type of Stock being Transferred:    CS3

Paper certifs being Transferred from: 1

Paper certifs being Transferred to:    1

Transaction Number    328          Transfer Date: 07/28/16

Total Shares  213,000                  Sale Amt/share:$ 0.00000

Received From:  PAUL KOZLOV

Received: 07/27/16 at 12:25    Tran Type:Routine    Item Count:  1

How Received:FEDEX

Tax Reason: Gift      Gifted: 07/28/16    FMV/share:
$0.00000

Sent: 07/28/16 at 14:50            How Sent:  FEDEX

Outgoing Tracking Number:   776871106363

|  | | -----Transfer From----- | | | | -----Transfer To----- | | |
|---|---|---|---|---|---|---|---|---|
| Line # | Shareholder | | Certificate Number | Number of Shares | Line # | Shareholder | Certificate Number | Shares per Certif |
| 1 | 121  Reko Holdings, LLC | | CS3  375 | 213,000 | 1 | 137   AMP Group Holdings, Inc. | CS3  404 | 213,000 |
| | | | | RESTRICTED CONTROL | | | | RESTRICTED CONTROL |
| | | | | 213,000 | | Number of new certs: 1 | | 213,000 |

Restricted Verification

Stamp _____

Legend _____

Completed By: RDP        Report Run By: RDP 07/28/16  2:50:18 pm

12-10

**EXHIBIT 12**
76

## Log Sheet

| | |
|---|---|
| Issuer: | GOPH-Gopher Protocol Inc. |
| Received: | 07/27/16        12:25 PM         ID/SCL#: 38268V108375 |
| Received From: | PAUL KOZLOV |
| How Received: | FEDEX |
| Track Number In: | 783674345328 |
| Control Ticket: | STTK000000061493 |
| SEC Item Count: | 1     Routine |
| Contents: | 375 |

| | |
|---|---|
| Transaction No.: | 328                    Completed: 07/28/16 |
| Track Number Out: | FEDEX 776871106363 |
| Sent To: | Individual Shareholders |

| | |
|---|---|
| Fees: | Due:                    Rcvd:                    Check #: |
| Assigned To: | |

Certificate Number(s) or Book Entry ID's: **1**

CS3-404 (RESTRICTED CONTROL)

Comments: _____

_____

_____

_____

Initials     Date

_____ _____ Logged In

_____ _____ Medallion Verified

_____ _____ Review Documents

_____ _____ Processed by

_____ _____ Stamp Certificates as Canceled and Transferred

_____ _____ Final Review/Authentification

_____ _____ Batch Completed and Made Available

_____ _____ Management Review

12-11

EXHIBIT 12
77

7/28/2016                                  FedEx Ship Manager - Print Your Label(s)



**After printing this label:**
1. Use the 'Print' button on this page to print your label to your laser or inkjet printer.
2. Fold the printed page along the horizontal line.
3. Place label in shipping pouch and affix it to your shipment so that the barcode portion of the label can be read and scanned.

**Warning:** Use only the printed original label for shipping. Using a photocopy of this label for shipping purposes is fraudulent and could result in additional billing charges, along with the cancellation of your FedEx account number.
Use of this system constitutes your agreement to the service conditions in the current FedEx Service Guide, available on fedex.com.FedEx will not be responsible for any claim in excess of $100 per package, whether the result of loss, damage, delay, non-delivery,misdelivery,or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim.Limitations found in the current FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic value of the package, loss of sales, income interest, profit, attorney's fees, costs, and other forms of damage whether direct, incidental,consequential, or special is limited to the greater of $100 or the authorized declared value. Recovery cannot exceed actual documented loss.Maximum for items of extraordinary value is $1,000, e.g. jewelry, precious metals, negotiable instruments and other items listed in our ServiceGuide. Written claims must be filed within strict time limits, see current FedEx Service Guide.

12-12

**EXHIBIT 12**
**78**

RECEIVED
(W)
JUL 27 2016

EMPIRE STOCK TRANSFER, INC.
*Confile - AMP Hold
** Legend Remains
(325)

# Transfer Instruction Form

Company Name & CUSIP No: __GOPHER PROTOCOL, INC. CUSIP 38268V108__
Certificate Number: __375__ Total    Number    of    Shares: 213,000
Current Shareholder: REKO HOLDING, LLC

SS or Tax ID Number: _____

This certificate was acquired on Date)                    at a cost of $ _____
4/2/15

New Name/Registration: __AMP GROUP HOLDINGS INC.__

New Address: 4610 Densmore Ave. #15, Encino, CA 91436

SS or Tax ID Number: 81-096896

Number of Shares Being Transferred: __213,000__

Are these shares a gift? Yes No (circle one)

Are the recipients inheriting the shares from an estate? Yes No (circle one)

Does this transfer qualify as a wash sale? Yes No (circle one)

If these shares are being acquired, acquisition date_____at a cost of $ .20

Current Owner(s) Signatures: _____

Today's Date:7/19/16 Telephone: 818-231-2121 E-Mail: _paulpasha1@gmail.com_____

Medallion Guarantee Stamp Area:

Certificate Delivery Instructions: Method of Sending (check one)   FEDEX   DHL   UPS __
                                                                   Account Number: _____

Contact Name: Paul Kozlov Phone: _818-231-2121_____
Address: _____

12-13

EXHIBIT 12
79



The following abbreviations, when used in the inscription of the face of this certificate, shall be construed as though they were written out in full according to applicable laws or regulations:

| | | |
|---|---|---|
| TEN COM | — as tenants in common | |
| TEN ENT | — as tenants by the entireties | |
| JT TEN | — as joint tenants with right of survivorship and not as tenants in common | |

UNIF GIFT MIN ACT — _____ Custodian _____
(Cust)                                (Minor)
under Uniform Gifts to Minors Act

_____
(State)

Additional abbreviations may also be used though not in the above list.

*For Value Received,* _____ *hereby sells, assigns and transfers unto*

PLEASE INSERT SOCIAL SECURITY
OR OTHER IDENTIFYING NUMBER

_____

(PLEASE PRINT OR TYPE NAME AND ADDRESS INCLUDING POSTAL ZIP CODE OF ASSIGNEE)

_____ *Shares*

*of the Capital Stock represented by this Certificate and hereby irrevocably constitutes and appoints*

_____ *Attorney*

*to transfer the said stock on the books of the within-named Corporation with full power of substitution in the premises.*

*Dated* _____

NOTICE    THE SIGNATURE(S) TO THIS ASSIGNMENT MUST CORRESPOND WITH THE NAME(S) AS WRITTEN UPON THE FACE OF THIS CERTIFICATE IN EVERY PARTICULAR WITHOUT ALTERATION OR ENLARGEMENT OR ANY CHANGE WHATSOEVER.

SIGNATURE(S) GUARANTEED

THE SECURITIES REPRESENTED HEREBY HAVE NOT BEEN REGISTERED UNDER THE UNITED STATES FEDERAL OR STATE SECURITIES LAWS AND MAY NOT BE OFFERED FOR SALE, SOLD, OR OTHERWISE TRANSFERRED ON THE BOOKS OF THE COMPANY, WITHOUT REGISTRATION OF SUCH SECURITIES UNDER ALL APPLICABLE UNITED STATES FEDERAL OR STATE SECURITIES LAWS OR COMPLIANCE WITH AN APPLICABLE EXEMPTION THEREFROM, SUCH COMPLIANCE, AT THE OPTION OF THE COMPANY, TO BE EVIDENCED BY AN OPINION OF SHAREHOLDER'S COUNSEL, IN A FORM ACCEPTABLE TO THE COMPANY, THAT NO VIOLATION OF SUCH

NOTICE    THE SIGNATURE(S) SHOULD BE GUARANTEED BY AN ELIGIBLE GUARANTOR INSTITUTION, (BANKS, STOCKBROKERS, SAVINGS AND LOAN ASSOCIATION AND CREDIT UNIONS) WITH MEMBERSHIP IN AN APPROVED SIGNATURE GUARANTEE MEDALLION PROGRAM PURSUANT TO S.E.C. RULE 17AD-15.

12-15

**EXHIBIT 12**
**81**

Print Form

## IRREVOCABLE STOCK POWER

FOR VALUE RECEIVED, the undersigned does hereby sell, assign and transfer unto:

AMP GROUP HOLDINGS, INC.

Name

81-0968896

Social Security/Tax ID Number

4610 DENSMORE AVE. #15, ENCINO, CA 91436

Address

213,000

Number of shares

shares of the Common Stock of:

GOPHER PROTOCOL INC.

Issuer name

Represented by:

375

Certificate Number(s)

and does hereby irrevocably constitute and appoint Empire Stock Transfer Inc. to transfer the said stock on the books of the within-named Corporation with full power of substitution in the premises.

Signed

07/25/2016

Dated

NOTICE: The signature(s) to this assignment must correspond with the name(s) as written upon the face of this certificate in every particular without alteration or enlargement or any change whatsoever.

SIGNATURE GUARANTEED
MEDALLION GUARANTEED
WELLS FARGO BANK, N.A.

AUTHORIZED SIGNATURE
X 0 2 0 9 3 5 3

SECURITIES TRANSFER AGENTS MEDALLION PROGRAM

Signature Guaranteed (Guarantor: Affix stamp here)

12-16

EXHIBIT 12
82



FedEx carbon-neutral
envelope shipping

ORIGIN ID:VNYA  (818) 231-2121
PAUL KOZLOV

4610 DENSMORE AVE
# 15
ENCINO, CA 91436
UNITED STATES US

SHIP DATE: 26JUL16
ACTWGT: 0.20 LB
CAD: 6892920/SSF01704

BILL CREDIT CARD

TO **EMPIRE STOCK TRANSFER**

**1859 WHITNEY MESA DR**

**HENDERSON NV 89014**
(702) 818-5898           REF:



FedEx
Express

E

WED – 27 JUL 3:00P
TRK# **7836 7434 5328**    STANDARD OVERNIGHT

**QV LASA**                89014
                          NV-US  LAS



12-17

**EXHIBIT 12**
83



NUMBER
404

COMMON STOCK

SHARES
***213,000***

COMMON STOCK
CUSIP 38268V108

SEE REVERSE FOR CERTAIN DEFINITIONS

GOPHER PROTOCOL INC.

Par Value $.00001
INCORPORATED UNDER THE LAWS OF THE STATE OF
NEVADA

THIS CERTIFIES THAT

*** AMP Group Holdings, Inc.***

is the Owner of *** Two Hundred Thirteen Thousand ***

FULLY PAID AND NON-ASSESSABLE SHARES OF COMMON STOCK OF
GOPHER PROTOCOL INC.

transferable on the books of the Corporation by the holder hereof, in person or by duly authorized attorney, upon surrender of this Certificate properly endorsed. This Certificate is not valid until countersigned by the Transfer Agent and registered by the Registrar.

Witness this facsimile seal of said Corporation and the facsimile signatures of its duly authorized officers.

Dated: July 28, 2016
COUNTERSIGNED AND REGISTERED:
EMPIRE STOCK TRANSFER INC.
                    Transfer Agent and Register

By
AUTHORIZED SIGNATURE

PRESIDENT

SECRETARY

CORPORATE
SEAL
NEVADA
GOPHER PROTOCOL INC.
July 22, 2009

B   69247

12-18

EXHIBIT 12
84

# EXHIBIT 13

**Roberta Mors**

| | |
|---|---|
| **From:** | mo <schnappmoshe@gmail.com> |
| **Sent:** | Friday, August 12, 2016 6:43 PM |
| **To:** | Roberta Mors; Brian Barthlow |
| **Cc:** | Michael D. Murray; Mo |
| **Subject:** | Re: Empire Stock Transfer Inc. - Legend Removal Notice Gopher Protocol Inc. 401 187,500 Shares 8.11.16 |

| | |
|---|---|
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Completed |

## STOP!

Explanation:

1. Legal opinion is **TOTALLY DEFECTIVE** as it has discrepancies on page 2 & 3 - The opinion describe transfer of 62,000 shares (3 times) while the correspondent certificate is for 62,500. Moreover, the opinion describing sale of 62,000 shares while the ONLY one agreement that was attached is for 62,500 shares. The opinion missing the two other/additional agreements that it described. It seems as the opinion should be RE_WRITEN.
2. The Company **could not find an indemnification package** for the transfer and issuance of certificate # 401 and as such basically "in the dark" for said transfer/issuance.

> On Aug 12, 2016, at 4:01 PM, Roberta Mors <roberta@empirestock.com> wrote:
>
> Attached you will find a restrictive legend removal request that we have received. We are sending this optional notification as previously discussed. We will process the request tomorrow morning as long as the transfer is in good order. No action by the issuer is necessary unless there is a known circumstance under which the legend should not be removed. Please advise if this is the case by sending a STOP request and explanation by email or fax. We will review the STOP and proceed accordingly. We hope this will assist in communication of transfer activity and further our client relationship. Please let us know if you have any special needs that we might be able to assist with.
>
> Thanks,
>
> Roberta Mors
> Empire Stock Transfer Inc.
>
> --------------------
>
> Additionally, here is some information that might be of assistance to our public company clients.
>
> We have EDGAR an filings department. You'll benefit from high quality and reliable services without the hidden fees associated with many other EDGAR filers. We provide fast turn-around

1

13-1

**EXHIBIT 13**
**85**

Page 1 of 1



**After printing this label:**
1. Use the 'Print' button on this page to print your label to your laser or inkjet printer.
2. Fold the printed page along the horizontal line.
3. Place label in shipping pouch and affix it to your shipment so that the barcode portion of the label can be read and scanned.

Warning: Use only the printed original label for shipping. Using a photocopy of this label for shipping purposes is fraudulent and could result in additional billing charges, along with the cancellation of your FedEx account number.
Use of this system constitutes your agreement to the service conditions in the current FedEx Service Guide, available on fedex.com.FedEx will not be responsible for any claim in excess of $100 per package, whether the result of loss, damage, delay, non-delivery,misdelivery,or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim.Limitations found in the current FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic value of the package, loss of sales, income interest, profit, attorney's fees, costs, and other forms of damage whether direct, incidental,consequential, or special is limited to the greater of $100 or the authorized declared value. Recovery cannot exceed actual documented loss.Maximum for items of extraordinary value is $1,000, e.g. jewelry, precious metals, negotiable instruments and other items listed in our ServiceGuide. Written claims must be filed within strict time limits, see current FedEx Service Guide.

httns://www.fedex.com/shipping/html/en//PrintIFrame.html

8/18/2016

13-2

**EXHIBIT 13**
**86**

Gopher

**Casey Weseloh**

| | |
|---|---|
| **From:** | Casey Weseloh |
| **Sent:** | Monday, August 22, 2016 9:56 AM |
| **To:** | 'afulton@alpine-securities.com' |
| **Cc:** | info@empirestock.com |
| **Subject:** | Gopher Transfers GSS & AMP |
| **Attachments:** | Gopher Amp 8.22.16.pdf; Gopher GSS 8.22.16.pdf |

Hello,

Thank you for taking my call earlier.

Attached are the 2 transfers that the Company is rejecting the Legal Opinion. Please read all the concerns on the front page from the Company.

I am allowing up until Wednesday August 24 to receive the items to represent to the Company. If we do not receive them we will be rejecting them back.

Thank you for your help!

Casey Weseloh
**Empire Stock Transfer Inc.**
casey@empirestock.com | P (702) 818-5898 | F (702) 974-1444 | www.empirestock.com

We are a full-service agent offering:
Transfer Agent & Registrar | EDGAR Filings | Proxy/Annual Meetings | Resident Agent Servic     es

Let us do what we do best so you can do what you do best – run your business.
**Small Cap Agents for Today's Business**

CONFIDENTIALITY NOTICE: This e-mail and any attached documents contain information which is PRIVILEGED, PROPRIETARY and CONFIDENTIAL, are protected by the Electronic Communications Privacy Act, 18 U.S.C. Sections 2510-2521, Federal and State copyright laws, and are intended only for the use of the recipient(s) named herein. No part of this document or any attachments may be reproduced or transmitted without permission from Empire Stock Transfer Inc. If you are not the intended recipient, you are hereby notified that any disclosure, distribution, or the taking of any action in reliance upon the contents of this communication is strictly prohibited. If you have received this transmission in error, please notify us immediately.

1

13-3

**EXHIBIT 13**
**87**

**Roberta Mors**

| | |
|---|---|
| From: | mo <schnappmoshe@gmail.com> |
| Sent: | Friday, August 19, 2016 6:43 PM |
| To: | Roberta Mors; Brian Barthlow; Matthew Blevins |
| Cc: | Michael D. Murray; Mo |
| Subject: | Re: Empire Stock Transfer Inc. - Legend Removal Notice Gopher Protocol Inc. 401 187,500 Shares 8.19.16 |

*afulton @ alpme-ceves*

# STOP!

1. Legal opinion is **TOTALLY DEFECTIVE (again...)** as it has discrepancies on page 3 - The opinion describe that Direct Communication sold 65,000 shares while if it sold it sold only 62,500. In the same sentence the opinion describe that the certificate is for 62,500. It seems as the opinion should be RE_WRITEN.
2. The attached ONE agreement of the sale has discrepancies which cannot be explained. The agreement has the date 7/21/2016, while per the agreement closing will take place on 6/29/2016 (before the agreement was signed????) and the check is dated 6/25/2016 (before closing????).
3. The certificate holder seek legend removal cert # 401 was issued on 7/20/2016 (without the company indemnification package) - **How can a cert being issued on 7/20/2016 when the corresponds agreement was signed day after?** (See 2 above)
4. The Company **could not find an indemnification package** for the transfer and issuance of certificate # 401 and as such basically "in the dark" for said transfer/issuance.
5. The Company request a FULL copy of ALL documents that were provided and caused the issuance of cert # 401.

1

13-4

EXHIBIT 13
88

**Roberta Mors**

| | |
|---|---|
| **From:** | Roberta Mors |
| **Sent:** | Friday, August 19, 2016 3:48 PM |
| **To:** | 'm.d.murray2010@gmail.com'; 'schnappmoshe@gmail.com' |
| **Subject:** | Empire Stock Transfer Inc. - Legend Removal Notice Gopher Protocol Inc. 401 187,500 Shares 8.19.16 |
| **Attachments:** | Gopher 401 187,500 Shares 8.19.16.pdf |

Attached you will find a restrictive legend removal request that we have received. We are sending this optional notification as previously discussed. We will process the request tomorrow morning as long as the transfer is in good order. No action by the issuer is necessary unless there is a known circumstance under which the legend should not be removed. Please advise if this is the case by sending a STOP request and explanation by email or fax. We will review the STOP and proceed accordingly. We hope this will assist in communication of transfer activity and further our client relationship. Please let us know if you have any special needs that we might be able to assist with.

Thanks,

*Process 8-22-16*

Roberta Mors
Empire Stock Transfer Inc.

---------------------

Additionally, here is some information that might be of assistance to our public company clients.

We have EDGAR an filings department. You'll benefit from high quality and reliable services without the hidden fees associated with many other EDGAR filers. We provide fast turn-around times and offer a complete range of filing services, from registration statements to periodic reports, in all EDGAR formats. Documents are handled by our staff only. Nothing is sent outside our office or outside the country. When outsourcing documents to Empire Stock Transfer, you will receive accurate and punctual filing using our advanced conversion technology. Our staff maintains the expertise to file your documents quickly and efficiently. Our EDGAR Filing Service produces high-quality documents with minimal effort, allowing us to dedicate ourselves to customer service and value. Our straightforward, itemized pricing structure guarantees that you will never be surprised upon receiving a statement.

We are a DTCC FAST participant agent. FAST is The Depository Trust Company's Fast Automated Securities Transfer service. What makes it fast and automated is that it does away with paperwork and paper securities almost completely, so that securities transfer agents can electronically provide custody, transfer, deposit and withdrawal services very quickly and efficiently. One feature of FAST is its balancing confirmation system, which delivers a daily record of the opening position, total credits, total debits and closing position in each FAST issue involved in a transaction the previous day.

What is DTC eligibility? This means that your company's stock is eligible for deposit with DTC aka "Cede & Co" aka the Street. Your company's security holders will be able to deposit their particular shares with a brokerage firm. Clearing firms, as full participants with DTC, handle the DTC eligibility submissions to DTC. Transfer agents were responsible for eligibility coordination years ago. Now, in order to make a new issue of securities eligible for DTC's delivery services, a completed and signed eligibility questionnaire must be

1

13-5

**EXHIBIT 13**
**89**

RECEIVED

**ALPINE SECURITIES**
*Stock Brokerage & Investment Company*

August 10, 2016

Empire Stock Transfer
1859 Whitney Mesa Dr
Henderson, NV 89014

[X] Restricted Email  [ ] Indemnity Notice
[ ] Indemnity Required  [ ] Transfer Notice
[ ] No Medallion  [ ] No Fees
[ ] No Instructions  [ ] Indemnity Attached

[ ] Other _____

### Transfer Instructions

CUSIP: 38268V108   Security Name: GOPHER PROTOCOL INC

### Certificates to Cancel

RECEIVED

| Description: | Date: | Certificates: | Denomination: |
|---|---|---|---|
| GSS GROUP LLC | 7/20/2016 | 401 | 187,500 |

### Certificates to Issue

| Account Name: | ID: | Denominations: | Fees: |
|---|---|---|---|
| ALPCO | 87-0403873 | | |
| 39 Exchange Place | | 187,500 | 60.00 |
| Salt Lake City, UT 84111 | | *UNRESTRICTED* | |
| | | Reject Fee: | 75.00 |
| | | REMOVAL FEE: | 100.00 |
| | | CANCEL FEE: | 10.00 |
| Totals: | | 187,500 | 170.00 |

+ 75.00

245.00

Instructions: RULE 144 FREE UP
Account #: 308082083
TCN #: 308082083 223 2016

### *** Please call if Payment is incorrect***

AF

**Please remit certificates after transfer via FedEx Priority Overnight back to:**

Alpine Securities
39 Exchange Place
Salt Lake City, UT 84111
Tel# 801-355-5588
**FedEx # 121560747**

39 Exchange Place    Salt Lake City, UT 84111
p (801) 355-5588    f (801) 355-5742    toll free (800) 274-5588    www.alpine-securities.com
Member FINRA/SIPC

13-6

**EXHIBIT 13**
**90**



NUMBER
401

COMMON STOCK

SHARES
***187,500***

COMMON STOCK
CUSIP 38268V108

SEE REVERSE FOR CERTAIN DEFINITIONS

GOPHER PROTOCOL INC.

Par Value $.00001

INCORPORATED UNDER THE LAWS OF THE STATE OF
NEVADA

THIS CERTIFIES THAT

***GSS Group LLC***

Is the Owner of*** One Hundred Eighty-Seven Thousand Five Hundred ***

FULLY PAID AND NON-ASSESSABLE SHARES OF COMMON STOCK OF

GOPHER PROTOCOL INC.

transferable on the books of the Corporation by the holder hereof, in person or by duly authorized attorney, upon surrender of this Certificate properly endorsed. This Certificate is not valid until countersigned by the Transfer Agent and registered by the Registrar.

Witness this facsimile seal of said Corporation and the facsimile signatures of its duly authorized officers.

Dated: July 20, 2016

COUNTERSIGNED AND REGISTERED
EMPIRE STOCK TRANSFER INC.
Transfer Agent and Registrar

By
AUTHORIZED SIGNATURE

SECRETARY

PRESIDENT

RESTRICTED

CORPORATE
NEVADA
July 22, 2009
SEAL

EXHIBIT 13
91

B   69238

The following abbreviations, when used in the inscription of the face of this certificate, shall be construed as though they were written out in full according to applicable laws or regulations:

| | | |
|---|---|---|
| TEN COM | — as tenants in common | |
| TEN ENT | — as tenants by the entireties | |
| JT TEN | — as joint tenants with right of survivorship and not as tenants in common | |

UNIF GIFT MIN ACT — _____ Custodian _____
                           (Cust)                 (Minor)
under Uniform Gifts to Minors Act

_____
        (State)

Additional abbreviations may also be used though not in the above list.

*For Value Received,* _____ *hereby sells, assigns and transfers unto*

PLEASE INSERT SOCIAL SECURITY
OR OTHER IDENTIFYING NUMBER

_____

(PLEASE PRINT OR TYPE NAME AND ADDRESS INCLUDING POSTAL ZIP CODE OF ASSIGNEE)

_____ *Shares*

*of the Capital Stock represented by this Certificate and hereby*

*irrevocably constitutes and appoints*

_____ *Attorney*

*to transfer the said stock on the books of the within-named Corporation*

*with full power of substitution in the premises.*

*Dated* _____

NOTICE   THE SIGNATURE(S) TO THIS ASSIGNMENT MUST CORRESPOND WITH THE NAME(S) AS WRITTEN UPON THE FACE OF THIS CERTIFICATE IN EVERY PARTICULAR WITHOUT ALTERATION OR ENLARGEMENT OR ANY CHANGE WHATSOEVER.

SIGNATURE(S) GUARANTEED

NOTICE   THE SIGNATURE(S) SHOULD BE GUARANTEED BY AN ELIGIBLE GUARANTOR INSTITUTION, (BANKS, STOCKBROKERS, SAVINGS AND LOAN ASSOCIATION AND CREDIT UNIONS) WITH MEMBERSHIP IN AN APPROVED SIGNATURE GUARANTEE MEDALLION PROGRAM PURSUANT TO S.E.C. RULE 17AD-15.

**RESTRICTED**

13-8

EXHIBIT 13
92

308082083

## IRREVOCABLE STOCK POWER

**FOR VALUE RECEIVED,** the undersigned does (do) hereby sell, assign and transfer to

_____

_____

_____

| | |
|---|---|
| | (INITIAL MATURITY OR TAXPAYER IDENTIFICATION) |

**PLEASE COMPLETE THIS PORTION**

_____ shares of the _____ stock of _____

represented by Certificate(s) No(s) _____ inclusive,

standing in the name of the undersigned on the books of said Company.

The undersigned does (do) hereby irrevocably institute and appoint _____

_____ attorney to transfer the said stock or bond(s), as the case may be, on

the books of said Company, with full power of substitution in the premises.

Dated _____ 08/08/16

GARY SHIRINYAN

PRINTED NAME                          PRINTED NAME

SIGNATURE GUARANTEED                  SIGNATURE GUARANTEED
MEDALLION GUARANTEED                  MEDALLION GUARANTEED
ALPINE SECURITIES                     ALPINE SECURITIES
CORPORATION                           CORPORATION

A007 1092                             A007 1092

13-9

**EXHIBIT 13**
**93**

## LIMITED LIABILITY COMPANY CERTIFICATION

Name of Limited Liability Company: __GSS GROUP LLC___

State of Organization: _____

Please specify one of the following:

_____ MEMBER MANAGED LLC This Company is member managed and has appointed a Designated Member whose

name is _____, All other members' names are set forth below.

_____          _____

_____          _____

OR

_BC_ MANAGER MANAGED LLC This Company is manager managed and has appointed a Manager whose name is

__cany SHIKINYan,___

1.  The undersigned is either a Manager or all of the Members of the Limited Liability Company whose name(s) and state of organization are set forth above.
2.  The undersigned represents that the undersigned is duly authorized and empowered to execute this certification on behalf of the company.
3.  The undersigned acknowledges that for the purposes of this certification the following terms have the meaning specified:
    - "Account" means an account for the execution of transaction in securities and such other services provided from time to time.
    - "Company" means the limited liability company whose name and state of organization are set forth above.
    - "Designated Member" means the member of the Company designated herein which the members of the Company have duly authorized and empowered to deal with and on behalf of the account in accordance with the representations, warranties, and certification contained therein.

    - "Organizational Documents" means the Articles of Organization, the Operating Agreement, and any other documents memorializing the decisions of, or resolutions adopted by, the members of the company.
4.  The undersigned represents, warrants, and certifies that:
    a.  Any statement of purpose of the Company in any of the Organizational documents which purports to limit the activities of the Company does not restrict the authority of the Company to purchase, hold, sell, transfer assign or otherwise deal in securities of any kind.
    b.  The Organization Documents authorize and empower the Manager or the Designated Member for the account of, and on behalf of, the Company without limit to:
        - Open and maintain an Account in the name of the Company and enter into and execute agreements; and, do all things which are necessary to open and maintain such account.
        - Direct the purchase, sale, or transfer of stocks, bonds, put and call options and other securities, to borrow money secured by assets in the account (margin), and to issue such other instructions as are necessary for the operation of the account.
        - Receive notices, demands, confirmations, statements of account and communications of any kind relating to the operation of, or assets in the account.
        - Direct that the securities be transferred to another account for, or transferred into, the name of the Company or any third party, including an account for, or in the name of, of the Manger or Designated Member. In addition, to direct the funds and other assets be distributed on behalf of the Company or any third party, including any Manger or Designated Member, or an account for any of them.
    c.  Nothing in the Organizational Documents limits the authority or power of the Manager or Designated Member to manage or exercise control over or on behalf of the Account or the assets thereof.
    d.  A true and correct copy of the Articles of organization as presently filed with the Secretary of State or as otherwise required in the state of organization is attached hereto; or, has otherwise been provided.

IF MANAGER MANAGED, MANAGER MUST SIGN BELOW, OR IF MEMBER MANAGED, ALL MEMBERS MUST SIGN BELOW.

__05/18/16__          X_____
DATE                     MANAGER OR DESIGNATED MEMBER SIGNATURE

X_____
MEMBER SIGNATURE (if Applicable)

X_____
MEMBER SIGNATURE (if Applicable)

X_____
MEMBER SIGNATURE (if Applicable)

X_____
MEMBER SIGNATURE (if Applicable)

SIGNATURE GUARANTEED
MEDALLION GUARANTEED
ALPINE SECURITIES
CORPORATION

_Halyyn Fell_
( 007 )                    AUTHORIZED SIGNATURE
                           A 0 0 7 1 0 9 2
SECURITIES TRANSFER AGENTS MEDALLION PROGRAM

Created: 3/25/2013

13-10

EXHIBIT 13
94

## STOCK PURCHASE AGREEMENT

This Stock Purchase Agreement ("Agreement") is entered into as of July 21, 2016 by and between
Trevor J. Merman Living Trust ("Seller") and GSS GROUP LLC ("Purchaser").
Purchaser and Seller may collectively be referred to as the "Parties."

> WHEREAS, Seller is the record owner and holder of shares of the capital stock of
> Gopher Protocol (the "Company"), a California Corporation

> WHEREAS, the Parties desire to enter into this Agreement pursuant to which Purchaser
> will purchase from Seller shares of capital stock of the Company.

> NOW, THEREFORE, in consideration for the promises set forth in this Agreement, the
> Parties agree as follows:

1. PURCHASE AND SALE: Subject to the terms and conditions set forth in this
   Agreement, Purchaser hereby agrees to purchase from Seller, and Seller hereby agrees to
   sell, transfer and convey to the Purchaser *Cert 369 Sixty Two Hundred Thousand Five
   Hundred (62,500)* common shares of Gopher Protocol stock of the Company (the
   "Stock").

2. PURCHASE PRICE: The purchase price for each share of Stock shall be *Twenty cents
   ($.20)* for an aggregate purchase price of *Twelve Thousand Five Hundred Dollars
   ($12,500.00)* (the "Purchase Price"), to be paid to the Seller in cash at the closing.

3. CLOSING: The closing contemplated by this Agreement for the transfer of the Stock
   and the payment of the Purchase Prices shall take place TBD on June 29, 2016 at TBD
   (the "Closing"). The certificates representing the Stock shall be duly endorsed for
   transfer or accompanied by an appropriate stock transfer.

4. REPRESENTATIONS AND WARRANTIES OF SELLER: Seller hereby warrants
   and represents that:

   (a) Restrictions on Stock. The Seller is not a party to any agreements that create
   rights or obligations in the Stock relating to any third party including voting or
   stockholder agreements. The Seller is the lawful owner of the Stock, free and
   clear of any encumbrances, security interests or liens of any kind and has full
   power and authority to sell and transfer the Stock as contemplated in this
   Agreement.

   (b) Organization and Standing. To the Seller's knowledge, the Company is duly
   organized, validly existing and in good standing under the laws of the State of
   Nevada *[insert state of incorporation]* and has full power and authority to own

13-11

EXHIBIT 13
95

and operate its property and assets and to carry on its business as presently conducted.

5.  SEVERABILITY: If any part or parts of this Agreement shall be held unenforceable for any reason, the remainder of this Agreement shall continue in full force and effect. If any provision of this Agreement is deemed invalid or unenforceable by any court of competent jurisdiction, and if limiting such provision would make the provision valid, then such provision shall be deemed to be construed as so limited.

6.  BINDING EFFECT: The covenants and conditions contained in this Agreement shall apply to and bind the parties and the heirs, legal representatives, successors and permitted assigns of the Parties.

7.  BROKER'S FEES:  The Parties represent that there has been no act in connection with the transactions contemplated in this Agreement that would give rise to a valid claim against either party for a broker's fee, finder's fee or other similar payment.

8.  ENTIRE AGREEMENT: This Agreement constitutes the entire agreement between the Parties and supersedes any prior understanding or representation of any kind preceding the date of this Agreement. There are no other promises, conditions, understandings or other agreements, whether oral or written, relating to the subject matter of this Agreement. This Agreement may be modified in writing and must be signed by both the Seller and Purchaser.

9.  GOVERNING LAW: This Agreement shall be governed by and construed in accordance with the laws of the State of California.

10. NOTICE:  Any notice required or otherwise given pursuant to this Agreement shall be in writing and mailed certified return receipt requested, postage prepaid, or delivered by overnight delivery service:

    (a)  If to Purchaser:

    _____

    _____

    _____

    (b)  If to Seller:

    _____

    _____

    _____

11. WAIVER: The failure of either party to enforce any provisions of this Agreement shall not be deemed a waiver or limitation of that party's right to subsequently enforce and compel strict compliance with every provision of this Agreement.

13-12

EXHIBIT 13
96

IN WITNESS WHEREOF, the parties have caused this Agreement to be executed the day and year first above written.

SELLER:

BUYER:                                    COMPANY:

By:                                       By: GSS GROUP LLC.

Page 3 of 8

13-13

EXHIBIT 13
97

Chase Online                                                                    07/05/16 3:30 PM

**CHASE ☉**                              Search                    🔍

---

Check 155



Security | Terms of Use

© 2016 JPMorgan Chase & Co.

https://chaseonline.chase.com/Public/Logon.aspx?logonReason=sso_logon_3829376&LOB+RBGLogon/checkImage155?   Page 1 of 1

13-14

**EXHIBIT 13**
**98**

From: David Adams    Fax: (619) 399-3353    To: DA-fax    Fax: +1 (888) 7945271    Page 2 of 2 08/10/2016 11:09 AM



# ALPINE SECURITIES
*Stock Brokerage & Investment Company*

Re: Removal of Restrictive Legend Pursuant to Rule 144(b)

GOPHER PROTOCOL , INC.

| Issuer (the "Company") | |
|---|---|
| GSS GLOBAL LLC | |
| | 308082083 |
| | Account Number |

| Full Name of Shareholder | | |
|---|---|---|
| 187,500 | 401 | |
| Total Shares | Certificate Number(s) | |

To Whom It May Concern:

This letter is submitted to you and the Company in connection with my request that the restrictive legend on the certificate(s) representing the above identified securities (the "Securities") be removed pursuant to rule 144 promulgated under the Securities Act of 1933 ("Rule 144"). In connection therewith, the undersigned represents and warrants to you and the Company as follows:

1. The undersigned is not and has not been during the preceding three months, an "affiliate" of the Company as that term is defined in paragraph (a) (1) of Rule 144.

2. The undersigned has fully paid for, beneficially owned, and held the shares of the Company for a period of

   ☑ Six Months (if issuer is an SEC reporting company) or

   ☐ One Year in accordance with paragraph (d) of rule 144 as amended on 2/15/2008

3. These certificates are not issued from a Shell / Blank Check Company as defined by the SEC.

The undersigned is familiar with Rule 144 promulgated under the Securities Act of 1933 and agrees that you and the Company may rely upon the above statements.

Sincerely,

| | |
|---|---|
| _____ | 8/10/2016 |
| Signature of Shareholder | Date |
| GSS GLOBAL LLC | |
| (Print Name) | |

| | |
|---|---|
| _____ | _____ |
| Signature of Joint Shareholder (if applicable) | Date |
| (Print Name) | |

39 Exchange Place | Salt Lake City, UT 84111
P (801) 355-5588 | F (801) 355-5742 | toll free (800) 274-5588 | www.alpine-securities.com
Member FINRA & SIPC

Revised 10/4/2013

13-15

EXHIBIT 13
99

## RULE 144 BROKER'S REPRESENTATION LETTER – NON-AFFILIATE

Dear ___ALPINE_____ :

We have been requested by ___GSS GLOBAL LLC_____ (the "Seller") to sell up to __187,500____ shares of common stock (the "Securities") of _____(GOPH)_____ (the "Company") pursuant to the provisions of Rule 144 adopted under the Securities Act of 1933 (the "Act"). We were provided with a representation letter from Seller stating that Seller is not an affiliate of the issuer and was not an affiliate during the 90-day period prior to the sale. In order to obtain the removal, of the legend and stop order relating to the Securities and to permit their sale, we hereby represent, warrant and agree as follows:

1. Reporting Issuer/Non-Reporting Issuer (mark one box)

   [X] Reporting Issuer:  The Company
      a) has been subject to such 1934 Exchange Act filing requirements for at least 90 days
      b) has not been at any time within the 12 month period preceding the date hereof, a shell issuer as described in Rule 144(i)(1), and
      c) for shares held for at least 6 months but less than 1 year, is in compliance with the current public information requirements of Rule 144(c)

   OR

   [ ] Non-Reporting Issuer*:  The Company
      a) is not subject to the reporting requirements of the 1934 Exchange Act,
      b) has either (i) never been a shell company as described in Rule 144(i)(1), or, (ii) if it was ever a shell company, complied with Rule 144(i)(2) for at least 12 months prior to becoming a non-reporting company and has not been a shell company at any time since its compliance with Rule 144(i)(2).

      *Shares of a non-reporting company must be held for a minimum of 1 year.

Sincerely,

___ACAP FINANCIAL, INC._____          8/10/2016
(Broker/Dealer)                                Date

By: ___D.CıA_____

13-16

EXHIBIT 13
100

**LAW OFFICE OF TOD A. DITOMMASO**
3020 Bridgeway, Suite 269
Sausalito, CA 94965
(310) 367-0918
todanthonyditommaso@earthlink.net

August 22, 2016

Casey Weseloh
**EMPIRE STOCK TRANSFER, INC.**
1859 Whitney Mesa Dr.
Henderson, NV 89014

David C. Adams, Jr.-MBA/MAT
Corporate Markets Consultant
**ACAP FINANCIAL, INC.**
57 West 200 South Suite 202
Salt Lake City, UT 84101

<u>Re: Gopher Protocol, Inc. (GOPH)</u>:
Shareholder: GSS GROUP, LLC - Rule 144
Number of Shares: 187,500
Certificate Number: 401

Dear Casey and David:

We have been requested by GSS Group, LLC, ("Holder"), to provide an opinion with respect to the transferability, under available exemptions provided by Rule 144 of the Securities Act of 1933, as amended ("Act"), of Certificate Number 401, representing 187,500 shares ("Shares") of Common Stock of Gopher Protocol, Inc. ("Issuer" or "Company"), a Nevada Corporation, f.k.a. Forex International Trading Corporation [an S.E.C. reporting company trading on the OTC Markets - OTC QB].

**Background:**

The Holder acquired the above referenced Shares as follows:

<u>Assignment of Series D Preferred Stock to Direct Communications, Inc.</u>

• On March 4, 2015, Issuer, entered into a Territorial License Agreement ("License Agreement") with Hermes Roll, LLC ("Hermes"). Pursuant to the License Agreement, Hermes licensed to the Issuer, certain intellectual property relating to Hermes' system and method for scheduling categorized deliverables based on a smartphone application and/or via the internet, in consideration of 100,000 shares of Series D Preferred Stock of the Issuer ("Preferred Shares") [Form 8-K, Filed March 12, 2015 for the Period Ending March 2, 2015].

13-17

EXHIBIT 13
101

Casey Weseloh
**EMPIRE STOCK TRANSFER, INC.**
David C. Adams, Jr.-MBA/MAT
Corporate Markets Consultant
**ACAP FINANCIAL, INC.**
Re: Gopher Protocol, Inc. (GOPH):
Shareholder: OBS GROUP, LLC - Rule 144
Number of Shares: 187,500
Certificate Number: 401
August 22, 2016
Page 2

- The issuance of the Preferred Shares was made in reliance upon exemptions from registration pursuant to Section 4(2) under the Securities Act of 1933 and Rule 506 promulgated under Regulation D.  Hermes is an accredited investor as defined in Rule 501 of Regulation D promulgated under the Securities Act of 1933.

- The Preferred Shares have a conversion price of $0.01 ("Conversion Price") and a stated value of $10.00 per share ("Stated Value"). Subject to the Issuer increasing its authorized shares of common stock to 500,000,000, each Preferred Share is convertible, at the option of the shareholder, into such number of shares of common stock of the Issuer as determined by dividing the Stated Value by the Conversion Price.

- The License Agreement authorized Hermes to assign its right and interest in the Series D Preferred Shares to various third parties.

- Hermes assigned 9,200 Preferred Shares to Direct Communications, Inc. ("Direct Communications") under the License Agreement.

**Direct Communications, Inc.'s Conversion of Series D Preferred Stock into Common Shares**

- On August 31, 2015, Direct Communications gave a notice of conversion to the Issuer stating its intention to convert 250 Series D Preferred Shares into 250,000 common shares, which were issued to Direct Communications on or around that date [Form 10-Q, Filed November 16, 2015 for the Period Ending September 30, 2015].

**Sale of Common Stock by Direct Communications, Inc., to Simon Merman Living Trust, Trevor Merman Living Trust, and James Merman Living Trust**

- On August 27, 2015, Direct Communications sold 62,500 shares to the Simon Merman Living Trust [Stock Purchase Agreement, dated August 27, 2015; Certificate Number 368, 62,500 shares, issued on August 31, 2015].

- On August 27, 2015, Direct Communications sold 62,500 shares to the Trevor Merman Living Trust [Stock Purchase Agreement, dated August 27, 2015; Certificate Number 369, 62,500 shares, issued on August 31, 2015].

13-18

**EXHIBIT 13**
**102**

Casey Weselob
**EMPIRE STOCK TRANSFER, INC.**
David C. Adams, Jr.-MBA/MAT
Corporate Markets Consultant
**ACAP FINANCIAL, INC.**
Re: Gopher Protocol, Inc. (GOPH):
Shareholder: GSS GROUP, LLC - Rule 144
Number of Shares: 187,500
Certificate Number: 401
August 22, 2016
Page 3

- On August 27, 2015, Direct Communications sold 62,500 shares to the James Merman Living Trust [Stock Purchase Agreement, dated August 27, 2015; Certificate Number 370, 62,500 shares, issued on August 31, 2015].

**Sale of Common Stock by Simon Merman Living Trust, Trevor Merman Living Trust, and James Merman Living Trust to GSS Group, LLC**

- With a Closing Date effective June 29, 2016, the Simon Merman Living Trust sold 62,500 shares to Holder [Stock Purchase Agreement, dated June 28, 2016; Check Number 154, dated June 27, 2016, in the amount of $12,500.00].

- With a Closing Date effective June 29, 2016, the James Merman Living Trust sold 62,500 shares to Holder [Stock Purchase Agreement, dated June 28, 2016; Check Number 153, dated June 28, 2016, in the amount of $12,500.00].

- With a Closing Date effective June 29, 2016, the Trevor Merman Living Trust sold 62,500 shares to Holder [Stock Purchase Agreement, dated July 21, 2016; Check Number 155, dated June 25, 2016, in the amount of $12,500.00].

- Certificate Number 401 was issued on July 20, 2016, to Holder, representing 187,500 shares.  Certificate Numbers 368, 369, and 370 were then cancelled.

In our opinion and based on the information and rationale set forth below, an exemption from registration is available under Rule 144 of the Act with respect to the Shares and Certificate Number 401.  The restrictive legend may be removed from Certificate Number 401.

**Pertinent Law and Application to the Facts:**

We have analyzed the facts and circumstances presented to us within the framework of the Act, including some of the scholarly treatises and articles authored addressing exemptions under the Act.

Registration Requirements and Rule 144 Exemption:

Section 5 of the Act requires that any offer or sale of securities which involves the mails or a means of interstate commerce must be registered.  Certain offerings may be exempt from the registration process by the nature of the security, nature of the transaction, or the amount of the

13-19

**EXHIBIT 13**
**103**

Casey Weseloh
**EMPIRE STOCK TRANSFER, INC.**
David C. Adams, Jr.-MBA/MAT
Corporate Markets Consultant
**ACAP FINANCIAL, INC.**
<u>Re: Gopher Protocol, Inc. (GOPH):</u>
Shareholder: OSS GROUP, LLC - Rule 144
Number of Shares: 187,500
Certificate Number: 401
August 22, 2016
Page 4

offering.

Section 4 of the Act provides several transactional exemptions to the registration requirements of Section 5, as do certain rules and regulations promulgated thereunder. Specifically, Section 4(a)(1) provides that "[t]he provisions of section 5 shall not apply to. . . (1) transactions by any person other than an issuer, underwriter or dealer."

Section 2(4) of the Act defines an "issuer" as including ". . . every person who issues or proposes to issue any security." An issuer is subject to the registration requirements of Section 5 of the Act whenever it makes an original distribution of securities to the public.

Section 2(12) of the Act defines a "dealer" to include "any person who engages either for all or part of his time, directly or indirectly, as agent, broker, or principal, in the business of offering, buying, selling, or otherwise dealing or trading in securities issued by another person."

Based on the above definitions, the Holder is not an issuer nor a dealer under the Act.

"The term 'underwriter' is broadly defined in Section 2(11) of the . . . Act to mean any person who has purchased from an issuer with a view to, or offers or sells for an issuer in connection with, the distribution of any security, or participates, or has a direct or indirect participation in any such undertaking, or participates or has a participation in the direct or indirect underwriting of any such undertaking." An investor holding restricted securities may be considered underwriters if they act as a link in the chain of transactions through which securities are transferred to the public.

Rule 144 sets out objective standards under which an exemption to being classified as an underwriter is available to non-affiliates and provides a safe harbor for those claiming an exemption. Under Rule 144(b)(1) a seller who is not an affiliate, and has not been an affiliate during the preceding 90 days, who complies with the holding period requirement of Rule 144 (i.e., six months for a reporting company and 12 months for a non-reporting company) will not be classified as an underwriter.

<u>Affiliate Status:</u>

Rule 144(a)(1) provides that "[a]n affiliate of an issuer is a person that directly, or indirectly through one or more intermediaries, controls, or is controlled by, or is under common control with, such issuer." Furthermore, any person or entity who is an officer, director, or

13-20

**EXHIBIT 13**
**104**

Casey Weseloh
**EMPIRE STOCK TRANSFER, INC.**
David C. Adams, Jr.-MBA/MAT
Corporate Markets Consultant
**ACAP FINANCIAL, INC.**
Re: Gopher Protocol, Inc. (GOPH):
Shareholder: GSS GROUP, LLC - Rule 144
Number of Shares: 187,500
Certificate Number: 401
August 22, 2016
Page 5

which owns more than ten percent of the issuer's shares is considered an affiliate.

We have determined that Hermes Roll, LLC, Direct Communications, Inc., Simon Merman Living Trust, James Merman Living Trust, Trevor Merman Living Trust, and the Holder, are not now, nor have ever been, an affiliate, officer, director, or control person of the Issuer, and are not a beneficial owner of more than 10% of any class of security of the Issuer. I am satisfied that none of these individuals and entities are an affiliate of the Issuer.

**Holding Period:**

In the case of an S.E.C. reporting corporation, Rule 144 authorizes a non-affiliate holder of restricted stock to resell such stock upon the expiration of a six-month holding period. The foundational principle underlying Rule 144's holding period is that securities acquired and held for six months were most likely purchased with investment intent and not with a "view toward distribution." The holding period commences on the date when the full purchase price or other consideration has been paid. In this case, the Holder is deemed to have acquired the Shares more than six months prior to the issuance of this Opinion Letter (See, Tacking).

**Tacking:**

As provided in Rule 144(d)(3)(ii) "the holding period for other securities from the same issuer can be tacked on to the holding period on the new exchanged shares only if the exchange consists of solely of other securities of the same issuer." To meet the time frame, a shareholder is entitled to "tack" onto the holding periods of prior owners, except affiliates. Tacking is also permitted for shares acquired: (a) in stock dividends, splits, and recapitalizations; (b) through conversions (if made without payment of any additional consideration); (c) through gifts; and (d) from trusts and estates.

The original securities, the Preferred Shares, were acquired by Direct Communications on March 4, 2015. The holding period of Direct Communications, Simon Merman Living Trust, James Merman Living Trust, and Trevor Merman Living Trust, may be tacked on to the holding period of the Holder. As such, we are of the opinion that the restrictive legend may be removed from Certificate Number 401.

**Shell Status:**

For purposes of Rule 144(i)(1)(i), a shell company is a company that has no or nominal

13-21

**EXHIBIT 13**
**105**

Casey Weseloh
**EMPIRE STOCK TRANSFER, INC.**
David C. Adams, Jr.-MBA/MAT
Corporate Markets Consultant
**ACAP FINANCIAL, INC.**
Re: Gopher Protocol, Inc. (GOPH);
Shareholder: GSS GROUP, LLC - Rule 144
Number of Shares: 187,500
Certificate Number: 401
August 22, 2016
Page 6

operations and either: (i) no or nominal assets; (ii) assets consisting solely of cash and cash equivalents; or (iii) assets consisting of any amount of cash and cash equivalents and nominal other assets.

The Issuer was incorporated on July 22, 2009, and is a "Development-stage Company that is developing a real-time, heuristic based, mobile technology, per license agreement it holds. Upon development, the technology will consist of a smart microchip, mobile application software and supporting software that run on a server." The Issuer maintains a website: www.gopherprotocol.com, containing additional information concerning its business and its products.

Furthermore, we have reviewed the annual and quarterly reports filed by the Issuer and published in the OTC News Service at www.otcmarkets.com. It is our opinion that the requirements of Rule 144(i) have been satisfied. To the best of our knowledge and belief, the Issuer is not now and never has been a "shell company" within the meaning of "shell company" as defined by the staff of the Securities and Exchange Commission ("SEC") in SEC Release 33-8587.

**Records and Documents:**

My investigation has included review of everything I deemed necessary and appropriate under S.E.C. rules and regulations, including, but not limited to, the following records and documents provided by the Issuer and the Holder:

1.    Form 8-K, Filed March 12, 2015 for the Period Ending March 2, 2015;

2.    Form 10-Q, Filed November 16, 2015 for the Period Ending September 30, 2015;

3.    Stock Purchase Agreement, dated August 27, 2015;

4.    Certificate Number 368, 62,500 shares, issued on August 31, 2015;

5.    Stock Purchase Agreement, dated August 27, 2015;

6.    Certificate Number 369, 62,500 shares, issued on August 31, 2015;

7.    Stock Purchase Agreement, dated August 27, 2015;

13-22

**EXHIBIT 13**
**106**

Casey Weseloh
**EMPIRE STOCK TRANSFER, INC.**
David C. Adams, Jr.-MBA/MAT
Corporate Markets Consultant
**ACAP FINANCIAL, INC.**
Re: Gopher Protocol, Inc. (GOPH):
Shareholder: GSS GROUP, LLC - Rule 144
Number of Shares: 187,500
Certificate Number: 401
August 22, 2016
Page 7

8.      Certificate Number 370, 62,500 shares, issued on August 31, 2015;

9.      Stock Purchase Agreement, dated June 28, 2016;

10.     Check Number 154, dated June 27, 2016, in the amount of $12,500.00;

11.     Stock Purchase Agreement, dated June 28, 2016;

12.     Check Number 153, dated June 28, 2016, in the amount of $12,500.00;

13.     Stock Purchase Agreement, dated July 21, 2016;

14.     Check Number 155, dated June 25, 2016, in the amount of $12,500.00;

15.     Certificate Number 401, 187,500 shares, issued on July 20, 2016;

16.     Shareholder Statement, dated July 27, 2016; and,

17.     Company Certification, dated July 27, 2016.

**Qualifications:**

The opinion expressed above is subject to the following qualifications and limitations:

• Nothing came to my attention during the course of my investigation that led me to conclude that any of the documents provided by the Company and the Holder were not genuine or authentic, were not complete, or that the facts set forth therein were not true. The opinions do not take into consideration any events that may occur subsequent to the date of this opinion letter. Any inaccuracy in the factual representations provided by the Company and/or Holder may affect the opinions and conclusions set forth in this opinion letter. This opinion letter may not be relied upon by any person or entity which has any knowledge of the facts or circumstances which are contrary to said representations, or which would alter the opinions and conclusions set forth above.

• We are of the opinion that the Company is current in its reporting requirements. The information provided by the Company (i) constitutes "adequate current public information" concerning the securities and the Company and "is available within the meaning of Rule 144(c)(2) under the Securities Act"; (ii) includes all of the information

13-23

**EXHIBIT 13**
**107**

Casey Weseloh
EMPIRE STOCK TRANSFER, INC.
David C. Adams, Jr.-MBA/MAT
Corporate Markets Consultant
ACAP FINANCIAL, INC.
Re: Gopher Protocol, Inc. (GOPH):
Shareholder: GSS GROUP, LLC - Rule 144
Number of Shares: 187,500
Certificate Number: 401
August 22, 2016
Page 8

that a broker-dealer would be required to obtain from the Company to publish a quotation of the securities under Rule 15c2-11 under the Securities Exchange Act of 1934, as amended; (iii) complies as to form with the OTC Markets Guidelines for Providing Adequate Current Information, which are located on the internet at www.otcmarkets.com; and (iv) has been posted in the OTC Markets News Service.

- Our opinions are expressly limited to the matters set forth above and we render no opinion, whether by implication or otherwise, as to any other matters relating to the Company or the Holder.

- We express no opinion concerning the past, present or future fair market value of the Shares.

- The various statutory provisions, regulatory rules, and court decisions upon which the above opinions are based are subject to change.

- Be advised that opinion letters from counsel are not binding upon the S.E.C., other regulatory bodies or the courts.

- This opinion letter is only valid for ninety (90) days from the date of issuance.

- We are admitted to practice law in the State of California.  The opinions expressed above are limited to the Federal laws of the United States of America.  We express no opinion with respect to the laws of any other jurisdiction. No opinion is expressed herein with respect to the qualification of the Shares under the securities or blue sky laws of any state or any foreign jurisdiction.

- This opinion is solely for the use of the Holder, for the Company, and for the use of the Transfer Agent and the Broker/Dealer.  This opinion may not be published, relied upon or provided to any other person or entity without our prior written consent.

- No attorney/client relationship is intended, or created by, the rendering of this Opinion Letter.  We are acting as independent special counsel for this single transaction only.

Conclusion:

I am of the opinion that the Holder is not an issuer, underwriter or dealer, and meets the "substantial burden" set forth by the S.E.C. on those who desire to rely on a sales exemption under Rule 144, and may avail itself of the protection of the safe harbor under Rule 144.

13-24

EXHIBIT 13
108

Casey Weseloh
EMPIRE STOCK TRANSFER, INC.
David C. Adams, Jr.-MBA/MAT
Corporate Markets Consultant
ACAP FINANCIAL, INC.
Re: Gopher Protocol, Inc. (GOPH):
Shareholder: GSS GROUP, LLC - Rule 144
Number of Shares: 187,500
Certificate Number: 401
August 22, 2016
Page 9

Accordingly, I am further of the opinion that Certificate Number 401 representing 187,500 common shares is exempt from the registration requirements of the Act.

Very Truly Yours,

Tod Anthony DiTommaso, Esq.

13-25

**EXHIBIT 13**
**109**

*Should be fixed!*



## *REJECTED TRANSFER
The securities described herein are being rejected for the reason(s) indicated below.

| PRESENTED BY: | REGARDING: |
|---|---|
| Alpine Securities | Company Name: Gopher Protocol Inc<br><br>Certificate No(s).: 401<br><br>Total Share Amount: 187,500 |

### MISSING ITEMS

**GENERAL**

- ☐ Transfer instructions
- ☐ Delivery instructions
- ☐ Signatures of transferor(s)
- ☐ Shareholder address(es)
- ☐ Signature guarantee stamp
- ☐ Stock power for Cert _____ must be signature guaranteed
- ☐ Our $60 fee per each new certificate issued: _____
- ☐ Additional fee in the amount of $100.00 for legend removal per certificate
- ☐ Corporate resolution/List of Managers or Members dated within six months authorizing an individual to sign on behalf of entity

**RESTRICTED/LEGAL**

- ☐ Form 144
- ☐ Broker's letter
- ☐ Seller's representation letter – Must be completed
- ☐ Opinion letter required
- ☐ Prospectus delivery letter
- ☐ Letters of testamentary
- ☐    Affidavit of Loss
- ☐ Court certificate dated within sixty days naming an executor or heir
- ☐ Lost instrument bond in an open penalty amount, issued in three counterparts, naming Empire Stock Transfer Inc. and subject corporation as obligees

### INCOMPLETE PAPERWORK

- ☐ Corporate resolution must completely filled out
- ☐ Officer/manager/member signing the stock power must differ from the officer/manager/member signing the resolution, OR "sole officer/manager/member" must be indicated
- ☐ Instructions to issue are over / under the number of shares presented _____
- ☐ If entity is an LLC and is managed by members, all members must provide information and signatures. If entity is an LLC and is managed by managers, all managers must provide information and signatures

### OTHER

- ☐ Shares not eligible for legend removal at this time, but will become eligible on _____
- ☐ Returned at the request of the broker/shareholder
- ☐ Shares not eligible in Canada per the Company
- ☐ Empire Stock Transfer Inc. is not the agent for this security. The transfer agent is:
- ☐ Authorization from the Company to transfer restricted shares
- ☐ The prospectus is out of date. All 144 paperwork is needed for legend removal
- ☒ Other: Per the company, see attached & contact them directly with any questions.

/s/ _____  08/16/2016
Signature                          Date

Empire Stock Transfer Inc. • 1859 Whitney Mesa Drive, Henderson, NV 89014 • (T) 702-818-5898 (F) 702-974-1444 • www.empirestock.com

13-26

EXHIBIT 13
110

# EXHIBIT 14

**RECEIVED**

## ALPINE SECURITIES
*Stock Brokerage & Investment Company*

EMPIRE STOCK TRANSFER INC.

August 10, 2016

Empire Stock Transfer
1859 Whitney Mesa Dr
Henderson, NV 89014

[X] Restricted Email       [ ] Indemnity Notice
[ ] Indemnity Required     [ ] Transfer Notice
[ ] No Medallion           [ ] No Fees
[ ] No Instructions        [ ] Indemnity Attached

[ ] Other _____

### Transfer Instructions

| CUSIP: | 38268V108 | Security Name: | GOPHER PROTOCOL INC |

### Certificates to Cancel

**RECEIVED**
AUG 1 2 2016
EMPIRE STOCK TRANSFER INC.

| Description: | Date: | Certificates: | Denomination: |
|---|---|---|---|
| GSS GROUP LLC | 7/20/2016 | 401 | 187,500 |

### Certificates to Issue

| Account Name: | ID: | Denominations: | Fees: |
|---|---|---|---|
| ALPCO | 87-0403873 | | |
| 39 Exchange Place | | 187,500 | 60.00 |
| Salt Lake City, UT 84111 | | *UNRESTRICTED* | |
| | | Reject Fee: | 75.00 |
| | | REMOVAL FEE: | 100.00 |
| | | CANCEL FEE: | 10.00 |
| **Totals:** | | 187,500 | 170.00 |

+ 75.00
245.00

Instructions: RULE 144 FREE UP
Account #: 308082083
TCN #: 308082083 223 2016

### *** Please call if Payment is incorrect ***                    AF

### Please remit certificates after transfer via FedEx Priority Overnight back to:

**Alpine Securities**
39 Exchange Place
Salt Lake City, UT 84111
Tel# 801-355-5588
**FedEx # 121560747**

14-1

**EXHIBIT 14**
**111**



GOPHER PROTOCOL INC.

Par Value $.00001

INCORPORATED UNDER THE LAWS OF THE STATE OF
NEVADA

SHARES
***187,500***

COMMON STOCK
CUSIP 38268V108

SEE REVERSE FOR CERTAIN DEFINITIONS

RESTRICTED

NUMBER
401

COMMON STOCK

THIS CERTIFIES THAT

***GSS Group LLC***

Is the Owner of*** One Hundred Eighty-Seven Thousand Five Hundred ***

FULLY PAID AND NON-ASSESSABLE SHARES OF COMMON STOCK OF

GOPHER PROTOCOL INC.,

transferable on the books of the Corporation by the holder hereof, in person or by duly authorized attorney, upon surrender of this Certificate properly endorsed. This Certificate is not valid until countersigned by the Transfer Agent and registered by the Registrar.

Witness this facsimile seal of said Corporation and the facsimile signatures of its duly authorized officers.

Dated: July 20, 2016

COUNTERSIGNED AND REGISTERED
EMPIRE STOCK TRANSFER INC.
Transfer Agent and Registrar

By
AUTHORIZED SIGNATURE

SECRETARY

PRESIDENT

EXHIBIT 14
112

14-2

B   69238

The following abbreviations, when used in the inscription of the face of this certificate, shall be construed as though they were written out in full according to applicable laws or regulations:

TEN COM — as tenants in common

TEN ENT — as tenants by the entireties

JT TEN — as joint tenants with right of survivorship and not as tenants in common

UNIF GIFT MIN ACT — _____ Custodian _____
                              (Cust)                    (Minor)
under Uniform Gifts to Minors Act

_____
                    (State)

Additional abbreviations may also be used though not in the above list.

*For Value Received,* _____ *hereby sells, assigns and transfers unto*

PLEASE INSERT SOCIAL SECURITY
OR OTHER IDENTIFYING NUMBER

(PLEASE PRINT OR TYPE NAME AND ADDRESS INCLUDING POSTAL ZIP CODE OF ASSIGNEE)

_____ *Shares*

*of the Capital Stock represented by this Certificate and hereby*

*irrevocably constitutes and appoints*

_____ *Attorney*

*to transfer the said stock on the books of the within–named Corporation*

*with full power of substitution in the premises.*

*Dated* _____

NOTICE   THE SIGNATURE(S) TO THIS ASSIGNMENT MUST CORRESPOND WITH THE NAME(S) AS WRITTEN UPON THE FACE OF THIS CERTIFICATE IN EVERY PARTICULAR WITHOUT ALTERATION OR ENLARGEMENT OR ANY CHANGE WHATSOEVER.

SIGNATURE(S) GUARANTEED

NOTICE   THE SIGNATURE(S) SHOULD BE GUARANTEED BY AN ELIGIBLE GUARANTOR INSTITUTION, (BANKS, STOCKBROKERS, SAVINGS AND LOAN ASSOCIATION AND CREDIT UNIONS) WITH MEMBERSHIP IN AN APPROVED SIGNATURE GUARANTEE MEDALLION PROGRAM PURSUANT TO S.E.C. RULE 17AD-15.

**RESTRICTED**

14-3

**EXHIBIT 14**
**113**

308082083

## IRREVOCABLE STOCK POWER

**FOR VALUE RECEIVED,** the undersigned does (do) hereby sell, assign and transfer to

_____

_____

_____

| (SOCIAL SECURITY |
| (OR TAXPAYER IDENTIFYING NO.) |

**PLEASE COMPLETE THIS PORTION**

_____ shares of the _____ stock of _____

represented by Certificate(s) No(s) _____ inclusive,

standing in the name of the undersigned on the books of said Company.

The undersigned does (do) hereby irrevocably institute and appoint _____

_____ attorney to transfer the said stock or bond(s), as the case may be, on

the books of said Company, with full power of substitution in the premises.

Dated _____ 08/08/16

_____          _____
GARY SHIRINYAN                     _____
PRINTED NAME                       PRINTED NAME

SIGNATURE GUARANTEED
MEDALLION GUARANTEED
ALPINE SECURITIES
CORPORATION

007   A0071092
SECURITIES TRANSFER AGENTS MEDALLION PROGRAM

SIGNATURE GUARANTEED
MEDALLION GUARANTEED
ALPINE SECURITIES
CORPORATION

(007)   A0071092
SECURITIES TRANSFER AGENTS MEDALLION PROGRAM

14-4

**EXHIBIT 14**
**114**

## LIMITED LIABILITY COMPANY CERTIFICATION

Name of Limited Liability Company: **GSS GROUP LLC**

State of Organization: _____

Please specify one of the following:

_____ MEMBER MANAGED LLC This Company is member managed and has appointed a Designated Member whose

name is _____ All other members' names are set forth below.

_____

_____

OR

**RS**___ MANAGER MANAGED LLC This Company is manager managed and has appointed a Manager whose name is

**eRReg SMKINYan.**

1. The undersigned is either a Manager or all of the Members of the Limited Liability Company whose name(s) and state of organization are set forth above.
2. The undersigned represents that the undersigned is duly authorized and empowered to execute this certification on behalf of the company.
3. The undersigned acknowledges that for the purposes of this certification the following terms have the meaning specified:
   - "Account" means an account for the execution of transaction in securities and such other services provided from time to time.
   - "Company" means the limited liability company whose name and state of organization are set forth above.
   - "Designated Member" means the member of the Company designated herein which the members of the Company have duly authorized and empowered to deal with and on behalf of the account in accordance with the representations, warranties, and certification contained therein.
   - "Organizational Documents" means the Articles of Organization, the Operating Agreement, and any other documents memorializing the decisions of, or resolutions adopted by, the members of the company.
4. The undersigned represents, warrants, and certifies that:
   a. Any statement of purpose of the Organizational documents which purports to limit the activities of the Company does not restrict the authority of the Company to purchase, hold, sell, transfer assign or otherwise deal in securities of any kind.
   b. The Organization Documents authorize and empower the Manager or the Designated Member for the account of, and on behalf of, the Company without limit to:
      - Open and maintain an Account in the name of the Company and enter into and execute agreements; and, do all things which are necessary to open and maintain such account.
      - Direct the purchase, sale, or transfer of stocks, bonds, put and call options and other securities, to borrow money secured by assets in the account (margin), and to issue such other instructions as are necessary for the operation of the account.
      - Receive notices, demands, confirmations, statements of account and communications of any kind relating to the operation of, or assets in the account.
      - Direct that the securities be transferred to another account for, or transferred into, the name of the Company or any third party, including an account for, or in the name of, of the Manger or Designated Member. In addition, to direct the funds and other assets be distributed on behalf of the Account to the Company or any third party, including any Manger or Designated Member, or an account for any of them.
   c. Nothing in the Organizational Documents limits the authority or power of the Manager or Designated Member to manage or exercise control over or on behalf of the Account or the assets thereof.
   d. A true and correct copy of the Articles of organization as presently filed with the Secretary of State or as otherwise required in the state of organization is attached hereto; or, has otherwise been provided.

IF MANAGER MANAGED, MANAGER MUST SIGN BELOW, OR IF MEMBER MANAGED, ALL MEMBERS MUST SIGN BELOW.

**05/18/16**
DATE

X_____
MANAGER OR DESIGNATED MEMBER SIGNATURE

X_____
MEMBER SIGNATURE (If Applicable)

X_____
MEMBER SIGNATURE (If Applicable)

X_____
MEMBER SIGNATURE (If Applicable)

X_____
MEMBER SIGNATURE (If Applicable)

Created: 3/25/2013

SIGNATURE GUARANTEED
MEDALLION GUARANTEED
ALPINE SECURITIES
CORPORATION

_____
AUTHORIZED SIGNATURE
(007)                    A0071092
SECURITIES TRANSFER AGENTS MEDALLION PROGRAM™

14-5

EXHIBIT 14
115

# STOCK PURCHASE AGREEMENT

This Stock Purchase Agreement ("Agreement") is entered into as of July 21, 2016 by and between Trevor J. Merman Living Trust ("Seller") and GSS GROUP LLC ("Purchaser"). Purchaser and Seller may collectively be referred to as the "Parties."

WHEREAS, Seller is the record owner and holder of shares of the capital stock of Gopher Protocol (the "Company"), a California Corporation

WHEREAS, the Parties desire to enter into this Agreement pursuant to which Purchaser will purchase from Seller shares of capital stock of the Company.

NOW, THEREFORE, in consideration for the promises set forth in this Agreement, the Parties agree as follows:

1. **PURCHASE AND SALE:** Subject to the terms and conditions set forth in this Agreement, Purchaser hereby agrees to purchase from Seller, and Seller hereby agrees to sell, transfer and convey to the Purchaser *Cert 369 Sixty Two Hundred Thousand Five Hundred (62,500)* common shares of Gopher Protocol stock of the Company (the "Stock").

2. **PURCHASE PRICE:** The purchase price for each share of Stock shall be *Twenty cents ($.20)* for an aggregate purchase price of *Twelve Thousand Five Hundred Dollars ($12,500.00)* (the "Purchase Price"), to be paid to the Seller in cash at the closing.

3. **CLOSING:** The closing contemplated by this Agreement for the transfer of the Stock and the payment of the Purchase Prices shall take place TBD on June 29, 2016 at TBD (the "Closing"). The certificates representing the Stock shall be duly endorsed for transfer or accompanied by an appropriate stock transfer.

4. **REPRESENTATIONS AND WARRANTIES OF SELLER:** Seller hereby warrants and represents that:

    (a) Restrictions on Stock. The Seller is not a party to any agreements that create rights or obligations in the Stock relating to any third party including voting or stockholder agreements. The Seller is the lawful owner of the Stock, free and clear of any encumbrances, security interests or liens of any kind and has full power and authority to sell and transfer the Stock as contemplated in this Agreement.

    (b) Organization and Standing. To the Seller's knowledge, the Company is duly organized, validly existing and in good standing under the laws of the State of Nevada *[insert state of incorporation]* and has full power and authority to own

14-6

**EXHIBIT 14**
**116**

and operate its property and assets and to carry on its business as presently conducted.

5. **SEVERABILITY:** If any part or parts of this Agreement shall be held unenforceable for any reason, the remainder of this Agreement shall continue in full force and effect. If any provision of this Agreement is deemed invalid or unenforceable by any court of competent jurisdiction, and if limiting such provision would make the provision valid, then such provision shall be deemed to be construed as so limited.

6. **BINDING EFFECT:** The covenants and conditions contained in this Agreement shall apply to and bind the parties and the heirs, legal representatives, successors and permitted assigns of the Parties.

7. **BROKER'S FEES:** The Parties represent that there has been no act in connection with the transactions contemplated in this Agreement that would give rise to a valid claim against either party for a broker's fee, finder's fee or other similar payment.

8. **ENTIRE AGREEMENT:** This Agreement constitutes the entire agreement between the Parties and supersedes any prior understanding or representation of any kind preceding the date of this Agreement. There are no other promises, conditions, understandings or other agreements, whether oral or written, relating to the subject matter of this Agreement. This Agreement may be modified in writing and must be signed by both the Seller and Purchaser.

9. **GOVERNING LAW:** This Agreement shall be governed by and construed in accordance with the laws of the State of California.

10. **NOTICE:** Any notice required or otherwise given pursuant to this Agreement shall be in writing and mailed certified return receipt requested, postage prepaid, or delivered by overnight delivery service:

   (a) If to Purchaser:

   _____
   _____
   _____

   (b) If to Seller:

   _____
   _____
   _____

11. **WAIVER:** The failure of either party to enforce any provisions of this Agreement shall not be deemed a waiver or limitation of that party's right to subsequently enforce and compel strict compliance with every provision of this Agreement.

14-7

**EXHIBIT 14**
**117**

IN WITNESS WHEREOF, the parties have caused this Agreement to be executed the day and year first above written.

SELLER:

_____

BUYER:

By: _____

COMPANY:

By: GSS GROUP LLC.

Page 3 of 8

14-8

EXHIBIT 14
118

Chase Online

07/05/16 2:30 PM

# CHASE 🔾

Search    🔍

Check 155

Security | Terms of Use

© 2016 JPMorgan Chase & Co.

https://chaseonline.chase.com/Public/Logon.aspx?logonReason=sso_logon_362937&LOB+RBGLogon/checkimage155?   Page 1 of 1

14-9

EXHIBIT 14
119

From: David Adams    Fax: (619) 399-3353    To: DA-fax    Fax: +1 (888) 7845271    Page 2 of 2  08/10/2016 11:09 AM



# ALPINE SECURITIES
### Stock Brokerage & Investment Company

**Re: Removal of Restrictive Legend Pursuant to Rule 144(b)**

GOPHER PROTOCOL , INC.

| | |
|---|---|
| **Issuer (the "Company")** GSS GLOBAL LLC | 308082083 |
| **Full Name of Shareholder** | **Account Number** |
| 187,500 | 401 |
| **Total Shares** | **Certificate Number(s)** |

**To Whom It May Concern:**

This letter is submitted to you and the Company in connection with my request that the restrictive legend on the certificate(s) representing the above identified securities (the "Securities") be removed pursuant to rule 144 promulgated under the Securities Act of 1933 ("Rule 144"). In connection therewith, the undersigned represents and warrants to you and the Company as follows:

1. The undersigned is not and has not been during the preceding three months, an "affiliate" of the Company as that term is defined in paragraph (a) (1) of Rule 144.

2. The undersigned has fully paid for, beneficially owned, and held the shares of the Company for a period of

   ☑ Six Months (if issuer is an SEC reporting company) or

   ☐ One Year in accordance with paragraph (d) of rule 144 as amended on 2/15/2008

3. These certificates are not issued from a Shell / Blank Check Company as defined by the SEC.

The undersigned is familiar with Rule 144 promulgated under the Securities Act of 1933 and agrees that you and the Company may rely upon the above statements.

Sincerely,

| | |
|---|---|
| _Signature of Shareholder_ | 8/10/2016 |
| | Date |
| GSS GLOBAL LLC | |
| (Print Name) | |

| | |
|---|---|
| Signature of Joint Shareholder (if applicable) | Date |
| (Print Name) | |

39 Exchange Place | Salt Lake City, UT 84111
P (801) 355-5588 | F (801) 355-5742 | toll free (800) 274-5588 | www.alpine-securities.com
Member FINRA & SIPC

Revised 10/4/2013

14-10

**EXHIBIT 14**
**120**

## RULE 144 BROKER'S REPRESENTATION LETTER – NON-AFFILIATE

Dear     ALPINE                          :

We have been requested by  GSS GLOBAL LLC                              (the "Seller") to
sell up to 187,500      shares of common stock (the "Securities") of
_____(GOPH)_____                   (the "Company") pursuant to the provisions
of Rule 144 adopted under the Securities Act of 1933 (the "Act").  We were provided with
a representation letter from Seller stating that Seller is not an affiliate of the issuer and
was not an affiliate during the 90-day period prior to the sale.  In order to obtain the
removal, of the legend and stop order relating to the Securities and to permit their sale,
we hereby represent, warrant and agree as follows:

   1.  Reporting Issuer/Non-Reporting Issuer (mark one box)

       [X] Reporting Issuer:  The Company
           a) has been subject to such 1934 Exchange Act filing requirements for at
              least 90 days
           b) has not been at any time within the 12 month period preceding the
              date hereof, a shell issuer as described in Rule 144(i)(1), and
           c) for shares held for at least 6 months but less than 1 year, is in
              compliance with the current public information requirements of Rule
              144(c)

    OR

       [ ] Non-Reporting Issuer*: The Company
           a) is not subject to the reporting requirements of the 1934 Exchange Act,
           b) has either (i) never been a shell company as described in Rule
              144(i)(1), or, (ii) if it was ever a shell company, complied with Rule
              144(i)(2) for at least 12 months prior to becoming a non-reporting
              company and has not been a shell company at any time since its
              compliance with Rule 144(i)(2).

           *Shares of a non-reporting company must be held for a minimum of 1
           year.

Sincerely,

ACAP FINANCIAL, INC.                          8/10/2016
_____           _____
(Broker/Dealer)                               Date

By:  D.C.A
    _____

14-11

EXHIBIT 14
121

## LAW OFFICE OF TOD A. DITOMMASO

3020 Bridgeway, Suite 269
Sausalito, CA 94965
(310) 367-0918
todanthonyditommaso@earthlink.net

August 22, 2016

Casey Weseloh
**EMPIRE STOCK TRANSFER, INC.**
1859 Whitney Mesa Dr.
Henderson, NV 89014

David C. Adams, Jr.-MBA/MAT
Corporate Markets Consultant
**ACAP FINANCIAL, INC.**
57 West 200 South Suite 202
Salt Lake City, UT 84101

Re: Gopher Protocol, Inc. (GOPH):
Shareholder: GSS GROUP, LLC – Rule 144
Number of Shares: 187,500
Certificate Number: 401

Dear Casey and David:

We have been requested by GSS Group, LLC, ("Holder"), to provide an opinion with respect to the transferability, under available exemptions provided by Rule 144 of the Securities Act of 1933, as amended ("Act"), of Certificate Number 401, representing 187,500 shares ("Shares") of Common Stock of Gopher Protocol, Inc. ("Issuer" or "Company"), a Nevada Corporation, f.k.a. Forex International Trading Corporation [an S.E.C. reporting company trading on the OTC Markets - OTC QB].

**Background:**

The Holder acquired the above referenced Shares as follows:

**Assignment of Series D Preferred Stock to Direct Communications, Inc.**

- On March 4, 2015, Issuer, entered into a Territorial License Agreement ("License Agreement") with Hermes Roll, LLC ("Hermes"). Pursuant to the License Agreement, Hermes licensed to the Issuer, certain intellectual property relating to Hermes' system and method for scheduling categorized deliverables based on a smartphone application and/or via the internet, in consideration of 100,000 shares of Series D Preferred Stock of the Issuer ("Preferred Shares") [Form 8-K, Filed March 12, 2015 for the Period Ending March 2, 2015].

14-12

**EXHIBIT 14**
**122**

Casey Weseloh
**EMPIRE STOCK TRANSFER, INC.**
David C. Adams, Jr.-MBA/MAT
Corporate Markets Consultant
**ACAP FINANCIAL, INC.**
Re: Gopher Protocol, Inc. (GOPH):
Shareholder: GSS GROUP, LLC - Rule 144
Number of Shares: 187,500
Certificate Number: 401
August 22, 2016
Page 2

- The issuance of the Preferred Shares was made in reliance upon exemptions from registration pursuant to Section 4(2) under the Securities Act of 1933 and Rule 506 promulgated under Regulation D. Hermes is an accredited investor as defined in Rule 501 of Regulation D promulgated under the Securities Act of 1933.

- The Preferred Shares have a conversion price of $0.01 ("Conversion Price") and a stated value of $10.00 per share ("Stated Value"). Subject to the Issuer increasing its authorized shares of common stock to 500,000,000, each Preferred Share is convertible, at the option of the shareholder, into such number of shares of common stock of the Issuer as determined by dividing the Stated Value by the Conversion Price.

- The License Agreement authorized Hermes to assign its right and interest in the Series D Preferred Shares to various third parties.

- Hermes assigned 9,200 Preferred Shares to Direct Communications, Inc. ("Direct Communications") under the License Agreement.

**Direct Communications, Inc.'s Conversion of Series D Preferred Stock into Common Shares**

- On August 31, 2015, Direct Communications gave a notice of conversion to the Issuer stating its intention to convert 250 Series D Preferred Shares into 250,000 common shares, which were issued to Direct Communications on or around that date [Form 10-Q, Filed November 16, 2015 for the Period Ending September 30, 2015].

**Sale of Common Stock by Direct Communications, Inc., to Simon Merman Living Trust, Trevor Merman Living Trust, and James Merman Living Trust**

- On August 27, 2015, Direct Communications sold 62,500 shares to the Simon Merman Living Trust [Stock Purchase Agreement, dated August 27, 2015; Certificate Number 368, 62,500 shares, issued on August 31, 2015].

- On August 27, 2015, Direct Communications sold 62,500 shares to the Trevor Merman Living Trust [Stock Purchase Agreement, dated August 27, 2015; Certificate Number 369, 62,500 shares, issued on August 31, 2015].

14-13

**EXHIBIT 14**
**123**

Casey Weseloh
**EMPIRE STOCK TRANSFER, INC.**
David C. Adams, Jr.-MBA/MAT
Corporate Markets Consultant
**ACAP FINANCIAL, INC.**
Re: Gopher Protocol, Inc. (GOPH):
Shareholder: GSS GROUP, LLC - Rule 144
Number of Shares: 187,500
Certificate Number: 401
August 22, 2016
Page 3

- On August 27, 2015, Direct Communications sold 62,500 shares to the James Merman Living Trust [Stock Purchase Agreement, dated August 27, 2015; Certificate Number 370, 62,500 shares, issued on August 31, 2015].

**Sale of Common Stock by Simon Merman Living Trust, Trevor Merman Living Trust, and James Merman Living Trust to GSS Group, LLC**

- With a Closing Date effective June 29, 2016, the Simon Merman Living Trust sold 62,500 shares to Holder [Stock Purchase Agreement, dated June 28, 2016; Check Number 154, dated June 27, 2016, in the amount of $12,500.00].

- With a Closing Date effective June 29, 2016, the James Merman Living Trust sold 62,500 shares to Holder [Stock Purchase Agreement, dated June 28, 2016; Check Number 153, dated June 28, 2016, in the amount of $12,500.00].

- With a Closing Date effective June 29, 2016, the Trevor Merman Living Trust sold 62,500 shares to Holder [Stock Purchase Agreement, dated July 21, 2016; Check Number 155, dated June 25, 2016, in the amount of $12,500.00].

- Certificate Number 401 was issued on July 20, 2016, to Holder, representing 187,500 shares. Certificate Numbers 368, 369, and 370 were then cancelled.

In our opinion and based on the information and rationale set forth below, an exemption from registration is available under Rule 144 of the Act with respect to the Shares and Certificate Number 401. The restrictive legend may be removed from Certificate Number 401.

**Pertinent Law and Application to the Facts:**

We have analyzed the facts and circumstances presented to us within the framework of the Act, including some of the scholarly treatises and articles authored addressing exemptions under the Act.

**Registration Requirements and Rule 144 Exemption:**

Section 5 of the Act requires that any offer or sale of securities which involves the mails or a means of interstate commerce must be registered. Certain offerings may be exempt from the registration process by the nature of the security, nature of the transaction, or the amount of the

14-14

**EXHIBIT 14**
**124**

Casey Weseloh
EMPIRE STOCK TRANSFER, INC.
David C. Adams, Jr.-MBA/MAT
Corporate Markets Consultant
ACAP FINANCIAL, INC.
Re: Gopher Protocol, Inc. (GOPH):
Shareholder: GSS GROUP, LLC - Rule 144
Number of Shares: 187,500
Certificate Number: 401
August 22, 2016
Page 4

offering.

Section 4 of the Act provides several transactional exemptions to the registration
requirements of Section 5, as do certain rules and regulations promulgated thereunder.
Specifically, Section 4(a)(1) provides that "[t]he provisions of section 5 shall not apply to. . . (1)
transactions by any person other than an issuer, underwriter or dealer."

Section 2(4) of the Act defines an "issuer" as including ". . . every person who issues or
proposes to issue any security."  An issuer is subject to the registration requirements of Section 5
of the Act whenever it makes an original distribution of securities to the public.

Section 2(12) of the Act defines a "dealer" to include "any person who engages either for
all or part of his time, directly or indirectly, as agent, broker, or principal, in the business of
offering, buying, selling, or otherwise dealing or trading in securities issued by another person."

Based on the above definitions, the Holder is not an issuer nor a dealer under the Act.

"The term 'underwriter' is broadly defined in Section 2(11) of the . . . Act to mean any
person who has purchased from an issuer with a view to, or offers or sells for an issuer in
connection with, the distribution of any security, or participates, or has a direct or indirect
participation in any such undertaking, or participates or has a participation in the direct or
indirect underwriting of any such undertaking."  An investor holding restricted securities may be
considered underwriters if they act as a link in the chain of transactions through which securities
are transferred to the public.

Rule 144 sets out objective standards under which an exemption to being classified as an
underwriter is available to non-affiliates and provides a safe harbor for those claiming an
exemption.  Under Rule 144(b)(1) a seller who is not an affiliate, and has not been an affiliate
during the preceding 90 days, who complies with the holding period requirement of Rule 144
(i.e., six months for a reporting company and 12 months for a non-reporting company) will not
be classified as an underwriter.

**Affiliate Status:**

Rule 144(a)(1) provides that "[a]n affiliate of an issuer is a person that directly, or
indirectly through one or more intermediaries, controls, or is controlled by, or is under common
control with, such issuer."  Furthermore, any person or entity who is an officer, director, or

14-15

EXHIBIT 14
125

Casey Weseloh
**EMPIRE STOCK TRANSFER, INC.**
David C. Adams, Jr.-MBA/MAT
Corporate Markets Consultant
**ACAP FINANCIAL, INC.**
Re: Gopher Protocol, Inc. (GOPH):
Shareholder: GSS GROUP, LLC - Rule 144
Number of Shares: 187,500
Certificate Number: 401
August 22, 2016
Page 5

which owns more than ten percent of the issuer's shares is considered an affiliate.

We have determined that Hermes Roll, LLC, Direct Communications, Inc., Simon Merman Living Trust, James Merman Living Trust, Trevor Merman Living Trust, and the Holder, are not now, nor have ever been, an affiliate, officer, director, or control person of the Issuer, and are not a beneficial owner of more than 10% of any class of security of the Issuer. I am satisfied that none of these individuals and entities are an affiliate of the Issuer.

### Holding Period:

In the case of an S.E.C. reporting corporation, Rule 144 authorizes a non-affiliate holder of restricted stock to resell such stock upon the expiration of a six-month holding period. The foundational principle underlying Rule 144's holding period is that securities acquired and held for six months were most likely purchased with investment intent and not with a "view toward distribution." The holding period commences on the date when the full purchase price or other consideration has been paid. In this case, the Holder is deemed to have acquired the Shares more than six months prior to the issuance of this Opinion Letter (See, Tacking).

### Tacking:

As provided in Rule 144(d)(3)(ii) "the holding period for other securities from the same issuer can be tacked on to the holding period on the new exchanged shares only if the exchange consists of solely of other securities of the same issuer." To meet the time frame, a shareholder is entitled to "tack" onto the holding periods of prior owners, except affiliates. Tacking is also permitted for shares acquired: (a) in stock dividends, splits, and recapitalizations; (b) through conversions (if made without payment of any additional consideration); (c) through gifts; and (d) from trusts and estates.

The original securities, the Preferred Shares, were acquired by Direct Communications on March 4, 2015. The holding period of Direct Communications, Simon Merman Living Trust, James Merman Living Trust, and Trevor Merman Living Trust, may be tacked on to the holding period of the Holder. As such, we are of the opinion that the restrictive legend may be removed from Certificate Number 401.

### Shell Status:

For purposes of Rule 144(i)(1)(i), a shell company is a company that has no or nominal

14-16

**EXHIBIT 14**
**126**

Casey Weseloh
**EMPIRE STOCK TRANSFER, INC.**
David C. Adams, Jr.-MBA/MAT
Corporate Markets Consultant
**ACAP FINANCIAL, INC.**
Re: Gopher Protocol, Inc. (GOPH);
Shareholder: GSS GROUP, LLC - Rule 144
Number of Shares: 187,500
Certificate Number: 401
August 22, 2016
Page 6

operations and either: (i) no or nominal assets; (ii) assets consisting solely of cash and cash equivalents; or (iii) assets consisting of any amount of cash and cash equivalents and nominal other assets.

The Issuer was incorporated on July 22, 2009, and is a "Development-stage Company that is developing a real-time, heuristic based, mobile technology, per license agreement it holds. Upon development, the technology will consist of a smart microchip, mobile application software and supporting software that run on a server." The Issuer maintains a website: www.gopherprotocol.com, containing additional information concerning its business and its products.

Furthermore, we have reviewed the annual and quarterly reports filed by the Issuer and published in the OTC News Service at www.otcmarkets.com. It is our opinion that the requirements of Rule 144(i) have been satisfied. To the best of our knowledge and belief, the Issuer is not now and never has been a "shell company" within the meaning of "shell company" as defined by the staff of the Securities and Exchange Commission ("SEC") in SEC Release 33-8587.

**Records and Documents:**

My investigation has included review of everything I deemed necessary and appropriate under S.E.C. rules and regulations, including, but not limited to, the following records and documents provided by the Issuer and the Holder:

1.      Form 8-K, Filed March 12, 2015 for the Period Ending March 2, 2015;

2.      Form 10-Q, Filed November 16, 2015 for the Period Ending September 30, 2015;

3.      Stock Purchase Agreement, dated August 27, 2015;

4.      Certificate Number 368, 62,500 shares, issued on August 31, 2015;

5.      Stock Purchase Agreement, dated August 27, 2015;

6.      Certificate Number 369, 62,500 shares, issued on August 31, 2015;

7.      Stock Purchase Agreement, dated August 27, 2015;

14-17

**EXHIBIT 14**
**127**

Casey Wesceloh
EMPIRE STOCK TRANSFER, INC.
David C. Adams, Jr.-MBA/MAT
Corporate Markets Consultant
ACAP FINANCIAL, INC.
Re: Gopher Protocol, Inc. (GOPH):
Shareholder: GSS GROUP, LLC - Rule 144
Number of Shares: 187,500
Certificate Number: 401
August 22, 2016
Page 7

8.     Certificate Number 370, 62,500 shares, issued on August 31, 2015;

9.     Stock Purchase Agreement, dated June 28, 2016;

10.    Check Number 154, dated June 27, 2016, in the amount of $12,500.00;

11.    Stock Purchase Agreement, dated June 28, 2016;

12.    Check Number 153, dated June 28, 2016, in the amount of $12,500.00;

13.    Stock Purchase Agreement, dated July 21, 2016;

14.    Check Number 155, dated June 25, 2016, in the amount of $12,500.00;

15.    Certificate Number 401, 187,500 shares, issued on July 20, 2016;

16.    Shareholder Statement, dated July 27, 2016; and,

17.    Company Certification, dated July 27, 2016.

**Qualifications:**

The opinion expressed above is subject to the following qualifications and limitations:

•     Nothing came to my attention during the course of my investigation that led me to
      conclude that any of the documents provided by the Company and the Holder were not
      genuine or authentic, were not complete, or that the facts set forth therein were not true.
      The opinions do not take into consideration any events that may occur subsequent to the
      date of this opinion letter.  Any inaccuracy in the factual representations provided by the
      Company and/or Holder may affect the opinions and conclusions set forth in this opinion
      letter.  This opinion letter may not be relied upon by any person or entity which has any
      knowledge of the facts or circumstances which are contrary to said representations, or
      which would alter the opinions and conclusions set forth above.

•     We are of the opinion that the Company is current in its reporting requirements. The
      information provided by the Company (i) constitutes "adequate current public
      information" concerning the securities and the Company and "is available within the
      meaning of Rule 144(c)(2) under the Securities Act"; (ii) includes all of the information

14-18

EXHIBIT 14
128

Casey Weseloh
**EMPIRE STOCK TRANSFER, INC.**
David C. Adams, Jr.-MBA/MAT
Corporate Markets Consultant
**ACAP FINANCIAL, INC.**
<u>Re: Gopher Protocol, Inc. (GOPH)</u>:
Shareholder: GSS GROUP, LLC - Rule 144
Number of Shares: 187,500
Certificate Number: 401
August 22, 2016
Page 8

that a broker-dealer would be required to obtain from the Company to publish a quotation of the securities under Rule 15c2-11 under the Securities Exchange Act of 1934, as amended; (iii) complies as to form with the OTC Markets Guidelines for Providing Adequate Current Information, which are located on the internet at www.otcmarkets.com; and (iv) has been posted in the OTC Markets News Service.

- Our opinions are expressly limited to the matters set forth above and we render no opinion, whether by implication or otherwise, as to any other matters relating to the Company or the Holder.

- We express no opinion concerning the past, present or future fair market value of the Shares.

- The various statutory provisions, regulatory rules, and court decisions upon which the above opinions are based are subject to change.

- Be advised that opinion letters from counsel are not binding upon the S.E.C., other regulatory bodies or the courts.

- This opinion letter is only valid for ninety (90) days from the date of issuance.

- We are admitted to practice law in the State of California.  The opinions expressed above are limited to the Federal laws of the United States of America.   We express no opinion with respect to the laws of any other jurisdiction. No opinion is expressed herein with respect to the qualification of the Shares under the securities or blue sky laws of any state or any foreign jurisdiction.

- This opinion is solely for the use of the Holder, for the Company, and for the use of the Transfer Agent and the Broker/Dealer.  This opinion may not be published, relied upon or provided to any other person or entity without our prior written consent.

- No attorney/client relationship is intended, or created by, the rendering of this Opinion Letter.  We are acting as independent special counsel for this single transaction only.

**Conclusion:**

I am of the opinion that the Holder is not an issuer, underwriter or dealer, and meets the "substantial burden" set forth by the S.E.C. on those who desire to rely on a sales exemption under Rule 144, and may avail itself of the protection of the safe harbor under Rule 144.

14-19

**EXHIBIT 14**
**129**

Casey Weseloh
**EMPIRE STOCK TRANSFER, INC.**
David C. Adams, Jr.-MBA/MAT
Corporate Markets Consultant
**ACAP FINANCIAL, INC.**
Re: Gopher Protocol, Inc. (GOPH):
Shareholder: GSS GROUP, LLC - Rule 144
Number of Shares: 187,500
Certificate Number: 401
August 22, 2016
Page 9

Accordingly, I am further of the opinion that Certificate Number 401 representing 187,500 common shares is exempt from the registration requirements of the Act.

Very Truly Yours,

Tod Anthony DiTommaso, Esq.

14-20

**EXHIBIT 14**
**130**

*Should be Fixed!*



# EMPIRE
## STOCK TRANSFER

## *REJECTED TRANSFER
The securities described herein are being rejected for the reason(s) indicated below.

| PRESENTED BY: | REGARDING: |
|---|---|
| Alpine Securities | Company Name: Gopher Protocol Inc |
| | Certificate No(s).: 401 |
| | Total Share Amount: 187,500 |

### MISSING ITEMS

**GENERAL**

☐ Transfer instructions
☐ Delivery instructions
☐ Signatures of transferor(s)
☐ Shareholder address(es)
☐ Signature guarantee stamp
☐ Stock power for Cert _____ must be signature guaranteed
☐ Our $60 fee per each new certificate issued: _____
☐ Additional fee in the amount of $100.00 for legend removal per certificate
☐ Corporate resolution/List of Managers or Members dated within six months authorizing an individual to sign on behalf of entity

**RESTRICTED/LEGAL**

☐ Form 144
☐ Broker's letter
☐ Seller's representation letter – Must be completed
☐ Opinion letter required
☐ Prospectus delivery letter
☐ Letters of testamentary
☐ Affidavit of Loss
☐ Court certificate dated within sixty days naming an executor or heir
☐ Lost instrument bond in an open penalty amount, issued in three counterparts, naming Empire Stock Transfer Inc. and subject corporation as obligees

### INCOMPLETE PAPERWORK

☐ Corporate resolution must completely filled out

☐ Officer/manager/member signing the stock power must differ from the officer/manager/member signing the resolution, OR "sole officer/manager/member" must be indicated

☐ Instructions to issue are over / under the number of shares presented

☐ If entity is an LLC and is managed by members, all members must provide information and signatures. If entity is an LLC and is managed by managers, all managers must provide information and signatures

### OTHER

☐ Shares not eligible for legend removal at this time, but will become eligible on _____

☐ Returned at the request of the broker/shareholder

☐ Shares not eligible in Canada per the Company

☐ Empire Stock Transfer Inc. is not the agent for this security. The transfer agent is:

☐ Authorization from the Company to transfer restricted shares

☐ The prospectus is out of date. All 144 paperwork is needed for legend removal

☒ Other: Per the company, see attached & contact them directly with any questions.

| /s/ _Signature_ | 08/16/2016 Date |
|---|---|

Empire Stock Transfer Inc. • 1859 Whitney Mesa Drive, Henderson, NV 89014 • (T) 702-818-5898 (F) 702-974-1444 • www.empirestock.com

14-21

EXHIBIT 14
131

**Roberta Mors**

| | |
|---|---|
| **From:** | mo <schnappmoshe@gmail.com> |
| **Sent:** | Friday, August 12, 2016 6:43 PM |
| **To:** | Roberta Mors; Brian Barthlow |
| **Cc:** | Michael D. Murray; Mo |
| **Subject:** | Re: Empire Stock Transfer Inc. - Legend Removal Notice Gopher Protocol Inc. 401 187,500 Shares 8.11.16 |

| | |
|---|---|
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Completed |

# STOP!

Explanation:

1. Legal opinion is **TOTALLY DEFECTIVE** as it has discrepancies on page 2 & 3 - The opinion describe transfer of 62,000 shares (3 times) while the correspondent certificate is for 62,500. Moreover, the opinion describing sale of 62,000 shares while the ONLY one agreement that was attached is for 62,500 shares. The opinion missing the two other/additional agreements that it described. It seems as the opinion should be RE_WRITEN.

2. The Company **could not find an indemnification package** for the transfer and issuance of certificate # 401 and as such basically "in the dark" for said transfer/issuance.

> On Aug 12, 2016, at 4:01 PM, Roberta Mors <roberta@empirestock.com> wrote:
>
> Attached you will find a restrictive legend removal request that we have received. We are sending this optional notification as previously discussed. We will process the request tomorrow morning as long as the transfer is in good order. No action by the issuer is necessary unless there is a known circumstance under which the legend should not be removed. Please advise if this is the case by sending a STOP request and explanation by email or fax. We will review the STOP and proceed accordingly. We hope this will assist in communication of transfer activity and further our client relationship. Please let us know if you have any special needs that we might be able to assist with.
>
> Thanks,
>
> Roberta Mors
> Empire Stock Transfer Inc.
>
>
> --------------------
>
> Additionally, here is some information that might be of assistance to our public company clients.
>
> We have EDGAR an filings department. You'll benefit from high quality and reliable services without the hidden fees associated with many other EDGAR filers. We provide fast turn-around

1

14-22

**EXHIBIT 14**
**132**



**After printing this label:**
1. Use the 'Print' button on this page to print your label to your laser or inkjet printer.
2. Fold the printed page along the horizontal line.
3. Place label in shipping pouch and affix it to your shipment so that the barcode portion of the label can be read and scanned.

**Warning:** Use only the printed original label for shipping. Using a photocopy of this label for shipping purposes is fraudulent and could result in additional billing charges, along with the cancellation of your FedEx account number.
Use of this system constitutes your agreement to the service conditions in the current FedEx Service Guide, available on fedex.com.FedEx will not be responsible for any claim in excess of $100 per package, whether the result of loss, damage, delay, non-delivery,misdelivery,or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim.Limitations found in the current FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic value of the package, loss of sales, income interest, profit, attorney's fees, costs, and other forms of damage whether direct, incidental,consequential, or special is limited to the greater of $100 or the authorized declared value. Recovery cannot exceed actual documented loss.Maximum for items of extraordinary value is $1,000, e.g. jewelry, precious metals, negotiable instruments and other items listed in our ServiceGuide. Written claims must be filed within strict time limits, see current FedEx Service Guide.

14-23

6/16/2016

EXHIBIT 14
133

# EXHIBIT 15



**ALPINE SECURITIES**
*Stock Brokerage & Investment Company*

RECEIVED
AUG 1 9 2016
EMPIRE STOCK TRANSFER INC.

**August 18, 2016**

Empire Stock Transfer
1859 Whitney Mesa Dr
Henderson, NV 89014

### Transfer Instructions

| CUSIP: | 38268V108 | Security Name: | GOPHER PROTOCOL INC |
|---|---|---|---|

### Certificates to Cancel

| Description: | Date: | Certificates: | Denomination: |
|---|---|---|---|
| AMP GROUP HOLDINGS INC | 7/26/2016 | 402 | 62,500 |

### Certificates to Issue

| Account Name: | ID: | Denominations: | Fees: |
|---|---|---|---|
| ALPCO | 87-0403873 | 62,500 | 60.00 |
| 39 Exchange Place | | *UNRESTIRCTED* | |
| Salt Lake City, UT 84111 | | | |
| | | REMOVAL FEE: | 100.00 |
| | | CANCEL FEE: | 10.00 |
| **Totals:** | | 62,500 | 170.00 |

**Instructions:** RULE 144 FREE UP
**Account #:** 122583433
**TCN #:** 122583433 231 2016

### *** Please call if Payment is incorrect***                    AF

**Please remit certificates after transfer via FedEx Priority Overnight back to:**

**Alpine Securities**
39 Exchange Place
Salt Lake City, UT 84111
Tel# 801-355-5588
**FedEx # 121560747**

[X] Restricted Email      [ ] Indemnity Notice
[ ] Indemnity Required   [ ] Transfer Notice
[ ] No Medallion          [ ] No Fees
[ ] No Instructions       [ ] Indemnity Attached

[ ] Other _____

39 Exchange Place   Salt Lake City, UT 84111
p (801) 355-5588  |  f (801) 355-5742  ·  toll free (800) 274-5588  |  www.alpine-securities.com
Member FINRA/SIPC

**EXHIBIT 15**
**134**

15-1



GOPH 172.5 6 3 4 7 3 3

15-2

**NUMBER**
**402**

**COMMON STOCK**

**GOPHER PROTOCOL INC.**

Par Value $.00001

INCORPORATED UNDER THE LAWS OF THE STATE OF

NEVADA

**SHARES**
****62,500****

**COMMON STOCK**
CUSIP 38268V108

SEE REVERSE FOR CERTAIN DEFINITIONS

**RESTRICTED**

THIS CERTIFIES THAT

***Amp Group Holdings Inc.***

Is the Owner of*** Sixty-Two Thousand Five Hundred ***

FULLY PAID AND NON-ASSESSABLE SHARES OF COMMON STOCK OF

**GOPHER PROTOCOL INC.**

transferable on the books of the Corporation by the holder hereof, in person or by duly authorized attorney, upon surrender of this Certificate properly endorsed. This Certificate is not valid until countersigned by the Transfer Agent and registered by the Registrar.

Witness this facsimile seal of said Corporation and the facsimile signatures of its duly authorized officers.

Dated: July 26, 2016

COUNTERSIGNED AND REGISTERED:
EMPIRE STOCK TRANSFER INC.
                    Transfer Agent and Registrar

By
         AUTHORIZED SIGNATURE

SECRETARY

PRESIDENT

EXHIBIT 15
135

B  69244

The following abbreviations, when used in the inscription of the face of this certificate, shall be construed as though they were written out in full according to applicable laws or regulations:

TEN COM — as tenants in common

TEN ENT — as tenants by the entireties

JT TEN — as joint tenants with right of survivorship and not as tenants in common

UNIF GIFT MIN ACT — _____Custodian_____
(Cust)                              (Minor)
under Uniform Gifts to Minors Act

_____
(State)

Additional abbreviations may also be used though not in the above list.

*For Value Received,*_____*hereby sells, assigns and transfers unto*

PLEASE INSERT SOCIAL SECURITY
OR OTHER IDENTIFYING NUMBER

(PLEASE PRINT OR TYPE NAME AND ADDRESS INCLUDING POSTAL ZIP CODE OF ASSIGNEE)

_____*Shares*

*of the Capital Stock represented by this Certificate and hereby*

*irrevocably constitutes and appoints*

_____*Attorney*

*to transfer the said stock on the books of the within–named Corporation*

*with full power of substitution in the premises.*

*Dated* _____

NOTICE   THE SIGNATURE(S) TO THIS ASSIGNMENT MUST CORRESPOND WITH THE NAME(S) AS WRITTEN UPON THE FACE OF THIS CERTIFICATE IN EVERY PARTICULAR WITHOUT ALTERATION OR ENLARGEMENT OR ANY CHANGE WHATSOEVER.

SIGNATURE(S) GUARANTEED

NOTICE   THE SIGNATURE(S) SHOULD BE GUARANTEED BY AN ELIGIBLE GUARANTOR INSTITUTION. (BANKS, STOCKBROKERS, SAVINGS AND LOAN ASSOCIATION AND CREDIT UNIONS) WITH MEMBERSHIP IN AN APPROVED SIGNATURE GUARANTEE MEDALLION PROGRAM PURSUANT TO S.E.C. RULE 17AD-15.

# RESTRICTED

15-3

EXHIBIT 15
136

*122583433*

## IRREVOCABLE STOCK POWER

**FOR VALUE RECEIVED,** the undersigned does (do) hereby sell, assign and transfer to

_____

_____

_____

_____  (SOCIAL SECURITY
                          OR TAXPAYER IDENTIFYING NO.)

**PLEASE COMPLETE THIS PORTION**

_____ shares of the _____ stock of _____

represented by Certificate(s) No(s) _____ inclusive,

standing in the name of the undersigned on the books of said Company.

The undersigned does (do) hereby irrevocably institute and appoint _____

_____ attorney to transfer the said stock or bond(s), as the case may be, on

the books of said Company, with full power of substitution in the premises.

Dated     *8-9-2016*

_____                    _____

*Paul Kozlov*                                    _____
**PRINTED NAME**                                 **PRINTED NAME**

SIGNATURE GUARANTEED
MEDALLION GUARANTEED
ALPINE SECURITIES
CORPORATION

( 007 )                      A0071092
SECURITIES TRANSFER AGENTS MEDALLION PROGRAM

15-4

EXHIBIT 15
137

From: David Adams      Fax: (619) 399-3353      To: DA-fax      Fax: +1 (888) 7946271      Page 1 of 2 08/18/2016 10:11 AM



# ALPINE SECURITIES
*Stock Brokerage & Investment Company*

Re: Removal of Restrictive Legend Pursuant to Rule 144(b)

**GOPHER PROTOCOL , INC.**

| Issuer (the "Company") | | |
|---|---|---|
| AMP GROUP HOLDINGS, INC. | | 122583433 |
| **Full Name of Shareholder** | | **Account Number** |
| 62,500 | 402 | |
| **Total Shares** | **Certificate Number(s)** | |

To Whom It May Concern:

This letter is submitted to you and the Company in connection with my request that the restrictive legend on the certificate(s) representing the above identified securities (the "Securities") be removed pursuant to rule 144 promulgated under the Securities Act of 1933 ("Rule 144"). In connection therewith, the undersigned represents and warrants to you and the Company as follows:

1. The undersigned is not and has not been during the preceding three months, an "affiliate" of the Company as that term is defined in paragraph (a) (1) of Rule 144.

2. The undersigned has fully paid for, beneficially owned, and held the shares of the Company for a period of

    ☒ Six Months (if issuer is an SEC reporting company) or

    ☐ One Year in accordance with paragraph (d) of rule 144 as amended on 2/15/2008

3. These certificates are not issued from a Shell / Blank Check Company as defined by the SEC.

The undersigned is familiar with Rule 144 promulgated under the Securities Act of 1933 and agrees that you and the Company may rely upon the above statements.

Sincerely,

_____        8/18/2016
Signature of Shareholder                Date
PAUL KOZLO
(Print Name)


_____        _____
Signature of Joint Shareholder (if applicable)        Date

_____
(Print Name)


39 Exchange Place | Salt Lake City, UT 84111
P (801) 355-5588 | F (801) 355-5742 | toll free (800) 274-5588 | www.alpine-securities.com
Member FINRA & SIPC
Revised 10/4/2013

15-5

EXHIBIT 15
138

From: David Adams     Fax: (818) 390-3363          To:          Fax: +1 (888) 794-5271     Page 30of 42 09/22/2016 4:21 PM

Corp Res

**Action by the Unanimous Written**
**Consent of the Directors of**
**AMP Group Holdings, Inc.**
**(a Delaware Company)**

THE UNDERSIGNED, representing the consent of Directors of AMP Group Holdings, Inc., a Delaware Company (the "Company"), hereby consent in writing to the adoption of the following resolutions and order that this Consent be filed with the minutes of the proceedings of the Board of Directors (the "Board"), as of the 19th day of March 2016.

_____

## OPENING OF A BROKERAGE ACCOUNT

**WHEREAS**, the Board believes that it is in the best interest of the Company to open a brokerage account with ACAP Financial, Inc. 57 West 200 South Suite 202 Salt Lake City, UT 84101 and/or with Alpine Securities Company 39 Exchange Place Salt Lake City, UT 84111, collectively or individually, the Broker/Dealer.

**RESOLVED**, That the individual named hereinbelow, Mr. Paul Kozlov, in this Resolution is authorized on behalf of this Company to establish and maintain one or more accounts which may be margin accounts with the Broker/Dealer named in the preceding paragraph.  The account(s) will be used for the purpose of purchasing, investing in, or otherwise acquiring, selling (including short sales in margin accounts), possessing, transferring, exchanging, or otherwise disposing of, or turning to account of, or realizing upon, and generally dealing in and with all forms of securities including, but not limited to, shares, stocks, bonds, debentures, notes, scrip, participation certificates, rights to subscribe, certificates of deposit, mortgages, evidences of indebtedness, commercial paper, certificates of indebtedness and certificates of interest of every kind and nature whatsoever, secured or unsecured, whether represented by trust, participating and/or other certificates or otherwise. The fullest authority at all times with respect to any such commitment or transaction, deemed by any of the officers and/or agents to be proper in connection with, is hereby conferred, including authority (without limiting the generality of the foregoing) to give written or oral instructions with respect to transactions.

Mr. Paul Kozlov, as the "duly authorized individual" on behalf of the Company is authorized to borrow money and securities and to borrow such money and securities from or through the Broker/Dealer and to secure repayment thereof with the property of the Company. The authorized individual may bind and obligate the Company to and for the carrying out of any contract, arrangement, or transaction, which is entered into by any officer and/or agent for and on behalf of the Company with or through the Broker/Dealer. The authorized individual may pay by checks, and/or drafts drawn on the funds of the Company such sums as may be necessary in connection with any of the said accounts. The authorized individual may deliver securities and contracts to the Broker/Dealer and deliver securities to/and deposit funds with it. The authorized individual may order the transfer or delivery of securities to any other person whatsoever, and/or to order the transfer of record of any securities, to any name selected by any of the said officers or agents, affix the corporate seal to any documents or securities to any name selected by any of the said officers or agents and affix the corporate seal to any documents or agreements, or otherwise to endorse any securities and/or contracts in order to pass title. The authorized individual may direct the sale or exercise any rights with respect to any securities and sign for the Company all releases, powers of attorney, trading authorizations, Margin Agreements,

Page 1 of 3

15-6

**EXHIBIT 15**
139

Options Contracts and/or other documents in connection with any such account, and to agree to any terms or conditions to control any account. The authorized individual may direct the Broker/Dealer to surrender any securities to the proper agent or party for the purpose of effecting any exchange or conversion, or for the purpose of deposit with any protective or similar committee. The authorized individual may accept delivery of any securities and appoint any other person or persons to do any and all things which any of the said officers and/or agents is hereby empowered to do; and also, it is

RESOLVED, That the Broker/Dealer may deal with all of the persons directly or indirectly by the foregoing resolution empowered, as though they were dealing with the Company directly; and furthermore, it is

RESOLVED, That the Secretary, and any other officer of the Company is hereby authorized, empowered, and directed to certify, under the seal of the Company, or otherwise, to the Broker/Dealer that: A. A true copy of these resolutions B. Specimen signatures of each and every person by these resolutions empowered C. A certificate (which, if required by Broker/Dealer, shall be supported by an opinion of the general counsel of the Company, or other counsel satisfactory to the Broker/Dealer) that the Company exists, that its charter empowers it to transact the business by these resolutions, and that no limitation has been imposed upon such powers by the by-laws or otherwise; and continuing, it is

RESOLVED, That the Broker/Dealer may rely upon any certification within these resolutions, until it receives written notice of a change in or rescission of authority (no other form of notice is acceptable), nor shall the fact that any individual previously authorized ceases to be an officer of the Company or becomes an officer under some other title, in any way affect the powers hereby conferred. The failure to supply the Broker/Dealer with written notification of changes does not invalidate any transaction if the transaction is in accordance with authority actually granted,

RESOLVED, That in the event of any change in the office or powers of person empowered, the Secretary or any other officer of the Company shall notify changes to the Broker/Dealer in writing. When received, the Broker/Dealer will terminate the powers of the person previously authorized, and to empower the persons taking the place of the previous persons; and continuing, it is

RESOLVED, That the foregoing resolutions and the certificates furnished to the Broker/Dealer by the Secretary or other officer of the Company are made irrevocable until written notice of the revocation has been received by the Broker/Dealer; and continuing, it is

RESOLVED, that the form, terms and provisions of the Certificate of Designation are hereby approved in all respects, and the Company's Authorized Offers are each hereby authorized to execute the Certificate of Designation in the form attached hereto, together with such amendments and changes thereto as such authorized officers, or any of them in his/her/their sole discretion shall approve, his/her/their signature thereon to be conclusive evidence of such approval; and continuing, it is

RESOLVED, that the officers of the Company be, and they hereby are, authorized in the name and on behalf of the Company to take all actions that they deem necessary or advisable in order to effect the qualification of the securities for issue, and in connection therewith to execute, acknowledge, verify, deliver, file or cause to be published any applications, reports, consents to service of process, appointment of attorneys to receive service of process, and other papers and

15-7

EXHIBIT 15
140

From: David Adams      Fax: (818) 398-3353        To:            Fax: +1 (888) 794-5271      Page 32of 42 03/22/2016 4:21 PM

instruments which may be required, and to take any further action which they deem necessary or
advisable in order to maintain any qualifications for as long as they deem necessary or as
required by law; and finally, it is

RESOLVED, that the action taken by this consent shall have the same force and effect as if
taken at a meeting of the Board of Directors of the Company, duly called.

IN WITNESS WHEREOF, the undersigned, being the directors of the Company,
consents hereto in writing as of the date first written above and direct that this instrument be filed
with the minutes of proceedings of the Board of Directors of the Company.

Paul Kozlov

SIGNATURE GUARANTEED
MEDALLION GUARANTEED
ALPINE SECURITIES
CORPORATION

A0071092

( 007 )
SECURITIES TRANSFER AGENTS MEDALLION PROGRAM

Page 3 of 3

**EXHIBIT 15**
**141**

15-8

## LAW OFFICE OF TOD A. DITOMMASO
3020 Bridgeway, Suite 269
Sausalito, CA 94965
(310) 367-0918
todanthonyditommaso@earthlink.net

August 22, 2016

Casey Weseloh
**EMPIRE STOCK TRANSFER, INC.**
1859 Whitney Mesa Dr.
Henderson, NV 89014

David C. Adams, Jr.-MBA/MAT
Corporate Markets Consultant
**ACAP FINANCIAL, INC.**
57 West 200 South Suite 202
Salt Lake City, UT 84101

>      <u>Re: Gopher Protocol, Inc. (GOPH)</u>:
>      **Shareholder: AMP Group Holdings, Inc. - Rule 144**
>      **Number of Shares: 62,500**
>      **Certificate Number: 402 - Issued: July 26, 2016**

Dear Casey and David:

          We have been requested by AMP Group Holdings, Inc. ("Holder"), to provide an opinion with respect to the transferability, under available exemptions provided by Rule 144 of the Securities Act of 1933, as amended ("Act"), of Certificate Number 402, representing 62,500 shares ("Shares") of Common Stock of Gopher Protocol, Inc. ("Issuer" or "Company"), a Nevada Corporation, f.k.a. Forex International Trading Corporation [an S.E.C. reporting company trading on the OTC Markets - OTC QB].

**Background:**

          The Holder acquired the above referenced Shares as follows:

<u>Assignment of Series D Preferred Stock to Direct Communications, Inc.</u>

- On March 4, 2015, Issuer, entered into a Territorial License Agreement ("License Agreement") with Hermes Roll, LLC ("Hermes"). Pursuant to the License Agreement, Hermes licensed to the Issuer, certain intellectual property relating to Hermes' system and method for scheduling categorized deliverables based on a smartphone application and/or via the internet, in consideration of 100,000 shares of Series D Preferred Stock of the Issuer ("Preferred Shares") [Form 8-K, Filed March 12, 2015 for the Period Ending

15-9

**EXHIBIT 15**
142

Casey Weseloh
**EMPIRE STOCK TRANSFER, INC.**
David C. Adams, Jr.-MBA/MAT
Corporate Markets Consultant
**ACAP FINANCIAL, INC.**
Re: Gopher Protocol, Inc. (GOPH):
Shareholder: AMP Group Holdings, Inc. - Rule 144
Number of Shares: 62,500
Certificate Number: 402 - Issued: July 26, 2016
August 22, 2016
Page 2

March 2, 2015].

- The issuance of the Preferred Shares was made in reliance upon exemptions from registration pursuant to Section 4(2) under the Securities Act of 1933 and Rule 506 promulgated under Regulation D. Hermes is an accredited investor as defined in Rule 501 of Regulation D promulgated under the Securities Act of 1933.

- The Preferred Shares have a conversion price of $0.01 ("Conversion Price") and a stated value of $10.00 per share ("Stated Value"). Subject to the Issuer increasing its authorized shares of common stock to 500,000,000, each Preferred Share is convertible, at the option of the shareholder, into such number of shares of common stock of the Issuer as determined by dividing the Stated Value by the Conversion Price.

- The License Agreement authorized Hermes to assign its right and interest in the Series D Preferred Shares to various third parties.

- Hermes assigned 9,200 Preferred Shares to Direct Communications, Inc. ("Direct Communications") under the License Agreement.

**Direct Communications, Inc.'s Conversion of Series D Preferred Stock into Common Shares**

- On August 31, 2015, Direct Communications gave a notice of conversion to the Issuer stating its intention to convert 250 Series D Preferred Shares into 250,000 common shares, which were issued to Direct Communications on or around that date [Form 10-Q, Filed November 16, 2015 for the Period Ending September 30, 2015].

**Sale of Common Stock by Direct Communications, Inc., to Theresa Merman Living Trust**

- On August 27, 2015, Direct Communications sold 62,500 shares to the Theresa Merman Living Trust [Stock Purchase Agreement, dated August 27, 2015; Certificate Number 371, 62,500 shares, issued on August 31, 2015].

**Sale of Common Stock by Theresa Merman Living Trust to AMP Group Holdings, Inc.**

- With a Closing Date effective June 29, 2016, the Theresa Merman Living Trust sold 62,500 shares to the Holder [Stock Purchase Agreement, dated June 28, 2016; Check

15-10

**EXHIBIT 15**
143

Casey Weseloh
**EMPIRE STOCK TRANSFER, INC.**
David C. Adams, Jr.-MBA/MAT
Corporate Markets Consultant
**ACAP FINANCIAL, INC.**
Re: Gopher Protocol, Inc. (GOPH):
Shareholder: AMP Group Holdings, Inc. - Rule 144
Number of Shares: 62,500
Certificate Number: 402  - Issued: July 26, 2016
August 22, 2016
Page 3

      Number 1040, dated June 28, 2016, in the amount of $12,500.00].

-     Certificate Number 402 was issued on July 26, 2016, to the Holder, representing 62,500 shares.  Certificate Number 371 was then cancelled.

      In our opinion and based on the information and rationale set forth below, an exemption from registration is available under Rule 144 of the Act with respect to the Shares and Certificate Number 402.  The restrictive legend may be removed from Certificate Number 402.

**Pertinent Law and Application to the Facts:**

      We have analyzed the facts and circumstances presented to us within the framework of the Act, including some of the scholarly treatises and articles authored addressing exemptions under the Act.

      <u>Registration Requirements and Rule 144 Exemption:</u>

      Section 5 of the Act requires that any offer or sale of securities which involves the mails or a means of interstate commerce must be registered.  Certain offerings may be exempt from the registration process by the nature of the security, nature of the transaction, or the amount of the offering.

      Section 4 of the Act provides several transactional exemptions to the registration requirements of Section 5, as do certain rules and regulations promulgated thereunder.  Specifically, Section 4(a)(1) provides that "[t]he provisions of section 5 shall not apply to. . . (1) transactions by any person other than an issuer, underwriter or dealer."

      Section 2(4) of the Act defines an "issuer" as including ". . . every person who issues or proposes to issue any security."  An issuer is subject to the registration requirements of Section 5 of the Act whenever it makes an original distribution of securities to the public.

      Section 2(12) of the Act defines a "dealer" to include "any person who engages either for all or part of his time, directly or indirectly, as agent, broker, or principal, in the business of offering, buying, selling, or otherwise dealing or trading in securities issued by another person."

      Based on the above definitions, the Holder is not an issuer nor a dealer under the Act.

15-11

**EXHIBIT 15**
**144**

Casey Wesseloh
**EMPIRE STOCK TRANSFER, INC.**
David C. Adams, Jr.-MBA/MAT
Corporate Markets Consultant
**ACAP FINANCIAL, INC.**
Re: Gopher Protocol, Inc. (GOPH):
Shareholder: AMP Group Holdings, Inc. - Rule 144
Number of Shares: 62,500
Certificate Number: 402  -  Issued: July 26, 2016
August 22, 2016
Page 4

"The term 'underwriter' is broadly defined in Section 2(11) of the . . . Act to mean any person who has purchased from an issuer with a view to, or offers or sells for an issuer in connection with, the distribution of any security, or participates, or has a direct or indirect participation in any such undertaking, or participates or has a participation in the direct or indirect underwriting of any such undertaking."  An investor holding restricted securities may be considered underwriters if they act as a link in the chain of transactions through which securities are transferred to the public.

Rule 144 sets out objective standards under which an exemption to being classified as an underwriter is available to non-affiliates and provides a safe harbor for those claiming an exemption.  Under Rule 144(b)(1) a seller who is not an affiliate, and has not been an affiliate during the preceding 90 days, who complies with the holding period requirement of Rule 144 (i.e., six months for a reporting company and 12 months for a non-reporting company) will not be classified as an underwriter.

**Affiliate Status:**

Rule 144(a)(1) provides that "[a]n affiliate of an issuer is a person that directly, or indirectly through one or more intermediaries, controls, or is controlled by, or is under common control with, such issuer."  Furthermore, any person or entity who is an officer, director, or which owns more than ten percent of the issuer's shares is considered an affiliate.

We have determined that Hermes Roll, LLC, Direct Communications, Inc., Theresa Merman Living Trust, and the Holder, are not now, nor have ever been, an affiliate, officer, director, or control person of the Issuer, and are not a beneficial owner of more than 10% of any class of security of the Issuer.  I am satisfied that none of these individuals and entities are an affiliate of the Issuer.

**Holding Period:**

In the case of an S.E.C. reporting corporation, Rule 144 authorizes a non-affiliate holder of restricted stock to resell such stock upon the expiration of a six-month holding period.  The foundational principle underlying Rule 144's holding period is that securities acquired and held for six months were most likely purchased with investment intent and not with a "view toward distribution."  The holding period commences on the date when the full purchase price or other consideration has been paid.  In this case, the Holder is deemed to have acquired the Shares more than six months prior to the issuance of this Opinion Letter (See, Tacking).

15-12

**EXHIBIT 15**
145

Casey Weseloh
EMPIRE STOCK TRANSFER, INC.
David C. Adams, Jr.-MBA/MAT
Corporate Markets Consultant
ACAP FINANCIAL, INC.
Re: Gopher Protocol, Inc. (GOPH):
Shareholder: AMP Group Holdings, Inc. - Rule 144
Number of Shares: 62,500
Certificate Number: 402  - Issued: July 26, 2016
August 22, 2016
Page 5

### Tacking:

As provided in Rule 144(d)(3)(ii) "the holding period for other securities from the same issuer can be tacked on to the holding period on the new exchanged shares only if the exchange consists of solely of other securities of the same issuer." To meet the time frame, a shareholder is entitled to "tack" onto the holding periods of prior owners, except affiliates. Tacking is also permitted for shares acquired: (a) in stock dividends, splits, and recapitalizations; (b) through conversions (if made without payment of any additional consideration); (c) through gifts; and (d) from trusts and estates.

The original securities, the Preferred Shares, were acquired by Direct Communications on March 4, 2015. The holding period of Direct Communications and Theresa Merman Living Trust, may be tacked on to the holding period of the Holder. As such, we are of the opinion that the restrictive legend may be removed from Certificate Number 402.

### Shell Status:

For purposes of Rule 144(i)(1)(i), a shell company is a company that has no or nominal operations and either: (i) no or nominal assets; (ii) assets consisting solely of cash and cash equivalents; or (iii) assets consisting of any amount of cash and cash equivalents and nominal other assets.

The Issuer was incorporated on July 22, 2009, and is a "Development-stage Company that is developing a real-time, heuristic based, mobile technology, per license agreement it holds. Upon development, the technology will consist of a smart microchip, mobile application software and supporting software that run on a server." The Issuer maintains a website: www.gopherprotocol.com, containing additional information concerning its business and its products.

Furthermore, we have reviewed the annual and quarterly reports filed by the Issuer and published in the OTC News Service at www.otcmarkets.com. It is our opinion that the requirements of Rule 144(I) have been satisfied. To the best of our knowledge and belief, the Issuer is not now and never has been a "shell company" within the meaning of "shell company" as defined by the staff of the Securities and Exchange Commission ("SEC") in SEC Release 33-8587.

15-13

EXHIBIT 15
146

Casey Wescloh
**EMPIRE STOCK TRANSFER, INC.**
David C. Adams, Jr.-MBA/MAT
Corporate Markets Consultant
**ACAP FINANCIAL, INC.**
Re: Gopher Protocol, Inc. (GOPH):
Shareholder: AMP Group Holdings, Inc. - Rule 144
Number of Shares: 62,500
Certificate Number: 402  - Issued: July 26, 2016
August 22, 2016
Page 6

**Records and Documents:**

My investigation has included review of everything I deemed necessary and appropriate under S.E.C. rules and regulations, including, but not limited to, the following records and documents provided by the Issuer and the Holder:

1. Form 8-K, Filed March 12, 2015 for the Period Ending March 2, 2015;

2. Form 10-Q, Filed November 16, 2015 for the Period Ending September 30, 2015;

3. Stock Purchase Agreement, dated August 27, 2015;

4. Certificate Number 371, 62,500 shares, issued on August 31, 2015;

5. Stock Purchase Agreement, dated June 28, 2016;

6. Check Number 1040, dated June 28, 2016, in the amount of $12,500.00;

7. Certificate Number 402, representing 62,500 shares issued on July 26, 2016;

8. Shareholder Statement, dated July 29, 2016; and,

9. Company Certification, dated July 29, 2016.

**Qualifications:**

The opinion expressed above is subject to the following qualifications and limitations:

• Nothing came to my attention during the course of my investigation that led me to conclude that any of the documents provided by the Company and the Holder were not genuine or authentic, were not complete, or that the facts set forth therein were not true. The opinions do not take into consideration any events that may occur subsequent to the date of this opinion letter.  Any inaccuracy in the factual representations provided by the Company and/or Holder may affect the opinions and conclusions set forth in this opinion letter.  This opinion letter may not be relied upon by any person or entity which has any knowledge of the facts or circumstances which are contrary to said representations, or which would alter the opinions and conclusions set forth above.

15-14

**EXHIBIT 15**
**147**

Casey Weseloh
EMPIRE STOCK TRANSFER, INC.
David C. Adams, Jr.-MBA/MAT
Corporate Markets Consultant
ACAP FINANCIAL, INC.
Re: Gopher Protocol, Inc. (GOPH):
Shareholder: AMP Group Holdings, Inc. - Rule 144
Number of Shares: 62,500
Certificate Number: 402 - Issued: July 26, 2016
August 22, 2016
Page 7

- We are of the opinion that the Company is current in its reporting requirements. The information provided by the Company (i) constitutes "adequate current public information" concerning the securities and the Company and "is available within the meaning of Rule 144(c)(2) under the Securities Act"; (ii) includes all of the information that a broker-dealer would be required to obtain from the Company to publish a quotation of the securities under Rule 15c2-11 under the Securities Exchange Act of 1934, as amended; (iii) complies as to form with the OTC Markets Guidelines for Providing Adequate Current Information, which are located on the internet at www.otcmarkets.com; and (iv) has been posted in the OTC Markets News Service.

- Our opinions are expressly limited to the matters set forth above and we render no opinion, whether by implication or otherwise, as to any other matters relating to the Company or the Holder.

- We express no opinion concerning the past, present or future fair market value of the Shares.

- The various statutory provisions, regulatory rules, and court decisions upon which the above opinions are based are subject to change.

- Be advised that opinion letters from counsel are not binding upon the S.E.C., other regulatory bodies or the courts.

- This opinion letter is only valid for ninety (90) days from the date of issuance.

- We are admitted to practice law in the State of California. The opinions expressed above are limited to the Federal laws of the United States of America. We express no opinion with respect to the laws of any other jurisdiction. No opinion is expressed herein with respect to the qualification of the Shares under the securities or blue sky laws of any state or any foreign jurisdiction.

- This opinion is solely for the use of the Holder, for the Company, and for the use of the Transfer Agent and the Broker/Dealer. This opinion may not be published, relied upon or provided to any other person or entity without our prior written consent.

- No attorney/client relationship is intended, or created by, the rendering of this Opinion Letter. We are acting as independent special counsel for this single transaction only.

15-15

EXHIBIT 15
148

Casey Weseloh
**EMPIRE STOCK TRANSFER, INC.**
David C. Adams, Jr.-MBA/MAT
Corporate Markets Consultant
**ACAP FINANCIAL, INC.**
Re: Gopher Protocol, Inc. (GOPH):
Shareholder: AMP Group Holdings, Inc. - Rule 144
Number of Shares: 62,500
Certificate Number: 402 - Issued: July 26, 2016
August 22, 2016
Page 8

**Conclusion:**

I am of the opinion that the Holder is not an issuer, underwriter or dealer, and meets the
"substantial burden" set forth by the S.E.C. on those who desire to rely on a sales exemption
under Rule 144, and may avail itself of the protection of the safe harbor under Rule 144.
Accordingly, I am further of the opinion that Certificate Number 402 representing 62,500
common shares is exempt from the registration requirements of the Act.

Very Truly, Yours,

Tod Anthony DiTommaso, Esq.

15-16

**EXHIBIT 15**
149

# STOCK PURCHASE AGREEMENT

This Stock Purchase Agreement ("Agreement") is entered into as of June 28, 2016 by and between Theresa E. Merman Living Trust ("Seller") and AMP Group Holdings Inc. ("Purchaser"). Purchaser and Seller may collectively be referred to us the "Parties."

WHEREAS, Seller is the record owner and holder of shares of the capital stock of Gopher Protocol (the "Company"), a California Corporation

WHEREAS, the Parties desire to enter into this Agreement pursuant to which Purchaser will purchase from Seller shares of capital stock of the Company.

NOW, THEREFORE, in consideration for the promises set forth in this Agreement, the Parties agree as follows:

1. PURCHASE AND SALE: Subject to the terms and conditions set forth in this Agreement, Purchaser hereby agrees to purchase from Seller, and Seller hereby agrees to sell, transfer and convey to the Purchaser *Sixty Two Hundred Thousand Five Hundred* (62,500) common shares of Gopher Protocol stock of the Company (the "Stock").

2. PURCHASE PRICE: The purchase price for each share of Stock shall be *Twenty cents ($.20)* for an aggregate purchase price of *Twelve Thousand Five Hundred Dollars ($12,500.00)* (the "Purchase Price"), to be paid to the Seller in cash at the closing.

3. CLOSING: The closing contemplated by this Agreement for the transfer of the Stock and the payment of the Purchase Price shall take place TBD on June 29, 2016 at TBD (the "Closing"). The certificates representing the Stock shall be duly endorsed for transfer or accompanied by an appropriate stock transfer.

4. REPRESENTATIONS AND WARRANTIES OF SELLER: Seller hereby warrants and represents that:

   (a) Restrictions on Stock: The Seller is not a party to any agreements that create rights or obligations in the Stock relating to any third party including voting or stockholder agreements. The Seller is the lawful owner of the Stock, free and clear of any encumbrances, security interests or liens of any kind and has full power and authority to sell and transfer the Stock as contemplated in this Agreement.

   (b) Organization and Standing. To the Seller's knowledge, the Company is duly organized, validly existing and in good standing under the laws of the State of Nevada *[insert state of incorporation]* and has full power and authority to own

15-17

EXHIBIT 15
150

and operate its property and assets and to carry on its business as presently conducted.

5.  SEVERABILITY: If any part or parts of this Agreement shall be held unenforceable for any reason, the remainder of this Agreement shall continue in full force and effect. If any provision of this Agreement is deemed invalid or unenforceable by any court of competent jurisdiction, and if limiting such provision would make the provision valid, then such provision shall be deemed to be construed as so limited.

6.  BINDING EFFECT: The covenants and conditions contained in this Agreement shall apply to and bind the parties and the heirs, legal representatives, successors and permitted assigns of the Parties.

7.  BROKER'S FEES: The Parties represent that there has been no act in connection with the transactions contemplated in this Agreement that would give rise to a valid claim against either party for a broker's fee, finder's fee or other similar payment.

8.  ENTIRE AGREEMENT: This Agreement constitutes the entire agreement between the Parties and supersedes any prior understanding or representation of any kind preceding the date of this Agreement. There are no other promises, conditions, understandings or other agreements, whether oral or written, relating to the subject matter of this Agreement. This Agreement may be modified in writing and must be signed by both the Seller and Purchaser.

9.  GOVERNING LAW: This Agreement shall be governed by and construed in accordance with the laws of the State of California.

10. NOTICE:  Any notice required or otherwise given pursuant to this Agreement shall be in writing and mailed certified return receipt requested, postage prepaid, or delivered by overnight delivery service:

    (a)  If to Purchaser:

    _____

    _____

    _____

    (b)  If to Seller:

    _____

    _____

    _____

11. WAIVER: The failure of either party to enforce any provisions of this Agreement shall not be deemed a waiver or limitation of that party's right to subsequently enforce and compel strict compliance with every provision of this Agreement.

IN WITNESS WHEREOF, the parties have caused this Agreement to be executed the day and year first above written.

SELLER: _____

BUYER:                                              COMPANY:

By: _____       By: _AMP Group Holdings INC._

15-19

EXHIBIT 15
152





15-20

EXHIBIT 15
153



**After printing this label:**
1. Use the 'Print' button on this page to print your label to your laser or inkjet printer.
2. Fold the printed page along the horizontal line.
3. Place label in shipping pouch and affix it to your shipment so that the barcode portion of the label can be read and scanned.

**Warning:** Use only the printed original label for shipping. Using a photocopy of this label for shipping purposes is fraudulent and could result in additional billing charges, along with the cancellation of your FedEx account number.
Use of this system constitues your agreement to the service conditions in the current FedEx Service Guide, available on fedex.com.FedEx will not be responsible for any claim in excess of $100 per package, whether the result of loss, damage, delay, non-delivery,misdelivery,or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim.Limitations found in the current FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic value of the package, loss of sales, income interest, profit, attorney's fees, costs, and other forms of damage whether direct, incidental,consequential, or special is limited to the greater of $100 or the authorized declared value. Recovery cannot exceed actual documented loss,Maximum for items of extraordinary value is $1,000, e.g. jewelry, precious metals, negotiable instruments and other items listed in our ServiceGuide. Written claims must be filed within strict time limits, see current FedEx Service Guide.

8/18/2016

15-21

**EXHIBIT 15**
**154**

1

**PROOF OF SERVICE**

2

I, **SARAH DEICHES,** declare:

3
4

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to this action. My business address is 100 Wilshire Boulevard, Suite 1300, Santa Monica, California 90401-1142, (310) 899-3300.

5
6
7

On June 26, 2017, I served the document(s) described as **DEFENDANT ALPINE SECURITY CORP.'S NOTICE OF DEMURRER AND DEMURRER TO PLAINTIFF'S FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF ALAN BASKIN; EXHIBITS** on the interested parties in this action:

8

**SEE ATTACHED SERVICE LIST**

9
10

☒      BY UNITED STATES MAIL:  I enclosed true copies of the document(s) in a sealed envelope or package addressed to the persons included above or on the attached service list, with prepaid postage in the U.S. mail in Santa Monica, California.

11
12
13

I am "readily familiar" with this firm's practice for the collection and processing of correspondence for mailing  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

14
15

☒      [State]  I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

16

Executed on June 26, 2017, at Santa Monica, California.

17
18

**SARAH DEICHES**

19

20

21

22

23

24

25

26

27

28

MURPHY ROSEN LLP
100 WILSHIRE BOULEVARD, SUITE 1300
SANTA MONICA, CA 90401-1142
TELEPHONE 310-899-3300; FACSIMILE 310-399-7201

- 1 -

*PROOF OF SERVICE*

*PRINTED ON RECYCLED PAPER*

MURPHY ROSEN LLP
100 WILSHIRE BOULEVARD, SUITE 1300
SANTA MONICA, CA 90401-1142
TELEPHONE 310-899-3300; FACSIMILE 310-399-7201

1
2
3
4

Alan Baskin
Baskin Richards PLC
2901 N. Central Avenue, Suite 1150
Phoenix, AZ 85012

***Attorney for Defendant Alpine
Securities Corporation***

David D. Piper
Keesal, Young & Logan
400 Oceangate
Long Beach, CA 90802

***Attorneys for Citibank, N.A.***

5
6
7
8

AMP Group Holdings, Inc.
Agent: Global Corporate Services,
Inc.
704 N King St, Suite 500
Wilmington, DE 19899

Randy Katz, Esq.
Baker Hostetler
600 Anton Blvd., Suite 900
Costa Mesa, CA 92626-7221

***Attorneys for Defendant
Empire Stock Transfer, Inc.***

9
10
11
12
13

James Kawahito
Kawahito Law Group, APC
222 N. Sepulveda Blvd., Suite 2222
El Segundo, CA 90245

***Attorneys for HJK Trade, Inc.,
Hovik Kostandyan and Vladimir
Hanin***

Tod V. Beebe, Esq.
Barton, Klugman and Oetting LLP
350 South Grand Avenue, Suite 2200
Los Angeles, California 90071

***Attorneys for Defendant
JP Morgan Chase Bank, N.A.***

14
15
16
17
18

David A. Berkley, Esq.
SEVERSON & WERSON
The Atrium
19100 Von Kannan Avenue,
Suite 700
Irvine, CA 92612

***Attorneys for Defendant
Wells Fargo Bank, N.A.***

Paul Kozlov
7040 Hayvenhurst Avenue
Van Nuys, CA 91406

19
20
21
22
23
24

Michael Hurey
Michael Carwin
KLEINBERG & LERNER, LLP
1875 Century Park East, Suite 1150
Los Angeles, CA 90067-2501

***Attorneys for Plaintiff
Reko Holdings, LLC***

25
26
27
28

-2-

***PRINTED ON RECYCLED PAPER***

*PROOF OF SERVICE*

6/26/2017                                    Reservation Printout-BC647661-1706222289…

**THIS IS YOUR CRS RECEIPT**

| INSTRUCTIONS |
|---|
| Please print this receipt and attach it to the corresponding motion/document as the last page. Indicate the Reservation ID on the motion/document face page (see example). The document will not be accepted without this receipt page and the Reservation ID. |
|  |

**RESERVATION INFORMATION**

**Reservation ID:** 170622228924
**Transaction Date:** June 22, 2017

**Case Number:** BC647661
**Case Title:** REKO HOLDINGS LLC VS ACAP FINANCIAL INC ET AL
**Party:** ALPINE SECURITIES CORP. (Defendant)

**Courthouse:** Stanley Mosk Courthouse
**Department:** 36
**Reservation Type:** Demurrer - without Motion to Strike
**Date:** 8/31/2017
**Time:** 08:30 am

**FEE INFORMATION** (Fees are non-refundable)

**First Paper Fee:** Party asserts first paper was previously paid.

| Description | Fee |
|---|---|
| Demurrer - without Motion to Strike | $60.00 |
| **Total Fees:** | Receipt Number: 1170622K8689 | **$60.00** |

**PAYMENT INFORMATION**

**Name on Credit Card:** Paul Murphy
**Credit Card Number:** XXXX-XXXX-XXXX-6164

**A COPY OF THIS RECEIPT MUST BE ATTACHED TO THE CORRESPONDING MOTION/DOCUMENT AS THE LAST PAGE AND THE RESERVATION ID INDICATED ON THE MOTION/DOCUMENT FACE PAGE.**