THE HAKALA LAW GROUP, P.C.
BRAD A. HAKALA, SBN 236709
RYAN N. OSTROWSKI, SBN 305293
One World Trade Center, Suite 1870
Long Beach, CA 90831
Telephone:  562.432.5023
Facsimile:   562.786.8606
Email:       bhakala@hakala-law.com

Attorneys for Defendants:  AMP GROUP
HOLDINGS, LLC; PAUL KOZLOV;
GSS GROUP, LLC; SAPA GROUP, LLC;
GARY SHIRINYAN; IEVGENIIA SAPA;
VLADIMIR HANIN; HJK TRADE, INC.;
and HOVIK KOSTANDYAN

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| REKO HOLDINGS, LLC,<br><br>                    Plaintiff,<br><br>          v.<br><br>AMP GROUP HOLDINGS, INC., a Delaware Corporation; PAUL KOZLOV; GSS GROUP LLC, a California limited liability company; GARY SHIRINYAN; ILEVGENIA SAPA aka EVGENIA SAPA aka LEVGENIA SAPA; VLADIMIR HANIN; HJK TRADE, INC., a California corporation; HOVIK KOSTANDYAN; CITIBANK, N.A.; JP MORGAN CHASE BANK, N.A,; WELLS FARGO BANK, N.A.; GALINA VAYNTER; VAYDIM VAYNTER aka AVADY VAYNTER; GV GLOBAL COMMUNICATIONS, INC., a California Corporation; DIRECT COMMUNICATIONS, INC., a California Corporation, REGINA KATS; ARTHUR KATS; LEGACY RESOURCES GROUP, INC., an unknown business entity; YITZHAK KLEYMAN,  and DOES 1 – 100, inclusive,<br><br>                    Defendants. | Case No.: 2:18-cv-07401-GW-FFM<br><br>**AMP GROUP HOLDINGS, LLC, PAUL KOZLOV, GSS GROUP, LLC, SAPA GROUP, LLC, GARY SHIRINYAN, IEVGENIIA SAPA, VLADIMIR HANIN, HJK TRADE, INC. AND HOVIC KOSTANDYAN'S ANSWER TO PLAINTIFF'S CORRECTED SECOND AMENDED COMPLAINT** |

1

Defendants, AMP GROUP HOLDINGS, LLC ("AMP"), PAUL KOZLOV ("KOZLOV"), GSS GROUP, LLC ("GSS"), SAPA GROUP, LLC ("SAPA GROUP"), GARY SHIRINYAN ("SHIRINYAN"), IEVGENIIA SAPA ("SAPA"), erroneously sued as ILEVGENIA SAPA aka EVGENIA SAPA aka LEVGENIA SALA, VLADIMIR HANIN ("HANIN"), HJK TRADE, INC. ("HJK"),   AND HOVIC KOSTANDYAN ("KOSTANDYAN") (collectively the "ANSWERING DEFENDANTS") hereby answer the Corrected Second Amended Complaint ("SAC") of Plaintiff, REKO HOLDINGS, LLC ("REKO" or "PLAINTIFF"), in the above-captioned matter as follows:

## THE PARTIES

1.    In answering Paragraph 1 of the SAC, the ANSWERING DEFENDANTS admit that at all times alleged within the SAC, Defendant Regina Kats ("REGINA") was the sole manager of PLAINTIFF and was responsible for and had the right to make and/or engage in all decisions and/or actions on behalf of PLAINTIFF.  The ANSWERING DEFENDANTS lack sufficient information or belief to either admit or deny the remaining allegations set forth by PLAINTIFF within Paragraph 1 of the SAC, and on that basis, denies each and every remaining allegation contained therein.

2.    In answering Paragraph 2 of the SAC, the ANSWERING DEFENDANTS are without sufficient information or belief on which to either admit or deny the allegations contained therein, and on that basis, denies each and every allegation contained therein.

3.    In answering Paragraph 3 of the SAC, the ANSWERING DEFENDANTS are without sufficient information or belief on which to either admit or deny the allegations contained therein, and on that basis, denies each and every allegation contained therein.

4.    In answering Paragraph 4 of the SAC, upon information and belief the ANSWERING DEFENDANTS admit that at all times mentioned within the SAC

that Defendant Galina Vaynter ("GALINA") was and is an individual, residing in the County of Los Angeles, State of California.

5.    In answering Paragraph 5 of the SAC, upon information and belief the ANSWERING DEFENDANTS admit that at all times mentioned within the SAC that Defendant Vadim Vaynter ("VADIM") was and is an individual, residing in the County of Los Angeles, State of California.

6.    In answering Paragraph 6 of the SAC, upon information and belief the ANSWERING DEFENDANTS admit that at all times mentioned within the SAC that GALINA and VADIM were married.

7.    In answering Paragraph 7 of the SAC, upon information and belief the ANSWERING DEFENDANTS admit that at all times mentioned within the SAC that Defendant REGINA was and is an individual, residing in the County of Los Angeles, State of California.

8.    In answering Paragraph 8 of the SAC, upon information and belief the ANSWERING DEFENDANTS admit that at all times mentioned within the SAC that Defendant Arthur Katz ("ARTHUR") was and is an individual, residing in the County of Los Angeles, State of California.

9.    In answering Paragraph 9 of the SAC, the ANSWERING DEFENDANTS admit that REGINA was and is the daughter of VADIM and GALINA.

10.   In answering Paragraph 10 of the SAC, upon information and belief the ANSWERING DEFENDANTS admit that at all times mentioned within the SAC that REGINA and ARTHUR were married.

11.   In answering Paragraph 11 of the SAC, upon information and belief, the ANSWERING DEFENDANTS admit that Gopher Protocol, Inc. ("GOPHER") is a publicly traded Nevada Corporation.  The ANSWERING DEFENDANTS lack sufficient information or belief to either admit or deny the remaining allegations set

forth by PLAINTIFF within Paragraph 11 of the SAC, and on that basis, denies each and every remaining allegation contained therein.

12.    In answering Paragraph 12 of the SAC, upon information and belief, the ANSWERING DEFENDANTS admit that Defendant Direct Communications, Inc. ("DCI") was a California Corporation, doing business in the County of Los Angeles at all times mentioned within the SAC.   The ANSWERING DEFENDANTS lack sufficient information or belief to either admit or deny the remaining allegations set forth by PLAINTIFF within Paragraph 12 of the SAC, and on that basis, denies each and every remaining allegation contained therein.

13.    In answering Paragraph 13 of the SAC, upon information and belief, the ANSWERING DEFENDANTS admit that Defendant GV Global Communications, Inc. ("GV") is a suspended California Corporation and doing business in the County of Los Angeles.  The ANSWERING DEFENDANTS lack sufficient information or belief to either admit or deny the remaining allegations set forth by PLAINTIFF within Paragraph 13 of the SAC, and on that basis, denies each and every remaining allegation contained therein.

14.    In answering Paragraph 14 of the SAC, upon information and belief, the ANSWERING DEFENDANTS admit that Defendant Legacy Resources Group, Inc. ("LEGACY") was doing business in the State of California, County of Los Angeles.  The ANSWERING DEFENDANTS lack sufficient information or belief to either admit or deny the remaining allegations set forth by PLAINTIFF within Paragraph 14 of the SAC, and on that basis, denies each and every remaining allegation contained therein.

15.    In answering Paragraph 15 of the SAC, upon information and belief, the ANSWERING DEFENDANTS admit the allegations set forth therein.

16.    In answering Paragraph 16 of the SAC, upon information and belief, the ANSWERING DEFENDANTS admit the allegations set forth therein.

ANSWER TO CORRECTED SECOND AMENDED COMPLAINT

17. In answering Paragraph 17 of the SAC, the ANSWERING DEFENDANTS lack sufficient information or belief to either admit or deny the allegations set forth therein, and on that basis, denies each and every remaining allegation contained therein.

18. In answering Paragraph 18 of the SAC, the ANSWERING DEFENDANTS admit that HANIN is an individual, residing in the County of Los Angeles, State of California.

19. In answering Paragraph 19 of the SAC, the ANSWERING DEFENDANTS admit that HJK is a validly existing California Corporation and doing business in the County of Los Angeles.

20. In answering Paragraph 20 of the SAC, the ANSWERING DEFENDANTS admit that KOSTANDYAN is an individual, residing in the County of Los Angeles, State of California.  In answering the remaining allegations set forth within Paragraph 20 of the SAC, the ANSWERING DEFENDANTS admit that KOSTANDYAN is a Director of HJK.

21. In answering Paragraph 21 of the SAC, the ANSWERING DEFENDANTS deny the allegations contained therein.

22. In answering Paragraph 22 of the SAC, the ANSWERING DEFENDANTS admit that SHIRINYAN is an individual, residing in the County of Los Angeles, State of California.

23. In answering Paragraph 23 of the SAC, the ANSWERING DEFENDANTS admit that SAPA is an individual, residing in the County of Los Angeles, State of California.

24. In answering Paragraph 24 of the SAC, the ANSWERING DEFENDANTS admit that SHIRINYAN and SAPA are married.

25. In answering Paragraph 25 of the SAC, the ANSWERING DEFENDANTS admit that GSS is a validly existing California Limited Liability Company and doing business in the County of Los Angeles.  In answering the

remaining allegations set forth within Paragraph 25, the ANSWERING DEFENDANTS deny that SHIRINYAN is listed as a manager of GSS.

26.     In answering Paragraph 26 of the SAC, the ANSWERING DEFENDANTS deny the allegations contained therein.

27.     In answering Paragraph 27 of the SAC, the ANSWERING DEFENDANTS admit that SAPA GROUP is a California Limited Liability Company and doing business in the County of Los Angeles.  The ANSWERING DEFENDANTS deny the remaining allegations set forth within Paragraph 27 of the SAC.

28.     In answering Paragraph 28 of the SAC, the ANSWERING DEFENDANTS deny the allegations contained therein.

29.     In answering paragraph 29 of the SAC, the ANSWERING DEFENDANTS admit that AMP is a valid Delaware Corporation.  In answering the remaining allegations of Paragraph 29, the ANSWERING DEFENDANTS are without sufficient information or belief on which to either admit or deny the remaining allegations contained therein, and on that basis, denies each and every allegation contained therein.

30.     In answering Paragraph 30 of the SAC, the ANSWERING DEFENDANTS admit that KOZLOV was and is an individual residing in the State of California, County of Los Angeles.  In answering the remaining allegations of Paragraph 30, the ANSWERING DEFENDANTS deny that KOZLOV was a manager of AMP as AMP is a corporation and not a limited liability company and thus does not list managers.

31.     In answering Paragraph 31 of the SAC, the ANSWERING DEFENDANTS deny the allegations contained therein.

32.     In answering Paragraph 32 of the SAC, the ANSWERING DEFENDANTS are without sufficient information or belief on which to either

admit or deny the allegations contained therein, and on that basis, denies each and every allegation contained therein.

33. In answering Paragraph 33 of the SAC, the ANSWERING DEFENDANTS are without sufficient information or belief on which to either admit or deny the allegations contained therein, and on that basis, denies each and every allegation contained therein.

34. In answering Paragraph 34 of the SAC, the ANSWERING DEFENDANTS are without sufficient information or belief on which to either admit or deny the allegations contained therein, and on that basis, denies each and every allegation contained therein.

35. In answering Paragraph 35 of the SAC, this paragraph contains no factual allegations and therefore the ANSWERING DEFENDANTS are not required to provide a response.

36. In answering Paragraph 36 of the SAC, this paragraph contains no factual allegations and therefore the ANSWERING DEFENDANTS are not required to provide a response.

37. In answering Paragraph 37 of the SAC, this paragraph contains no factual allegations and therefore the ANSWERING DEFENDANTS are not required to provide a response.

38. In answering Paragraph 38 of the SAC, this paragraph contains no factual allegations and therefore the ANSWERING DEFENDANTS are not required to provide a response.

39. In answering Paragraph 39 of the SAC, the ANSWERING DEFENDANTS deny that any of them, jointly or individually, are liable in any manner for the allegations set forth within the SAC and as such the ANSWERING DEFENDANTS deny that their actions have or will cause any damages to PLAINTIFF.

ANSWER TO CORRECTED SECOND AMENDED COMPLAINT

**JURISDICTION AND VENUE**

40.   In answering Paragraph 40 of the SAC, the ANSWERING DEFENDANTS are without sufficient information or belief on which to either admit or deny the allegations contained therein, and on that basis, denies each and every allegation contained therein.

41.   In answering Paragraph 41 of the SAC, the ANSWERING DEFENDANTS are without sufficient information or belief on which to either admit or deny the allegations contained therein, and on that basis, denies each and every allegation contained therein.

42.   In answering Paragraph 42 of the SAC, the ANSWERING DEFENDANTS are without sufficient information or belief on which to either admit or deny the allegations contained therein, and on that basis, denies each and every allegation contained therein.

**FACTUAL BACKGROUND**

43.   In answering Paragraph 43 of the SAC, the ANSWERING DEFENDANTS are without sufficient information or belief on which to either admit or deny the allegations contained therein, and on that basis, denies each and every allegation contained therein.

44.   In answering Paragraph 44 of the SAC, the ANSWERING DEFENDANTS admit that REGINA, the former sole individual in charge and responsible for PLAINTIFF filed a false police report with the Los Angeles Police Department against the applicable ANSWERING DEFENDANTS.   The ANSWERING DEFENDANTS also admit that Plaintiff filed a completely false and inaccurate Complaint and First Amended Complaint in the Los Angeles Superior Court wherein Plaintiff wrongfully and in complete bad-faith, set forth completely erroneous allegations against some of the ANSWERING DEFENDANTS all of which Plaintiff is now admitting within this SAC that it made such false allegations. The ANSWERING DEFENDANTS deny that any of them, either jointly or

individually, engaged in any actions which resulted in a theft by these ANSWERING DEFENDANTS of any of Plaintiff's properties. In answering the remaining allegations set forth within Paragraph 44 of the SAC, the ANSWERING DEFENDANTS are without sufficient information or belief on which to either admit or deny the remaining allegations contained therein, and on that basis, denies each and every allegation contained therein.

45. In answering Paragraph 45 of the SAC, the ANSWERING DEFENDANTS deny the allegations contained therein.

**A. The Conspiracy**

46. In answering Paragraph 46 of the SAC, the ANSWERING DEFENDANTS are without sufficient information or belief on which to either admit or deny the allegations contained therein, and on that basis, denies each and every allegation contained therein.

47. In answering Paragraph 47 of the SAC, the ANSWERING DEFENDANTS are without sufficient information or belief on which to either admit or deny the allegations contained therein, and on that basis, denies each and every allegation contained therein.

48. In answering Paragraph 48 of the SAC, the ANSWERING DEFENDANTS are without sufficient information or belief on which to either admit or deny the allegations contained therein, and on that basis, denies each and every allegation contained therein.

49. In answering Paragraph 49 of the SAC, the ANSWERING DEFENDANTS admit that REGINA, as the sole individual authorized to act on behalf of the PLAINTIFF at the alleged time, allowed the ANSWERING DEFENDANTS to purchase Gopher Protocol, Inc. stock in exchange for valid consideration. The ANSWERING DEFENDANTS also admit that GALINA and REGINA unlawfully published an erroneous police report wherein they each falsely alleged that the ANSWERING DEFENDANTS physically stole the PLAINTIFF'S

stock certificates, all of which PLAINTIFF is now admitting to be completely false and made up by REGINA in bad-faith while she was the manager of the PLAINTIFF in bad-faith.  The ANSWERING DEFENDANTS deny that any of them, either jointly or individually, engaged in any stock market manipulation schemes using PLAINTIFF'S assets for capital.  The ANSWERING DEFENDANTS also deny that the stock in Gopher Protocol, Inc. which was sold to the ANSWERING DEFENDANTS for adequate consideration was sold at such an absurdly low price to signal to these ANSWERING DEFENDANTS that the property was stolen.  The ANSWERING DEFENDANTS also deny that the stock that they did validly purchase was stolen, but rather such transactions were entirely valid as adequate consideration was given.  The ANSWERING DEFENDANTS also deny that SHIRINYAN unlawfully threatened GALINA, in any manner.  As to the remaining allegations set forth within Paragraph 49 of the SAC, the ANSWERING DEFENDANTS are without sufficient information or belief on which to either admit or deny the remaining allegations contained therein, and on that basis, denies each and every allegation contained therein.

50.   In answering Paragraph 50 of the SAC, the ANSWERING DEFENDANTS deny that any of them, either jointly or individually, forged PLAINTIFF'S endorsement on checks made payable to PLAINTIFF.  The ANSWERING DEFENDANTS also deny that any of them, either jointly or individually, converted the proceeds of the alleged illicit sales to their own continuing benefit.  As to the remaining allegations set forth within Paragraph 50 of the SAC, the ANSWERING DEFENDANTS are without sufficient information or belief on which to either admit or deny the remaining allegations contained therein, and on that basis, denies each and every allegation contained therein.

51.   In answering Paragraph 51 of the SAC, the ANSWERING DEFENDANTS deny that any of them, either jointly or individually, were involved in any complex, corrupt, and sophisticated scheme and conspiracy to deprive

PLAINTIFF of any of its' assets. As to the remaining allegations set forth within Paragraph 51 of the SAC, the ANSWERING DEFENDANTS are without sufficient information or belief on which to either admit or deny the remaining allegations contained therein, and on that basis, denies each and every allegation contained therein.

52. In answering Paragraph 52 of the SAC, the ANSWERING DEFENDANTS are without sufficient information or belief on which to either admit or deny the allegations contained therein, and on that basis, denies each and every allegation contained therein.

53. In answering Paragraph 53 of the SAC, the ANSWERING DEFENDANTS are without sufficient information or belief on which to either admit or deny the allegations contained therein, and on that basis, denies each and every allegation contained therein.

54. In answering Paragraph 54 of the SAC, the ANSWERING DEFENDANTS are without sufficient information or belief on which to either admit or deny the allegations contained therein, and on that basis, denies each and every allegation contained therein.

55. In answering Paragraph 55 of the SAC, the ANSWERING DEFENDANTS are without sufficient information or belief on which to either admit or deny the allegations contained therein, and on that basis, denies each and every allegation contained therein.

56. In answering Paragraph 56 of the SAC, the ANSWERING DEFENDANTS are without sufficient information or belief on which to either admit or deny the allegations contained therein, and on that basis, denies each and every allegation contained therein.

**B. The Transfers**

57. In answering Paragraph 57 of the SAC, the ANSWERING DEFENDANTS admit that PLAINTIFF is the largest shareholder of Gopher

Protocol, Inc. in that the actions of PLAINTIFF and Gopher Protocol, Inc. are one and the same.  The ANSWERING DEFENDANTS deny that PLAINTIFF'S sale of stock to ANSWERING DEFENDANTS was not voluntary or completed in a wrongful manner.  In answering the remaining allegations set forth within Paragraph 57 of the SAC, the ANSWERING DEFENDANTS are without sufficient information or belief on which to either admit or deny the remaining allegations contained therein, and on that basis, denies each and every allegation contained therein.

58.   In answering Paragraph 58 of the SAC, the ANSWERING DEFENDANTS admit that PLAINTIFF sold to the ANSWERING DEFENDANTS, for valid consideration, the alleged stock certificates in Gopher Protocol, Inc.  The ANSWERING DEFENDANTS deny that any of them, either jointly or individually, engaged in any act of fraudulently concealing the existence of any transfer of stock certificates from the PLAINTIFF to the ANSWERING DEFENDANTS.  The ANSWERING DEFENDANTS deny that PLAINTIFF did not receive any of the monies given by the ANSWERING DEFENDANTS to PLAINTIFF or its' authorized agents for the purchase and sale of such alleged stock in Gopher Protocol, Inc.   The ANSWERING DEFENDANTS deny that PLAINTIFF did not authorize the transfers and disposition of stock as described within the SAC.  The ANSWERING DEFENDANTS deny that they are illegally retaining or detaining any stock in Gopher Protocol, Inc.  In answering the remaining allegations set forth within Paragraph 58 of the SAC, the ANSWERING DEFENDANTS are without sufficient information or belief on which to either admit or deny the remaining allegations contained therein, and on that basis, denies each and every allegation contained therein.

59.   In answering Paragraph 59 of the SAC, the ANSWERING DEFENDANTS admit that 1,000,000 shares of PLAINTIFF'S stock in Gopher Protocol, Inc. was sold to SAPA for valid consideration and that said stock

certificate was wrongfully never delivered to SAPA despite Gopher Protocol, Inc. acknowledging the validity of such stock purchase within their required online SEC Public Disclosure Statements and despite SAPA'S previous repetitive demands. The ANSWERING DEFENDANTS deny that the failure to deliver said stock to Sapa was related to a failure to pay or that "thieves fell out" as alleged within Paragraph 59 of the SAC. The ANSWERING DEFENDANTS deny that PLAINTIFF did not authorize said transfer of shares to SAPA. In answering the remaining allegations set forth within Paragraph 59 of the SAC, the ANSWERING DEFENDANTS are without sufficient information or belief on which to either admit or deny the remaining allegations contained therein, and on that basis, denies each and every allegation contained therein.

60. In answering Paragraph 60 of the SAC, the ANSWERING DEFENDANTS deny that any of them, either jointly or individually, stole REGINA'S identity and forged her signature. In answering the remaining allegations set forth within Paragraph 60 of the SAC, the ANSWERING DEFENDANTS are without sufficient information or belief on which to either admit or deny the remaining allegations contained therein, and on that basis, denies each and every allegation contained therein.

61. In answering Paragraph 61 of the SAC, the ANSWERING DEFENDANTS admit that they purchased shares of stock in Gopher Protocol, Inc. from Direct Communications, Inc. for valid consideration. In answering the remaining allegations set forth within Paragraph 61 of the SAC, the ANSWERING DEFENDANTS are without sufficient information or belief on which to either admit or deny the remaining allegations contained therein, and on that basis, denies each and every allegation contained therein.

62. In answering Paragraph 62 of the SAC, the ANSWERING DEFENDANTS are without sufficient information or belief on which to either

admit or deny the allegations contained therein, and on that basis, denies each and every allegation contained therein.

63.   In answering Paragraph 63 of the SAC, the ANSWERING DEFENDANTS are without sufficient information or belief on which to either admit or deny the allegations contained therein, and on that basis, denies each and every allegation contained therein.

64.   In answering Paragraph 64 of the SAC, the ANSWERING DEFENDANTS deny the allegations set forth therein.

65.   In answering Paragraph 65 of the SAC, the ANSWERING DEFENDANTS deny the allegations set forth therein.

66.   In answering Paragraph 66 of the SAC, the ANSWERING DEFENDANTS admit that PLAINTIFF, REGINA, and GALINA caused there to be filed an erroneous police report with the Los Angeles Police Department wherein the aforementioned parties erroneously and in bad-faith unlawfully accused SHIRINYIAN of stealing the alleged stock certificates.   The ANSWERING DEFENDANTS deny that any shares of stock were wrongfully stolen from PLAINTIFF.   In answering the remaining allegations set forth within Paragraph 66 of the SAC, the ANSWERING DEFENDANTS are without sufficient information or belief on which to either admit or deny the remaining allegations contained therein, and on that basis, denies each and every allegation contained therein.

67.   In answering Paragraph 67 of the SAC, the ANSWERING DEFENDANTS are without sufficient information or belief on which to either admit or deny the allegations contained therein, and on that basis, denies each and every allegation contained therein.

68.   In answering Paragraph 68 of the SAC, the ANSWERING DEFENDANTS deny that PLAINTIFF has never consented to or authorized the sale or transfer of any shares of Gopher Protocol, Inc. that it owned and deny that Plaintiff has never received any proceeds from any transfer thereto.   The

ANSWERING DEFENDANTS deny that the shares transferred to them were stolen from and converted from PLAINTIFF to the ANSWERING DEFENDANTS and deny that the ANSWERING DEFENDANTS, either jointly or individually were part of any conspiracy as set forth in the SAC.  In answering the remaining allegations set forth within Paragraph 68 of the SAC, the ANSWERING DEFENDANTS are without sufficient information or belief on which to either admit or deny the remaining allegations contained therein, and on that basis, denies each and every allegation contained therein.

69.   In answering Paragraph 69 of the SAC, the ANSWERING DEFENDANTS are without sufficient information or belief on which to either admit or deny the allegations contained therein, and on that basis, denies each and every allegation contained therein.

70.   In answering Paragraph 70 of the SAC, the ANSWERING DEFENDANTS admit that PLAINTIFF unlawfully commenced this action by alleging completely inaccurate allegations against the ANSWERING DEFENDANTS.  In answering the remaining allegations set forth within Paragraph 70 of the SAC, the ANSWERING DEFENDANTS are without sufficient information or belief on which to either admit or deny the remaining allegations contained therein, and on that basis, denies each and every allegation contained therein.

71.   In answering Paragraph 71 of the SAC, the ANSWERING DEFENDANTS admit that they purchased the alleged stock certificates in Gopher Protocol, Inc. but deny that the ANSWERING DEFENDANTS failed to pay PLAINTIFF any consideration for the stock which was transferred to them.

72.   In answering Paragraph 72 of the SAC, the ANSWERING DEFENDANTS are without sufficient information or belief on which to either admit or deny the allegations contained therein, and on that basis, denies each and every allegation contained therein.

73. In answering Paragraph 73 of the SAC, the ANSWERING DEFENDANTS deny the allegations set forth therein.

74. In answering Paragraph 74 of the SAC, the ANSWERING DEFENDANTS deny the allegations set forth therein.

75. In answering Paragraph 75 of the SAC, the ANSWERING DEFENDANTS are without sufficient information or belief on which to either admit or deny the allegations contained therein, and on that basis, denies each and every allegation contained therein.

## FIRST CAUSE OF ACTION

## <u>CONVERSION</u>

(Against the TRANSFER DEFENDANTS and DOES 70-80)

76. In answering Paragraph 76 of the SAC, the ANSWERING DEFENDANTS repeat and incorporate their responses to each of the paragraphs 1 through 75 of the SAC, as though fully set forth herein.

77. In answering Paragraph 77 of the SAC, the ANSWERING DEFENDANTS deny the allegations set forth therein.

78. In answering Paragraph 78 of the SAC, the ANSWERING DEFENDANTS are without sufficient information or belief on which to either admit or deny the allegations contained therein, and on that basis, denies each and every allegation contained therein.

79. In answering Paragraph 79 of the SAC, the ANSWERING DEFENDANTS are without sufficient information or belief on which to either admit or deny the allegations contained therein, and on that basis, denies each and every allegation contained therein.

80. In answering Paragraph 80 of the SAC, the ANSWERING DEFENDANTS are without sufficient information or belief on which to either admit or deny the allegations contained therein, and on that basis, denies each and every allegation contained therein.

81.     In answering Paragraph 81 of the SAC, the ANSWERING DEFENDANTS are without sufficient information or belief on which to either admit or deny the allegations contained therein, and on that basis, denies each and every allegation contained therein.

82.     In answering Paragraph 82 of the SAC, the ANSWERING DEFENDANTS are without sufficient information or belief on which to either admit or deny the allegations contained therein, and on that basis, denies each and every allegation contained therein.

83.     In answering Paragraph 83 of the SAC, the ANSWERING DEFENDANTS are without sufficient information or belief on which to either admit or deny the allegations contained therein, and on that basis, denies each and every allegation contained therein.

84.     In answering Paragraph 84 of the SAC, the ANSWERING DEFENDANTS are without sufficient information or belief on which to either admit or deny the allegations contained therein, and on that basis, denies each and every allegation contained therein.

85.     In answering Paragraph 85 of the SAC, the ANSWERING DEFENDANTS are without sufficient information or belief on which to either admit or deny the allegations contained therein, and on that basis, denies each and every allegation contained therein.

## SECOND CAUSE OF ACTION

### CONVERSION

(Against the BANKS and DOES 81-85)

86.     In answering Paragraph 86 of the SAC, the ANSWERING DEFENDANTS repeat and incorporate their responses to each of the paragraphs 1 through 85 of the SAC, as though fully set forth herein.

87.     In answering Paragraph 87 of the SAC, the ANSWERING DEFENDANTS deny the allegations set forth therein.

88.     In answering Paragraph 88 of the SAC, the ANSWERING DEFENDANTS are without sufficient information or belief on which to either admit or deny the allegations contained therein, and on that basis, denies each and every allegation contained therein.

89.     In answering Paragraph 89 of the SAC, the ANSWERING DEFENDANTS are without sufficient information or belief on which to either admit or deny the allegations contained therein, and on that basis, denies each and every allegation contained therein.

90.     In answering Paragraph 90 of the SAC, the ANSWERING DEFENDANTS are without sufficient information or belief on which to either admit or deny the allegations contained therein, and on that basis, denies each and every allegation contained therein.

91.     In answering Paragraph 91 of the SAC, the ANSWERING DEFENDANTS are without sufficient information or belief on which to either admit or deny the allegations contained therein, and on that basis, denies each and every allegation contained therein.

92.     In answering Paragraph 92 of the SAC, the ANSWERING DEFENDANTS are without sufficient information or belief on which to either admit or deny the allegations contained therein, and on that basis, denies each and every allegation contained therein.

## THIRD CAUSE OF ACTION

## UNJUST ENRICHMENT

(Against the TRANSFER DEFENDANTS and DOES 70-80)

93.     In answering Paragraph 93 of the SAC, the ANSWERING DEFENDANTS repeat and incorporate their responses to each of the paragraphs 1 through 92 of the SAC, as though fully set forth herein.

94.     In answering Paragraph 94 of the SAC, the ANSWERING DEFENDANTS deny any wrongdoing as set forth within the SAC against any of

them.  In answering the remaining allegations set forth within Paragraph 94 of the SAC, the ANSWERING DEFENDANTS are without sufficient information or belief on which to either admit or deny the remaining allegations contained therein, and on that basis, denies each and every allegation contained therein.

95.     In answering Paragraph 95 of the SAC, the ANSWERING DEFENDANTS deny that any of them, either jointly or individually, engaged in any unlawful misappropriation of PLAINTIFF'S stock and proceeds of alleged sales, and unjust enrichment as alleged within the SAC.  In answering the remaining allegations set forth within Paragraph 95 of the SAC, the ANSWERING DEFENDANTS are without sufficient information or belief on which to either admit or deny the remaining allegations contained therein, and on that basis, denies each and every allegation contained therein.

96.     In answering Paragraph 96 of the SAC, the ANSWERING DEFENDANTS deny that they, either jointly or individually, are liable to PLAINTIFF for any sums of monies. In answering the remaining allegations set forth within Paragraph 96 of the SAC, the ANSWERING DEFENDANTS are without sufficient information or belief on which to either admit or deny the remaining allegations contained therein, and on that basis, denies each and every allegation contained therein.

97.     To the extent the allegations in Paragraph 97 of the SAC constitute legal arguments or conclusions, no answer is required.  In answering the remaining allegations set forth within Paragraph 97 of the SAC, the ANSWERING DEFENDANTS are without sufficient information or belief on which to either admit or deny the remaining allegations contained therein, and on that basis, denies each and every allegation contained therein.

///

///

///

**FOURTH CAUSE OF ACTION**

<u>VIOLATION OF CALIFORNIA PENAL CODE §496</u>

(Against the TRANSFER DEFENDANTS and DOES 70-80)

98.     In answering Paragraph 98 of the SAC, the ANSWERING DEFENDANTS repeat and incorporate their responses to each of the paragraphs 1 through 97 of the SAC, as though fully set forth herein.

99.     To the extend the allegations in Paragraph 99 of the SAC constitute legal arguments or legal conclusions, no answer is required.  In answering the remaining allegations set forth within Paragraph 99 of the SAC, the ANSWERING DEFENDANTS are without sufficient information or belief on which to either admit or deny the remaining allegations contained therein, and on that basis, denies each and every allegation contained therein.

100.     In answering Paragraph 100 of the SAC, the ANSWERING DEFENDANTS are without sufficient information or belief on which to either admit or deny the allegations contained therein, and on that basis, denies each and every allegation contained therein.

101.     In answering Paragraph 101 of the SAC, the ANSWERING DEFENDANTS are without sufficient information or belief on which to either admit or deny the allegations contained therein, and on that basis, denies each and every allegation contained therein.

102.     To the extent the allegations in Paragraph 102 of the SAC constitute legal arguments or conclusions, no answer is required.  In answering the remaining allegations set forth within Paragraph 102 of the SAC, the ANSWERING DEFENDANTS are without sufficient information or belief on which to either admit or deny the remaining allegations contained therein, and on that basis, denies each and every allegation contained therein.

///

///

ANSWER TO CORRECTED SECOND AMENDED COMPLAINT

**FIFTH CAUSE OF ACTION**

<u>NEGLIGENCE</u>

(Against the BANKS and DOES 81-85)

103.    In answering Paragraph 103 of the SAC, the ANSWERING DEFENDANTS repeat and incorporate their responses to each of the paragraphs 1 through 102 of the SAC, as though fully set forth herein.

104.    To the extent the allegations in Paragraph 104 of the SAC constitute legal arguments or conclusions, no answer is required.  In answering the remaining allegations set forth within Paragraph 104 of the SAC, the ANSWERING DEFENDANTS are without sufficient information or belief on which to either admit or deny the remaining allegations contained therein, and on that basis, denies each and every allegation contained therein.

105.    To the extent the allegations in Paragraph 105 of the SAC constitute legal arguments or conclusions, no answer is required.  In answering the remaining allegations set forth within Paragraph 105 of the SAC, the ANSWERING DEFENDANTS are without sufficient information or belief on which to either admit or deny the remaining allegations contained therein, and on that basis, denies each and every allegation contained therein.

106.    In answering Paragraph 106 of the SAC, the ANSWERING DEFENDANTS are without sufficient information or belief on which to either admit or deny the allegations contained therein, and on that basis, denies each and every allegation contained therein.

107.    In answering Paragraph 107 of the SAC, the ANSWERING DEFENDANTS deny that GSS furnished any false, forged, and/or inconsistent information to Defendant Citibank in connection with stock certificate nos. 368, 369, and 370.  In answering the remaining allegations set forth within Paragraph 107 of the SAC, the ANSWERING DEFENDANTS are without sufficient information or belief on which to either admit or deny the remaining allegations

contained therein, and on that basis, denies each and every allegation contained therein.

108.     In answering Paragraph 108 of the SAC, the ANSWERING DEFENDANTS are without sufficient information or belief on which to either admit or deny the allegations contained therein, and on that basis, denies each and every allegation contained therein.

109.     In answering Paragraph 109 of the SAC, the ANSWERING DEFENDANTS are without sufficient information or belief on which to either admit or deny the allegations contained therein, and on that basis, denies each and every allegation contained therein.

110.     In answering Paragraph 110 of the SAC, the ANSWERING DEFENDANTS are without sufficient information or belief on which to either admit or deny the allegations contained therein, and on that basis, denies each and every allegation contained therein.

111.     In answering Paragraph 111 of the SAC, the ANSWERING DEFENDANTS are without sufficient information or belief on which to either admit or deny the allegations contained therein, and on that basis, denies each and every allegation contained therein.

112.     In answering Paragraph 112 of the SAC, the ANSWERING DEFENDANTS are without sufficient information or belief on which to either admit or deny the allegations contained therein, and on that basis, denies each and every allegation contained therein.

113.     In answering Paragraph 113, the ANSWERING DEFENDANTS deny that any of them, either jointly or individually, engaged in any action or manner to fraudulently transfer part of a controlling interest in a publicly traded corporation with documentation that was obviously forged.   In answering the remaining allegations set forth within Paragraph 113 of the SAC, the ANSWERING DEFENDANTS are without sufficient information or belief on which to either

1   admit or deny the remaining allegations contained therein, and on that basis, denies

2   each and every allegation contained therein.

3   114.   In answering Paragraph 114 of the SAC, the ANSWERING

4   DEFENDANTS are without sufficient information or belief on which to either

5   admit or deny the allegations contained therein, and on that basis, denies each and

6   every allegation contained therein.

7   115.   To the extent the allegations in Paragraph 115 of the SAC constitute

8   legal arguments or legal conclusions, no answer is required.   In answering the

9   remaining allegations set forth within Paragraph 115 of the SAC, the ANSWERING

10   DEFENDANTS are without sufficient information or belief on which to either

11   admit or deny the remaining allegations contained therein, and on that basis, denies

12   each and every allegation contained therein.

13   116.   To the extent the allegations in Paragraph 116 of the SAC constitute

14   legal arguments or legal conclusions, no answer is required.   In answering the

15   remaining allegations set forth within Paragraph 116 of the SAC, the ANSWERING

16   DEFENDANTS are without sufficient information or belief on which to either

17   admit or deny the remaining allegations contained therein, and on that basis, denies

18   each and every allegation contained therein.

19   117.   In answering Paragraph 117 of the SAC, the ANSWERING

20   DEFENDANTS are without sufficient information or belief on which to either

21   admit or deny the allegations contained therein, and on that basis, denies each and

22   every allegation contained therein.

23   118.   To the extent the allegations in Paragraph 118 of the SAC constitute

24   legal arguments or legal conclusions, no answer is required.   In answering the

25   remaining allegations set forth within Paragraph 118 of the SAC, the ANSWERING

26   DEFENDANTS are without sufficient information or belief on which to either

27   admit or deny the remaining allegations contained therein, and on that basis, denies

28   each and every allegation contained therein.

ANSWER TO CORRECTED SECOND AMENDED COMPLAINT

119.     To the extent the allegations in Paragraph 119 of the SAC constitute legal arguments or legal conclusions, no answer is required.  In answering the remaining allegations set forth within Paragraph 119 of the SAC, the ANSWERING DEFENDANTS are without sufficient information or belief on which to either admit or deny the remaining allegations contained therein, and on that basis, denies each and every allegation contained therein.

120.     To the extent the allegations in Paragraph 120 of the SAC constitute legal arguments or legal conclusions, no answer is required. The ANSWERING DEFENDANTS deny that PLAINTIFF had no knowledge of the transfer of the Gopher Protocol, Inc. stock as alleged within the SAC.  In answering the remaining allegations set forth within Paragraph 120 of the SAC, the ANSWERING DEFENDANTS are without sufficient information or belief on which to either admit or deny the remaining allegations contained therein, and on that basis, denies each and every allegation contained therein.

121.     To the extent the allegations in Paragraph 121 of the SAC constitute legal arguments or conclusions, no answer is required.  In answering the remaining allegations set forth within Paragraph 121 of the SAC, the ANSWERING DEFENDANTS are without sufficient information or belief on which to either admit or deny the remaining allegations contained therein, and on that basis, denies each and every allegation contained therein.

## SIXTH CAUSE OF ACTION

### AIDING AND ABETTING CONSPIRACY RE STOCK FRAUD AND CONVERSION

(Against the BANKS and DOES 81-85)

122.     In answering Paragraph 122 of the SAC, the ANSWERING DEFENDANTS repeat and incorporate their responses to each of the paragraphs 1 through 121 of the SAC, as though fully set forth herein.

123.    To the extent the allegations in Paragraph 123 of the SAC constitute legal arguments or conclusions, no answer is required.  In answering the remaining allegations set forth within Paragraph 123 of the SAC, the ANSWERING DEFENDANTS are without sufficient information or belief on which to either admit or deny the remaining allegations contained therein, and on that basis, denies each and every allegation contained therein.

124.    In answering Paragraph 124 of the SAC, the ANSWERING DEFENDANTS are without sufficient information or belief on which to either admit or deny the allegations contained therein, and on that basis, denies each and every allegation contained therein.

125.    In answering Paragraph 125 of the SAC, the ANSWERING DEFENDANTS deny that GSS specifically furnished any false, forged, and/or inconsistent information to Defendant Citibank in connection with stock certificate nos. 368, 369, and 370.  In answering the remaining allegations set forth within Paragraph 125 of the SAC, the ANSWERING DEFENDANTS are without sufficient information or belief on which to either admit or deny the remaining allegations contained therein, and on that basis, denies each and every allegation contained therein.

126.    In answering Paragraph 126 of the SAC, the ANSWERING DEFENDANTS are without sufficient information or belief on which to either admit or deny the allegations contained therein, and on that basis, denies each and every allegation contained therein.

127.    In answering Paragraph 127 of the SAC, the ANSWERING DEFENDANTS are without sufficient information or belief on which to either admit or deny the allegations contained therein, and on that basis, denies each and every allegation contained therein.

128.    In answering Paragraph 128 of the SAC, the ANSWERING DEFENDANTS are without sufficient information or belief on which to either

admit or deny the allegations contained therein, and on that basis, denies each and every allegation contained therein.

129.    In answering Paragraph 129 of the SAC, the ANSWERING DEFENDANTS are without sufficient information or belief on which to either admit or deny the allegations contained therein, and on that basis, denies each and every allegation contained therein.

130.    To the extent the allegations in Paragraph 130 of the SAC constitute legal arguments or conclusions, no answer is required.  In answering the remaining allegations set forth within Paragraph 130 of the SAC, the ANSWERING DEFENDANTS are without sufficient information or belief on which to either admit or deny the remaining allegations contained therein, and on that basis, denies each and every allegation contained therein.

131.    To the extent the allegations in Paragraph 131 of the SAC constitute legal arguments or conclusions, no answer is required.  In answering the remaining allegations set forth within Paragraph 131 of the SAC, the ANSWERING DEFENDANTS are without sufficient information or belief on which to either admit or deny the remaining allegations contained therein, and on that basis, denies each and every allegation contained therein.

132.    In answering Paragraph 132 of the SAC, the ANSWERING DEFENDANTS are without sufficient information or belief on which to either admit or deny the allegations contained therein, and on that basis, denies each and every allegation contained therein.

133.    In answering Paragraph 133 of the SAC, the ANSWERING DEFENDANTS are without sufficient information or belief on which to either admit or deny the allegations contained therein, and on that basis, denies each and every allegation contained therein.

134.    To the extent the allegations in Paragraph 134 of the SAC constitute legal arguments or conclusions, no answer is required.  In answering the remaining

allegations set forth within Paragraph 134 of the SAC, the ANSWERING DEFENDANTS are without sufficient information or belief on which to either admit or deny the remaining allegations contained therein, and on that basis, denies each and every allegation contained therein.

135.    To the extent the allegations in Paragraph 135 of the SAC constitute legal arguments or conclusions, no answer is required.  In answering the remaining allegations set forth within Paragraph 135 of the SAC, the ANSWERING DEFENDANTS are without sufficient information or belief on which to either admit or deny the remaining allegations contained therein, and on that basis, denies each and every allegation contained therein.

136.    To the extent the allegations in Paragraph 136 of the SAC constitute legal arguments or conclusions, no answer is required.  In answering the remaining allegations set forth within Paragraph 136 of the SAC, the ANSWERING DEFENDANTS are without sufficient information or belief on which to either admit or deny the remaining allegations contained therein, and on that basis, denies each and every allegation contained therein.

## SEVENTH CAUSE OF ACTION

### Negligence

(Against REGINA and DOES 86-89)

137.    In answering Paragraph 137 of the SAC, the ANSWERING DEFENDANTS repeat and incorporate their responses to each of the paragraphs 1 through 136 of the SAC, as though fully set forth herein.

138.    To the extent the allegations in Paragraph 138 of the SAC constitute legal arguments or conclusions, no answer is required.  The ANSWERING DEFENDANTS admit that REGINA is the former manager of PLAINTIFF and was solely authorized and responsible for governing and determining the actions of PLAINTIFF. In answering the remaining allegations set forth within Paragraph 138 of the SAC, the ANSWERING DEFENDANTS are without sufficient information

or belief on which to either admit or deny the remaining allegations contained therein, and on that basis, denies each and every allegation contained therein.

139.    To the extent the allegations in Paragraph 139 of the SAC constitute legal arguments or conclusions, no answer is required.  In answering the remaining allegations set forth within Paragraph 139 of the SAC, the ANSWERING DEFENDANTS are without sufficient information or belief on which to either admit or deny the remaining allegations contained therein, and on that basis, denies each and every allegation contained therein.

140.    In answering Paragraph 140 of the SAC, the ANSWERING DEFENDANTS are without sufficient information or belief on which to either admit or deny the allegations contained therein, and on that basis, denies each and every allegation contained therein.

## EIGHTH CAUSE OF ACTION

### (FRAUD)

(Against REGINA and the other TRANSFER DEFENDANTS and DOES 70-80 and 86-89)

141.    In answering Paragraph 141 of the SAC, the ANSWERING DEFENDANTS repeat and incorporate their responses to each of the paragraphs 1 through 140 of the SAC, as though fully set forth herein.

142.    In answering Paragraph 142 of the SAC, the ANSWERING DEFENDANTS are without sufficient information or belief on which to either admit or deny the allegations contained therein, and on that basis, denies each and every allegation contained therein.

143.    In answering Paragraph 143 of the SAC, the ANSWERING DEFENDANTS are without sufficient information or belief on which to either admit or deny the allegations contained therein, and on that basis, denies each and every allegation contained therein.

144.     In answering Paragraph 144 of the SAC, the ANSWERING DEFENDANTS are without sufficient information or belief on which to either admit or deny the allegations contained therein, and on that basis, denies each and every allegation contained therein.

145.     In answering Paragraph 145 of the SAC, the ANSWERING DEFENDANTS are without sufficient information or belief on which to either admit or deny the allegations contained therein, and on that basis, denies each and every allegation contained therein.

146.     In answering Paragraph 146 of the SAC, the ANSWERING DEFENDANTS admit that as manager of PLAINTIFF, REGINA was authorized by PLAINTIFF to manage its business, including making all business-related decisions.  In answering the remaining allegations set forth within Paragraph 146 of the SAC, the ANSWERING DEFENDANTS are without sufficient information or belief on which to either admit or deny the remaining allegations contained therein, and on that basis, denies each and every allegation contained therein.

147.     In answering Paragraph 147 of the SAC, the ANSWERING DEFENDANTS deny that they, either jointly or individually, retained consideration previously paid to PLAINTIFF or its authorized agents in connection with the alleged stock transfers.  In answering the remaining allegations set forth within Paragraph 147 of the SAC, the ANSWERING DEFENDANTS are without sufficient information or belief on which to either admit or deny the remaining allegations contained therein, and on that basis, denies each and every allegation contained therein.

148.     In answering Paragraph 148 of the SAC, the ANSWERING DEFENDANTS are without sufficient information or belief on which to either admit or deny the allegations contained therein, and on that basis, denies each and every allegation contained therein.

149.    In answering Paragraph 149 of the SAC, the ANSWERING DEFENDANTS admit that REGINA, while a manager and authorized representative of PLAINTIFF, unlawfully and fraudulently reported an erroneous police report with the Los Angeles Police Department.   The ANSWERING DEFENDANTS deny that any of them, either jointly or individually, engaged in any of the acts as alleged by PLAINTIFF within Paragraph 149 of the SAC. In answering the remaining allegations set forth within Paragraph 149 of the SAC, the ANSWERING DEFENDANTS are without sufficient information or belief on which to either admit or deny the remaining allegations contained therein, and on that basis, denies each and every allegation contained therein.

150.    In answering Paragraph 150 of the SAC, the ANSWERING DEFENDANTS admit that REGINA, while acting on behalf of PLAINTIFF, and the other VAYNTER DEFENDANTS, as defined within PLAINTIFF'S SAC, erroneously and in bad-faith unlawfully filed the initial two complaints in this litigation against the ANSWERING DEFENDANTS based upon completely inaccurate allegations.   The ANSWERING DEFENDANTS deny that they, either jointly or individually, engaged in any of the acts as alleged by PLAINTIFF within Paragraph 150 of the SAC.   In answering the remaining allegations set forth within Paragraph 150 of the SAC, the ANSWERING DEFENDANTS are without sufficient information or belief on which to either admit or deny the remaining allegations contained therein, and on that basis, denies each and every allegation contained therein.

151.    In answering Paragraph 151 of the SAC, the ANSWERING DEFENDANTS deny the allegations set forth therein.

152.    In answering Paragraph 152 of the SAC, the ANSWERING DEFENDANTS are without sufficient information or belief on which to either admit or deny the allegations contained therein, and on that basis, denies each and every allegation contained therein.

153.     To the extent the allegations in Paragraph 153 of the SAC constitute legal arguments or conclusions, no answer is required.  In answering the remaining allegations set forth within Paragraph 153 of the SAC, the ANSWERING DEFENDANTS are without sufficient information or belief on which to either admit or deny the remaining allegations contained therein, and on that basis, denies each and every allegation contained therein.

154.     In answering Paragraph 154 of the SAC, the ANSWERING DEFENDANTS are without sufficient information or belief on which to either admit or deny the allegations contained therein, and on that basis, denies each and every allegation contained therein.

## NINTH CAUSE OF ACTION

### (BREACH OF CONTRACT)

(Against REGINA and DOES 86-89)

155.     In answering Paragraph 155 of the SAC, the ANSWERING DEFENDANTS repeat and incorporate their responses to each of the paragraphs 1 through 154 of the SAC, as though fully set forth herein.

156.     In answering Paragraph 156 of the SAC, the ANSWERING DEFENDANTS deny that the transfer of stock as alleged within the SAC was not authorized by PLAINTIFF.  In answering the remaining allegations set forth within Paragraph 156 of the SAC, the ANSWERING DEFENDANTS are without sufficient information or belief on which to either admit or deny the remaining allegations contained therein, and on that basis, denies each and every allegation contained therein.

157.     In answering Paragraph 157 of the SAC, the ANSWERING DEFENDANTS are without sufficient information or belief on which to either admit or deny the allegations contained therein, and on that basis, denies each and every allegation contained therein.

158.     In answering Paragraph 158 of the SAC, the ANSWERING DEFENDANTS are without sufficient information or belief on which to either admit or deny the allegations contained therein, and on that basis, denies each and every allegation contained therein.

159.     In answering Paragraph 159 of the SAC, the ANSWERING DEFENDANTS admit that REGINA, while a manager and authorized representative of PLAINTIFF, unlawfully and fraudulently reported an erroneous police report with the Los Angeles Police Department.  In answering the remaining allegations set forth within Paragraph 159 of the SAC, the ANSWERING DEFENDANTS are without sufficient information or belief on which to either admit or deny the remaining allegations contained therein, and on that basis, denies each and every allegation contained therein.

160.     In answering Paragraph 160 of the SAC, the ANSWERING DEFENDANTS admit that REGINA, while acting on behalf of PLAINTIFF, and the other VAYNTER DEFENDANTS, as defined within PLAINTIFF'S SAC erroneously and in bad-faith unlawfully filed the initial two complaints in this litigation against the ANSWERING DEFENDANTS based upon completely inaccurate allegations.  In answering the remaining allegations set forth within Paragraph 160 of the SAC, the ANSWERING DEFENDANTS are without sufficient information or belief on which to either admit or deny the remaining allegations contained therein, and on that basis, denies each and every allegation contained therein.

161.     In answering Paragraph 161 of the SAC, the ANSWERING DEFENDANTS deny the allegations set forth therein.

162.     In answering Paragraph 162 of the SAC, the ANSWERING DEFENDANTS are without sufficient information or belief on which to either admit or deny the allegations contained therein, and on that basis, denies each and every allegation contained therein.

163.     To the extent the allegations in Paragraph 163 of the SAC constitute legal arguments or conclusions, no answer is required.  In answering the remaining allegations set forth within Paragraph 163 of the SAC, the ANSWERING DEFENDANTS are without sufficient information or belief on which to either admit or deny the remaining allegations contained therein, and on that basis, denies each and every allegation contained therein.

## TENTH CAUSE OF ACTION
### (BREACH OF FIDUCIARY DUTY)

(Against REGINA and the other TRANSFER DEFENDANTS and DOES 70-80 and 86-89)

164.     In answering Paragraph 164 of the SAC, the ANSWERING DEFENDANTS repeat and incorporate their responses to each of the paragraphs 1 through 163 of the SAC, as though fully set forth herein.

165.     To the extent the allegations in Paragraph 165 of the SAC constitute legal arguments or conclusions, no answer is required.  The ANSWERING DEFENDANTS admit that REGINA is the former manager of PLAINTIFF and was solely responsible for governing and determining the actions of PLAINTIFF.  In answering the remaining allegations set forth within Paragraph 165 of the SAC, the ANSWERING DEFENDANTS are without sufficient information or belief on which to either admit or deny the remaining allegations contained therein, and on that basis, denies each and every allegation contained therein.

166.     To the extent the allegations in Paragraph 166 of the SAC constitute legal arguments or conclusions, no answer is required.  In answering the remaining allegations set forth within Paragraph 166 of the SAC, the ANSWERING DEFENDANTS are without sufficient information or belief on which to either admit or deny the remaining allegations contained therein, and on that basis, denies each and every allegation contained therein.

167.    To the extent the allegations in Paragraph 167 of the SAC constitute legal arguments or conclusions, no answer is required.  In answering the remaining allegations set forth within Paragraph 167 of the SAC, the ANSWERING DEFENDANTS are without sufficient information or belief on which to either admit or deny the remaining allegations contained therein, and on that basis, denies each and every allegation contained therein.

168.    In answering Paragraph 168 of the SAC, the ANSWERING DEFENDANTS admit that REGINA, while a manager and authorized representative of PLAINTIFF, unlawfully and fraudulently reported an erroneous police report with the Los Angeles Police Department.  In answering the remaining allegations set forth within Paragraph 168 of the SAC, the ANSWERING DEFENDANTS are without sufficient information or belief on which to either admit or deny the remaining allegations contained therein, and on that basis, denies each and every allegation contained therein.

169.    In answering Paragraph 169 of the SAC, the ANSWERING DEFENDANTS admit that REGINA, while acting on behalf of PLAINTIFF, and the other VAYNTER DEFENDANTS, as defined within PLAINTIFF'S SAC erroneously and in bad-faith unlawfully filed the initial two complaints in this litigation against the ANSWERING DEFENDANTS based upon completely inaccurate allegations.  In answering the remaining allegations set forth within Paragraph 169 of the SAC, the ANSWERING DEFENDANTS are without sufficient information or belief on which to either admit or deny the remaining allegations contained therein, and on that basis, denies each and every allegation contained therein.

170.    In answering Paragraph 170 of the SAC, the ANSWERING DEFENDANTS deny the allegations set forth therein.

171.    To the extent the allegations in Paragraph 171 of the SAC constitute legal arguments or conclusions, no answer is required.  In answering the remaining

34

allegations set forth within Paragraph 171 of the SAC, the ANSWERING DEFENDANTS are without sufficient information or belief on which to either admit or deny the remaining allegations contained therein, and on that basis, denies each and every allegation contained therein.

172.    To the extent the allegations in Paragraph 172 of the SAC constitute legal arguments or conclusions, no answer is required.  In answering the remaining allegations set forth within Paragraph 172 of the SAC, the ANSWERING DEFENDANTS are without sufficient information or belief on which to either admit or deny the remaining allegations contained therein, and on that basis, denies each and every allegation contained therein.

173.    To the extent the allegations in Paragraph 173 of the SAC constitute legal arguments or conclusions, no answer is required.  The ANSWERING DEFENDANTS deny that they, either jointly or individually, at any time as alleged within the SAC acted oppressively, maliciously, with a conscious disregard of the rights of others, and with the intent to defraud Plaintiff. In answering the remaining allegations set forth within Paragraph 173 of the SAC, the ANSWERING DEFENDANTS are without sufficient information or belief on which to either admit or deny the remaining allegations contained therein, and on that basis, denies each and every allegation contained therein.

## ELEVENTH CAUSE OF ACTION

### (CONSPIRACY)

(Against all Defendants)

174.    In answering Paragraph 174 of the SAC, the ANSWERING DEFENDANTS repeat and incorporate their responses to each of the paragraphs 1 through 173 of the SAC, as though fully set forth herein.

175.    In answering Paragraph 175 of the SAC, the ANSWERING DEFENDANTS are without sufficient information or belief on which to either

admit or deny the allegations contained therein, and on that basis, denies each and every allegation contained therein.

176.   In answering Paragraph 176 of the SAC, the ANSWERING DEFENDANTS deny that any of them, either jointly or individually, engaged in any of the actions set forth within Paragraph 176 of the SAC and further deny that any of them, either jointly or individually are liable to PLAINTIFF in any manner, whatsoever.

177.   To the extent the allegations in Paragraph 177 of the SAC constitute legal arguments or conclusions, no answer is required.  In answering the remaining allegations set forth within Paragraph 177 of the SAC, the ANSWERING DEFENDANTS are without sufficient information or belief on which to either admit or deny the remaining allegations contained therein, and on that basis, denies each and every allegation contained therein.

178.   In answering Paragraph 177 of the SAC, the ANSWERING DEFENDANTS deny that any of them, either jointly or individually, at any time alleged therein acted oppressively, maliciously, with a conscious disregard of the rights of others, and with the intent to defraud Plaintiff and further deny that PLAINTIFF is entitled to punitive damages.

## TWELFTH CAUSE OF ACTION
### (VIOLATION OF FEDERAL CIVIL RICO STATUTE)
(Against all Defendants)

179.   In answering Paragraph 179 of the SAC, the ANSWERING DEFENDANTS repeat and incorporate their responses to each of the paragraphs 1 through 178 of the SAC, as though fully set forth herein.

180.   To the extent the allegations in Paragraph 180 of the SAC constitute legal arguments or conclusions, no answer is required.  In answering the remaining allegations set forth within Paragraph 180 of the SAC, the ANSWERING DEFENDANTS are without sufficient information or belief on which to either

1  admit or deny the remaining allegations contained therein, and on that basis, denies

2  each and every allegation contained therein.

3       181.     In answering Paragraph 181 of the SAC, this paragraph contains no

4  factual allegations and therefore the ANSWERING DEFENDANTS are not

5  required to provide a response.

6       182.     To the extent the allegations in Paragraph 182 of the SAC constitute

7  legal arguments or conclusions, no answer is required.  In answering the remaining

8  allegations set forth within Paragraph 182 of the SAC, the ANSWERING

9  DEFENDANTS are without sufficient information or belief on which to either

10  admit or deny the remaining allegations contained therein, and on that basis, denies

11  each and every allegation contained therein.

12      183.     In answering Paragraph 183 of the SAC, the ANSWERING

13  DEFENDANTS deny the allegations set forth therein.

14      184.     In answering Paragraph 184 of the SAC, the ANSWERING

15  DEFENDANTS deny the allegations set forth therein.

16      185.     In answering Paragraph 185 of the SAC, the ANSWERING

17  DEFENDANTS deny the allegations set forth therein.

18      186.     In answering Paragraph 186 of the SAC, the ANSWERING

19  DEFENDANTS deny the allegations set forth therein.

20      187.     To the extent the allegations in Paragraph 187 of the SAC constitute

21  legal arguments or conclusions, no answer is required.  In answering the remaining

22  allegations set forth within Paragraph 187 of the SAC, the ANSWERING

23  DEFENDANTS deny the allegations set forth therein.

24      188.     In answering Paragraph 188 of the SAC, the ANSWERING

25  DEFENDANTS deny the allegations set forth therein.

26  ///

27  ///

28  ///

ANSWER TO CORRECTED SECOND AMENDED COMPLAINT

**THIRTEENTH CAUSE OF ACTION**

<u>(CONSPIRACY TO VIOLATE FEDERAL CIVIL RICO STATUTE)</u>

(Against all Defendants)

189.    In answering Paragraph 189 of the SAC, the ANSWERING DEFENDANTS repeat and incorporate their responses to each of the paragraphs 1 through 188 of the SAC, as though fully set forth herein.

190.    In answering Paragraph 190 of the SAC, the ANSWERING DEFENDANTS deny the allegations set forth therein.

191.    In answering Paragraph 191 of the SAC, the ANSWERING DEFENDANTS deny the allegations set forth therein.

192.    In answering Paragraph 192 of the SAC, the ANSWERING DEFENDANTS deny the allegations set forth therein.

193.    To the extent the allegations in Paragraph 193 of the SAC constitute legal arguments or conclusions, no answer is required.  In answering the remaining allegations set forth within Paragraph 193 of the SAC, the ANSWERING DEFENDANTS deny the allegations set forth therein.

194.    In answering Paragraph 194 of the SAC, the ANSWERING DEFENDANTS deny the allegations set forth therein.

**FOURTEENTH CAUSE OF ACTION**

<u>(ACCOUNTING)</u>

(Against REGINA and DOES 86-89)

195.    In answering Paragraph 195 of the SAC, the ANSWERING DEFENDANTS repeat and incorporate their responses to each of the paragraphs 1 through 194 of the SAC, as though fully set forth herein.

196.    In answering Paragraph 196, the ANSWERING DEFENDANTS admit that REGINA is the former manager of PLAINTIFF and was solely responsible and authorized for acting upon its behalf.  In answering the remaining allegations set forth within Paragraph 196 of the SAC, the ANSWERING DEFENDANTS are

without sufficient information or belief on which to either admit or deny the remaining allegations contained therein, and on that basis, denies each and every allegation contained therein.

197.    In answering Paragraph 197 of the SAC, the ANSWERING DEFENDANTS are without sufficient information or belief on which to either admit or deny the allegations contained therein, and on that basis, denies each and every allegation contained therein.

198.    To the extent the allegations in Paragraph 198 of the SAC constitute legal arguments or conclusions, no answer is required.  In answering the remaining allegations set forth within Paragraph 198 of the SAC, the ANSWERING DEFENDANTS are without sufficient information or belief on which to either admit or deny the remaining allegations contained therein, and on that basis, denies each and every allegation contained therein.

## FIFTEENTH CAUSE OF ACTION

### (FOR UNLAWFUL, FRAUDULENT & UNFAIR BUSINESS PRACTICES [CALIFORNIA BUSINESS & PROFESSIONS CODE §§ 17200, ET SEQ.]

(Against all Defendants)

199.    In answering Paragraph 199 of the SAC, the ANSWERING DEFENDANTS repeat and incorporate their responses to each of the paragraphs 1 through 198 of the SAC, as though fully set forth herein.

200.    In answering Paragraph 200 of the SAC, the ANSWERING DEFENDANTS deny the allegations set forth therein.

201.    To the extent the allegations in Paragraph 201 of the SAC constitute legal arguments or conclusions, no answer is required.  In answering the remaining allegations set forth within Paragraph 201 of the SAC, the ANSWERING DEFENDANTS deny the allegations set forth therein.

202.    To the extent the allegations in Paragraph 202 of the SAC constitute legal arguments or conclusions, no answer is required.  In answering the remaining

allegations set forth within Paragraph 202 of the SAC, the ANSWERING DEFENDANTS deny the allegations set forth therein.

203.    To the extent the allegations in Paragraph 203 of the SAC constitute legal arguments or conclusions, no answer is required.  In answering the remaining allegations set forth within Paragraph 203 of the SAC, the ANSWERING DEFENDANTS deny the allegations set forth therein.

**SIXTEENTH CAUSE OF ACTION**

<u>(DECLARATORY RELIEF)</u>

(Against all Defendants)

204.    In answering Paragraph 204 of the SAC, the ANSWERING DEFENDANTS repeat and incorporate their responses to each of the paragraphs 1 through 203 of the SAC, as though fully set forth herein.

205.    In answering Paragraph 205 of the SAC, the ANSWERING DEFENDANTS deny that PLAINTIFF never authorized the sale or transfer of any of the Gopher shares held in its name.  The ANSWERING DEFENDANTS also deny that GALINA was not PLAINTIFF'S agent for any purpose and deny that REGINA did not have authority to sell or transfer any of PLAINTIFF'S assets.  THE ANSWERING DEFENDANTS further deny that PLANTIFF did not authorize the sale of any of its Gopher stock, or stock certificates to SAPA or SAPA GROUP, who the PLAINTIFF'S mischaracterizes as "SP" in their SAC.  The ANSWERING DEFENDANTS further deny that PLAINTIFF is entitled to judgement for damages, injunction and otherwise against the ANSWERING DEFENDANTS and deny that PLAINTIFF is entitled to a return of the shares that the ANSWERING DEFENDANTS held and/or may currently hold.  In answering the remaining allegations set forth within Paragraph 205 of the SAC, the ANSWERING DEFENDANTS are without sufficient information or belief on which to either admit or deny the remaining allegations contained therein, and on that basis, denies each and every allegation contained therein.

206.     To the extent the allegations in Paragraph 206 of the SAC constitute legal arguments or conclusions, no answer is required.  In answering the remaining allegations set forth within Paragraph 206 of the SAC, the ANSWERING DEFENDANTS are without sufficient information or belief on which to either admit or deny the remaining allegations contained therein, and on that basis, denies each and every allegation contained therein.

207.     To the extent the allegations in Paragraph 207 of the SAC constitute legal arguments or conclusions, no answer is required.  In answering the remaining allegations set forth within Paragraph 207 of the SAC, the ANSWERING DEFENDANTS are without sufficient information or belief on which to either admit or deny the remaining allegations contained therein, and on that basis, denies each and every allegation contained therein.

## SEVENTEENTH CAUSE OF ACTION

### (FOR INJUNCTIVE RELIEF)

(Against the TRANSFER DEFENDANTS and Does 1-89)

208.     In answering Paragraph 208 of the SAC, the ANSWERING DEFENDANTS repeat and incorporate their responses to each of the paragraphs 1 through 207 of the SAC, as though fully set forth herein.

209.     The ANSWERING DEFENDANTS deny that this Court should issue a temporary, preliminary and/or permanent injunction against the ANSWERING DEFENDANTS and deny that this Court should order that any Gopher stock or proceeds from said stock that may be within the ANSWERING DEFENDANTS possession should be turned over to PLAINTIFF as the ANSWERING DEFENDANTS deny that they, either jointly or individually, engaged in the actions set forth within the SAC and/or are liable to PLAINTIFF in any manner whatsoever. The ANSWERING DEFENDANTS further deny that they, either jointly or individually, will be unjustly enriched in any manner whatsoever.  In answering the remaining allegations set forth within Paragraph 208 of the SAC, the ANSWERING

DEFENDANTS are without sufficient information or belief on which to either admit or deny the remaining allegations contained therein, and on that basis, denies each and every allegation contained therein.

210.    In answering Paragraph 210 of the SAC to which PLAINTIFF mischaracterizes as Paragraph 211, the ANSWERING DEFENDANTS deny the allegations set forth therein.

211.    In answering Paragraph 211 of the SAC to which PLAINTIFF mischaracterizes as Paragraph 202, the ANSWERING DEFENDANTS deny the allegations set forth therein.

212.    In answering Paragraph 212 of the SAC to which PLAINTIFF mischaracterizes as Paragraph 203, the ANSWERING DEFENDANTS deny the allegations set forth therein.

213.    To the extent the allegations in Paragraph 213 of the SAC to which PLAINTIFF mischaracterizes as Paragraph 204 constitute legal arguments or conclusions, no answer is required.  In answering the remaining allegations set forth within Paragraph 213 of the SAC, the ANSWERING DEFENDANTS deny the allegations set forth therein.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

(Failure to State a Cause of Action)

1.    The ANSWERING DEFENDANTS allege that each purported cause of action in the SAC fails to state facts sufficient to state a cause of action against the ANSWERING DEFENDANTS upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

(No Capacity to Maintain Action)

2.    The ANSWERING DEFENDANTS allege that each purported cause of action in the SAC fails as PLAINTIFF does not have capacity to maintain an action within this State.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**THIRD AFFIRMATIVE DEFENSE**

(Failure to Mitigate)

3.    The ANSWERING DEFENDANTS allege on information and belief that PLAINTIFF failed to mitigate its alleged damages and, therefore, is barred from recovery in whole or in part.

**FOURTH AFFIRMATIVE DEFENSE**

(Statutes of Limitation)

4.    The PLAINTIFF'S claims are barred, in whole or in part, by operation of all applicable statutes of limitations.

**FIFTH AFFIRMATIVE DEFENSE**

(Superseding, Intervening Acts)

5.    PLAINTIFF'S alleged damages were caused in whole or in part by the superseding, intervening acts or omissions of persons other than the ANSWERING DEFENDANTS and omissions of another or others, whose conduct the ANSWERING DEFENDANTS had no reason to anticipate and for whose conduct the ANSWERING DEFENDANTS were not and are not responsible.

**SIXTH AFFIRMATIVE DEFENSE**

(Causation)

6.    PLAINTIFF is barred, in whole or in part, from recovering from the ANSWERING DEFENDANTS on any of its claims because there is no causal relationship between any of the alleged damages, the claims alleged to have been suffered, and any act or omission of the ANSWERING DEFENDANTS.

**SEVENTH AFFIRMATIVE DEFENSE**

(Contribution by PLAINTIFF'S Own Acts)

7.    The ANSWERING DEFENDANTS allege that the injuries and/or damages alleged by the PLAINTIFF were directly and/or proximately caused by, occurred, and/or was contributed to by PLAINTIFF'S own acts or failures to act.

**EIGHTH AFFIRMATIVE DEFENSE**

(Legitimate Considerations)

8.    All actions taken by the ANSWERING DEFENDANTS with regard to the PLAINTIFF were based solely upon legitimate considerations.

**NINETH AFFIRMATIVE DEFENSE**

(Equitable Doctrine of Estoppel)

9.    PLAINTIFF is estopped from asserting and/or recovering on any claims against the ANSWERING DEFENDANT by reason of PLAINTIFF'S own acts, omissions and conduct.

**TENTH AFFIRMATIVE DEFENSE**

(Equitable Doctrine of Waiver)

10.    PLAINTIFF is barred by the equitable doctrine of waiver from asserting any claim against the ANSWERING DEFENDANTS.

**ELEVENTH AFFIRMATIVE DEFENSE**

(Equitable Doctrine of Unclean Hands)

11.    PLAINTIFF is barred by the equitable doctrine of unclean hands from asserting any claim against the ANSWERING DEFENDANTS.

**TWELFTH AFFIRMATIVE DEFENSE**

(PLAINTIFF'S Fault)

12.    PLAINTIFF'S claims are barred in whole or in part by PLAINTIFF'S own negligence, unclean hands, fault, assumption of the risk, fraudulent conduct, or otherwise from any and all legal or equitable relief against the ANSWERING DEFENDANTS, as requested by PLAINTIFF'S in the SAC.

**THIRTEENTH AFFIRMATIVE DEFENSE**

(No Damages)

13.    The SAC, including each cause of action contained therein, is barred because PLAINTIFF has not suffered, and have not properly pled, damages as a

result of any of the purported conduct of the ANSWERING DEFENDANTS as alleged in the SAC.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Unjust Enrichment)

14.    The SAC, including each cause of action contained therein, is barred because PLAINTIFF would be unjustly enriched if it prevailed on the SAC.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Statute of Frauds)

15.    To the extent PLAINTIFF'S claims and contentions are based on oral agreements allegedly made to PLAINTIFF, those claims are barred as against the ANSWERING DEFENDANTS because the oral agreements alleged in the SAC are unenforceable and barred by the statute of frauds.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Ratification)

16.    The SAC, including each cause of action contained therein, is barred by PLAINTIFF'S ratification of the actions allegedly undertaken.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Compliance with Contract)

17.    To the extent PLAINTIFF'S claims and contentions are based on any agreement, the SAC, including each cause of action contained therein, is barred by virtue of the fact that the ANSWERING DEFENDANTS have fully performed, discharged, and satisfied all obligations and duties imposed upon them by contract.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Consent)

18.    The SAC, including each cause of action contained therein, is barred by PLAINTIFF'S consent to the actions allegedly undertaken.

///

///

## NINETEENTH AFFIRMATIVE DEFENSE

### (Compliance with Law)

19.    The SAC, including each cause of action contained therein, is barred by virtue of the fact that the ANSWERING DEFENDANTS have fully performed, discharged, and satisfied all obligations and duties imposed on them by law.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Comparative Fault)

20.    PLAINTIFF'S recovery, if any, must be reduced proportionally to the extent that any damages by PLAINTIFF were caused and contributed to by PLAINTIFF'S own actions and/or failure to act.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Waiver)

21.    The ANSWERING DEFENDANTS are informed and believe and thereon allege that PLAINTIFF has waived its rights, if any, to obtain the relief sought in the SAC.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (No Duty)

22.    The SAC, including each cause of action contained therein, is barred by virtue of the fact that the ANSWERING DEFENDANTS did not owe any duty to PLAINTIFF, as alleged.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Offset)

23.    The SAC, including each cause of action contained therein, is barred, in whole or in part, by virtue of offsets to which the ANSWERING DEFENDANTS are entitled by way of PLAINTIFF'S wrongful conduct.

///

///

///

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (No Representations)

24.     To the extent PLAINTIFF'S claims and contentions are based on representations allegedly made to PLAINTIFF, those claims are barred as against the ANSWERING DEFENDANTS by virtue of the fact that no such representations were made by the ANSWERING DEFENDANTS or anyone on the ANSWERING DEFENDANTS' behalf.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (No Reliance)

25.     PLAINTIFF did not rely on any representations or conduct of the ANSWERING DEFENDANTS, and therefore the ANSWERING DEFENDANTS are not responsible for any damages, if any there be.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Justification)

26.     The claims and contentions of the PLAINTIFF are barred by virtue of the fact that the ANSWERING DEFENDANTS' acts were justified.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Laches)

27.     The claims and contentions of PLAINTIFF are barred by the doctrine of laches.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (Conditions Precedent Based on Statute)

28.     To the extent that PLAINTIFF is seeking recovery against the ANSWERING DEFENDANTS based on a statute, PLAINTIFF failed to comply with one or more conditions precedent, and therefore PLAINTIFF is not entitled to relief.

///

///

1

## **TWENTY-NINETH AFFIRMATIVE DEFENSE**

2

### (No Entitlement to Pre-Judgment Interest)

3

29.    The SAC, and each purported cause of action therein, fails to state facts

4

sufficient to entitle PLAINTIFF to an award of pre-judgment interest.

5

## **THIRTIETH AFFIRMATIVE DEFENSE**

6

### (No Entitlement to Attorneys' Fees)

7

30.    The SAC, and each purported cause of action therein, fails to state facts

8

which would support an award of attorneys' fees to PLAINTIFF.

9

## **THIRTY-FIRST AFFIRMATIVE DEFENSE**

10

### (ANSWERING DEFENDANTS Entitlement to Costs)

11

31.    The ANSWERING DEFENDANTS have engaged the law firm of The

12

Hakala Law Group, P.C. to represent them in the defense of PLAINTIFFS'

13

frivolous, unfounded, and unreasonable SAC.  The ANSWERING DEFENDANTS

14

are thereby entitled to all costs, expenses, and attorneys' fees incurred in defending

15

against those causes of action pursuant to *Federal Rules of Civil Procedure*, Rule

16

54 and *California Code of Civil Procedure,* Section 128.5 *et seq*.

17

## **THIRTY-SECOND AFFIRMATIVE DEFENSE**

18

### (Other Defenses)

19

32.    To the extent not set forth herein, the ANSWERING DEFENDANTS

20

reserve the right to assert additional defenses that become available or apparent

21

during discovery and to amend their Answer accordingly.

22

///

23

///

24

///

25

///

26

///

27

///

28

///

1    **WHEREFORE**, the ANSWERING DEFENDANTS pray for judgment as

2  follows:

3    I.    That PLAINTIFF take nothing by its SAC;

4    II.    That the SAC be dismissed in its entirety, with prejudice;

5    III.    That the ANSWERING DEFENDANTS be awarded their cost of suit,

6  reasonable attorneys' fees, and expert witness fees incurred in this action; and

7    IV.    That the ANSWERING DEFENDANTS be awarded such other relief

8  as this Court deems proper.

9

10  Dated:   September 24, 2018          **THE HAKALA LAW GROUP, P.C.**

11

12                                      By: /s/ *Brad A. Hakala*
                                        Brad A. Hakala, Esq.
13                                      Ryan N. Ostrowski, Esq.
                                        The Hakala Law Group, P.C.
14                                      1 World Trade Center, Suite 1870
                                        Long Beach, CA 90831
15                                      (562) 432-5023

16                                      Attorneys for Defendants
                                        *Amp Group Holdings, Inc., Paul Kozlov,*
17                                      *GSS Group, LLC, Sapa Group, LLC,*
                                        *Gary Shirinyan, Ievgeniia Sapa,*
18                                      *Vladimir Hanin, HJK Trade, Inc., Hovik*
                                        *Kostandyan*

19

20

21

22

23

24

25

26

27

28

ANSWER TO CORRECTED SECOND AMENDED COMPLAINT

## CERTIFICATE OF SERVICE

### *Reko Holdings, LLC v. AMP Group Holdings, Inc., et al.*

### *U.S.D.C., Central District of California; Case No. 2:18-cv-07401-GW-FFM*

At the time of service, I was over 18 years of age and not a party to this action. I am employed in Los Angeles County, State of California. My business address is One World Trade center, Suite 1870, Long Beach, CA 90831.

On the date below, I served true copies of the following document(s):

**AMP GROUP HOLDINGS, LLC, PAUL KOZLOV, GSS GROUP, LLC, SAPA GROUP, LLC, GARY SHIRINYAN, IIEVGENIA SAPA, VLADIMIR HANIN, HJK TRADE, INC. AND HOVIC KOSTANDYAN'S ANSWER TO PLAINTIFF'S CORRECTED SECOND AMENDED COMPLAINT,** on the interested parties in this action as follows:

### SEE ATTACHED SERVICE LIST

**BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Attached Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with The Hakala Law Group, P.C.'s practice for collecting and processing documents for mailing. On the same day that the documents are placed for collection and mailing, the documents are deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

**BY OVERNIGHT DELIVERY:** I enclosed said document(s) in an envelope or package provided by the overnight service carrier and addressed to the persons at the addresses listed in the Attached Service List. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight service carrier or delivered such documents to a courier or driver authorized by the overnight service carrier to receive documents.

**BY PERSONAL SERVICE:** I personally delivered said document(s) to the persons at the addresses listed in the Attached Service List.

✓ **BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by court rules.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Executed on September 24, 2018 at Long Beach, California

*Lindsey Holland*
Lindsey Holland

1

# SERVICE LIST

Robert M. Yaspan
Debra R. Brand
LAW OFFICES OF ROBERT M.
YASPAN
21700 Oxnard Street, Suite 1750
Woodland Hills, CA 91367
Tel: (818) 905-7711
Fax: (818) 501-7711
Email: RYaspan@YaspanLaw.com

*Attorneys for Plaintiff Reko Holdings, LLC*

David D. Piper
Katherine L. Handy
KEESAL, YOUNG & LOGAN, A
Professional Corporation
400 Oceangate
Long Beach, CA 90802
Tel: (562) 436-2000
Fax: (562) 436-7416
Email: David.piper@kyl.com

*Attorneys for Defendant, Citibank, N.A.*

Randy Katz
Andrew A. Wood
BAKER & HOSTETLER
600 Anton Blvd., Suite 900
Costa Mesa, CA 92626
Tel: (714) 754-6600
Fax: (714) 754-6611
Email: rwkatz@bakerlaw.com

*Attorneys for Defendant Empire Stock
Transfer, Inc.*

Christopher D. Higashi
Ronald R. St. John
Tod V. Beebe
BARTON, KLUGMAN AND OETTING LLP
350 S. Grand Ave., Ste. 2200
Los Angeles, CA 90071
Tel. (213) 621-4000
Fax: (213) 625-1832
Email: tbeebe@bkolaw.com

*Attorneys for Defendant JPMorgan Chase
Bank, N.A*

Gregory L. Huber
Mark D. Lonergan
David A. Berkley
Marquis I. Wraight
SEVERSON & WERSON
The Atrium 19100 Von Karman Ave., Ste. 700
Irvine, CA 92612
Tel. (949) 442-7110
Fax: (949) 442-7118
Email: db@severson.com

*Attorneys for Defendant Wells Fargo Bank,
N.A.*

Paul D. Murphy
Taylor T. Steele
MURPHY ROSEN LLP
100 Wilshire Blvd., Suite 1300
Santa Monica, CA 90401
Tel: (310) 899-3300
Fax: (310) 399-7201
Email: pmurphy@murphyrosen.com

*Attorneys for Defendants ACP Financial, Inc.
and Alpine Securities Corp.*

2

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Alan Baskin
BASKIN RICHARDS PLC
2901 N. Central Avenue, Suite 1150
Phoenix, AZ 85012
Tel: (602) 812-7979
Fax: (602) 595-7800
Email: alan@baskinrichards.com

*Attorneys for Defendants ACP Financial,
Inc. and Alpine Securities Corp.*

3