ROBERT M. YASPAN (SBN 51867)
JOSEPH G. McCARTY (SBN 151020)
DEBRA R. BRAND (SBN 162285)
LAW OFFICES OF ROBERT M. YASPAN
21700 Oxnard Street, Suite 1750
Woodland Hills, California 91367
Telephone: (818) 905-7711
Facsimile: (818) 501-7711

Attorneys for Plaintiff
REKO HOLDINGS, LLC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| REKO HOLDINGS, LLC, <br><br> Plaintiff, <br><br> v. <br><br> AMP GROUP HOLDINGS, INC., a Delaware corporation; PAUL KOZLOV; GSS GROUP LLC, a California limited liability company; SAPA GROUP, LLC, a California limited liability company; GARY SHIRINYAN; IIEVGENIA SAPA aka EVGENIA SAPA aka LEVGENIA SAPA; VLADIMIR HANIN, HJK TRADE, INC., a California corporation; HOVIK KOSTANDYAN; CITIBANK, N.A.; JPMORGAN CHASE BANK, N.A.; WELLS FARGO BANK, N.A.; GALINA VAYNTER; VADIM VAYNTER aka AVADY VAYNTER; GV GLOBAL COMMUNICATIONS, INC., a California corporation; DIRECT COMMUNICATIONS, INC., a California corporation; REGINA | CASE NO.: 2:18-cv-07401-GW-FFM <br><br> [Assigned to the Hon. George H. Wu, Courtroom 9D] <br><br> NOTICE OF MOTION AND MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANTS GALINA VAYNTER; VADIM VAYNTER AKA AVADY VAYNTER; GV GLOBAL COMMUNICATIONS, INC.; DIRECT COMMUNICATIONS, INC.; REGINA KATS; ARTHUR KATS; AND LEGACY RESOURCES GROUP, INC. <br><br> **Hearing Date**: March 4, 2019 <br> **Hearing Time**: 8:30 a.m. <br> **Place**: Courtroom 9D <br> **Judge**: Hon. George H. Wu |

1
NOTICE OF MOTION AND MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANTS GALINA VAYNTER; VADIM VAYNTER AKA AVADY VAYNTER; GV GLOBAL COMMUNICATIONS, INC.; DIRECT COMMUNICATIONS, INC.; REGINA KATS; ARTHUR KATS; AND LEGACY RESOURCES GROUP, INC.

|   |   |
|---|---|
| KATS; ARTHUR KATS; LEGACY RESOURCES GROUP, INC., an unknown business entity; YITZHAK KLEYMAN, and DOES 1 - 100, inclusive,<br>　　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**TO THE COURT AND TO DEFENDANTS:**

**PLEASE TAKE NOTICE** that on March 4, 2019, at 8:30 a.m., in Courtroom 9D of the United States District Court for the Central District of California, located at 350 W. 1st Street, Los Angeles, California 92501, or as soon thereafter as the matter may be heard, Plaintiff Reko Holdings, LLC ("Plaintiff"), will and hereby does move the Court for a default judgment pursuant to Fed.R.Civ.P. 55(b)(2) against Defendants GALINA VAYNTER ("Galina"); VADIM VAYNTER aka AVADY VAYNTER ("Vadim"); GV GLOBAL COMMUNICATIONS, INC. ("GV"); DIRECT COMMUNICATIONS, INC. ("DCI"); REGINA KATS ("Regina"); ARTHUR KATS ("Arthur"); LEGACY RESOURCES GROUP, INC. ("Legacy"); and YITZHAK KLEYMAN ("Kleyman") on all claims pled in the Corrected Second Amended Complaint ("SAC"), and to award Plaintiffs damages and permanent injunctive relief.

This motion is based on this notice, the attached Memorandum of Points

and Authorities, the declarations filed concurrently herewith together with the exhibits filed thereto, the other documents of record in this case, and any additional argument and material the Court may consider at the hearing on this Motion.

Local Rule 55-1 requires that a motion for default judgment set forth: (1) when and against whom default was entered; (2) identification of the pleading to which default was entered; (3) whether the defaulting party is an infant or incompetent person; (4) that the Servicemember Civil Relief Act does not apply; and (5) that notice was served on the defaulting party, if required by Fed.R.Civ.P. 55(b)(2). Default was entered against the defaulting parties as follows:

A. Galina

Default was entered against Galina on January 16, 2019 (Dkt. 87) with respect to Plaintiffs' SAC (Dkt. 3). Galina is neither an if an infant or an incompetent person. Galina is not covered by the Servicemembers Civil Relief Act (50 U.S.C. App. § 521). L.R. 55-1(d). Notice of the instant Motion is provided to Galina by personal delivery to the last known address(es) and by first class mail. (Yaspan Dec., paragraph 35).

B. Vadim

Default was entered against Vadim on January 16, 2019 (Dkt. 87) with respect to Plaintiffs' SAC (Dkt. 3). Vadim is neither an if an infant or an

NOTICE OF MOTION AND MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANTS GALINA VAYNTER; VADIM VAYNTER AKA AVADY VAYNTER; GV GLOBAL COMMUNICATIONS, INC.; DIRECT COMMUNICATIONS, INC.; REGINA KATS; ARTHUR KATS; AND LEGACY RESOURCES GROUP, INC.

incompetent person. Vadim is not covered by the Servicemembers Civil Relief Act (50 U.S.C. App. § 521). L.R. 55-1(d). Notice of the instant Motion is provided to Vadim by personal delivery to the last known address(es) and by first class mail. (Yaspan Dec., paragraph 36).

### C. GV

Default was entered against GV on January 16, 2019 (Dkt. 87) with respect to Plaintiffs' SAC (Dkt. 3). Because GV is a corporation, it is not an infant or an incompetent person and the Servicemembers Civil Relief Act (50 U.S.C. App. § 521) does not apply. L.R. 55-1(d). Notice of the instant Motion is provided to GV by personal delivery to the last known address(es) and by first class mail. (Yaspan Dec., paragraph 37).

### D. DCI

Default was entered against DCI on January 16, 2019 (Dkt. 87) with respect to Plaintiffs' SAC (Dkt. 3). Because DCI is a corporation, it is not an infant or an incompetent person and the Servicemembers Civil Relief Act (50 U.S.C. App. § 521) does not apply. L.R. 55-1(d). Notice of the instant Motion is provided to DCI by personal delivery to the last known address(es) and by first class mail. (Yaspan Dec., paragraph 38).

### E. Regina

Default was entered against Regina on December 14, 2018 (Dkt. 71) with

respect to Plaintiffs' SAC (Dkt. 3). Regina is neither an if an infant or an incompetent person. Regina is not covered by the Servicemembers Civil Relief Act (50 U.S.C. App. § 521). L.R. 55-1(d). Notice of the instant Motion is provided to Regina by personal delivery to the last known address(es) and by first class mail. (Yaspan Dec., paragraph 39).

    F.    Arthur

Default was entered against Arthur on December 18, 2018 (Dkt. 76) with respect to Plaintiffs' SAC (Dkt. 3). Arthur is neither an if an infant or an incompetent person. Arthur is not covered by the Servicemembers Civil Relief Act (50 U.S.C. App. § 521). L.R. 55-1(d). Notice of the instant Motion is provided to Arthur by personal delivery to the last known address(es) and by first class mail. (Yaspan Dec., paragraph 40).

    G.    Legacy

Default was entered against Legacy on January 16, 2019 (Dkt. 87) with respect to Plaintiffs' SAC (Dkt. 3). Because Legacy is a corporation, it is not an infant or an incompetent person and the Servicemembers Civil Relief Act (50 U.S.C. App. § 521) does not apply. L.R. 55-1(d). Notice of the instant Motion is provided to Legacy by personal delivery to the last known address(es) and by

///

///

5
NOTICE OF MOTION AND MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANTS GALINA VAYNTER; VADIM VAYNTER AKA AVADY VAYNTER; GV GLOBAL COMMUNICATIONS, INC.; DIRECT COMMUNICATIONS, INC.; REGINA KATS; ARTHUR KATS; AND LEGACY RESOURCES GROUP, INC.

first class mail.  (Yaspan Dec., paragraph 41).

Dated:  February 25, 2019        LAW OFFICES OF ROBERT M. YASPAN

By _____
ROBERT M. YASPAN
Attorneys for Plaintiff

6
NOTICE OF MOTION AND MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANTS GALINA VAYNTER; VADIM VAYNTER AKA AVADY VAYNTER; GV GLOBAL COMMUNICATIONS, INC.; DIRECT COMMUNICATIONS, INC.; REGINA KATS; ARTHUR KATS; AND LEGACY RESOURCES GROUP, INC.

# PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of 18 years and not a party to the within action. My business address is 21700 Oxnard Street, Suite 1750, Woodland Hills, California 91367.

On February 25, 2019 I served the foregoing document(s) NOTICE OF MOTION AND MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANTS GALINA VAYNTER; VADIM VAYNTER AKA AVADY VAYNTER; GV GLOBAL COMMUNICATIONS, INC.; DIRECT COMMUNICATIONS, INC.; REGINA KATS; ARTHUR KATS; AND LEGACY RESOURCES GROUP, INC on the parties of record in this action by placing ☐ the original ☒ a true and correct copy thereof, enclosed in a sealed envelope addressed as follows:

| | | |
|---|---|---|
| Galina Vaynter<br>22202 Costanso Street<br>Woodland Hills CA 91364 | Vadim Vaynter aka Avady Vaynter<br>22202 Costanso Street<br>Woodland Hills CA 91364 | GV Gloval Communication Inc<br>c/o Avady Vaynter<br>Agent for Service of Process<br>22202 Costanso Street<br>Woodland Hills CA 91364 |
| GV Global Communications, Inc.,<br>19528 Ventura Blvd., #355<br>Tarzana CA 91356 | Agent for Service of Process<br>Avady Vaynter<br>GV Global Communications, Inc.,<br>19528 Ventura Blvd., #355<br>Tarzana CA 91356 | Direct Communications Inc<br>c/o Avady Vaynter<br>Agent for Service of Process<br>22202 Costanso Street<br>Woodland Hills CA 91364 |
| Direct Communications, Inc.,<br>5349 Aura Ave<br>Tarzana, CA 91356 | Agent for Service of Process Direct Communications, Inc.,<br>Avady Vaynter<br>5349 Aura Ave<br>Tarzana CA 91356 | Regina Kats<br>20154 Chapter Drive<br>Woodland Hills, CA 91367 |
| | | |

| Arthur Kats<br>20154 Chapter Drive<br>Woodland Hills,<br>California | Legacy Resources Group, Inc.,<br>a corporation<br>19528 Ventura Boulevard, #355<br>Tarzana, California 91356 | |

**XXX BY MAIL:** I deposited such envelope in the mail at Woodland Hills, California, with postage thereon fully prepaid. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Woodland Hills, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after the date of deposit for mailing contained in the affidavit.

**XXX BY PERSONAL SERVICE:** I caused such envelope to be delivered by hand to the addressee(s) above via Messenger Service.

BY FACSIMILE: I personally faxed the foregoing document to the office(s) of the addressee(s) and said facsimile transmission was reported as complete and without error, as reflected in the transmission report which was properly issued by the facsimile machine.

BY E-MAIL OR ELECTRONIC TRANSMISSION: I caused a courtesy copy of the document(s) to be sent from e-mail address            to the persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

BY EXPRESS SERVICE CARRIER: I deposited such envelope in a box or other facility regularly maintained by FedEx, an express service carrier, or delivered to a courier or driver authorized by said express service carrier to receive documents, with delivery fees paid or provided for.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on February 25, 2019 at Woodland Hills, California.

*/s/ Tatyana Menachian*