ROBERT M. YASPAN (SBN 51867)
JOSEPH G. McCARTY (SBN 151020)
DEBRA R. BRAND (SBN 162285)
LAW OFFICES OF ROBERT M. YASPAN
21700 Oxnard Street, Suite 1750
Woodland Hills, California 91367
Telephone: (818) 905-7711
Facsimile: (818) 501-7711

Attorneys for Plaintiff
REKO HOLDINGS, LLC.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION**

| | |
|---|---|
| REKO HOLDINGS, LLC,<br><br>Plaintiff,<br>v.<br><br>AMP GROUP HOLDINGS, INC., a Delaware corporation; PAUL KOZLOV; GSS GROUP LLC, a California limited liability company; SAPA GROUP, LLC, a California limited liability company; GARY SHIRINYAN; IIEVGENIA SAPA aka EVGENIA SAPA aka LEVGENIA SAPA; VLADIMIR HANIN, HJK TRADE, INC., a California corporation; HOVIK KOSTANDYAN; CITIBANK, N.A.; JPMORGAN CHASE BANK, N.A.; WELLS FARGO BANK, N.A.; GALINA VAYNTER; VADIM VAYNTER aka AVADY VAYNTER; GV GLOBAL COMMUNICATIONS, INC., a California corporation; DIRECT COMMUNICATIONS, INC., a California corporation; REGINA | CASE NO.: 2:18-cv-07401-GW-FFM<br><br>[Assigned to the Hon. George H. Wu, Courtroom 9D]<br><br>OPPOSITION TO APPLICATION TO CONTINUE HEARING ON MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANTS GALINA VAYNTER; VADIM VAYNTER AKA AVADY VAYNTER; GV GLOBAL COMMUNICATIONS, INC.; DIRECT COMMUNICATIONS, INC.; DECLARATION OF ROBERT M. YASPAN<br><br>**Hearing Date**: June 3, 2019<br>**Hearing Time:** 8:30 a.m.<br>**Place:** Courtroom 9D<br>Judge: Hon. George H. Wu |

KATS; ARTHUR KATS; LEGACY RESOURCES GROUP, INC., an unknown business entity; YITZHAK KLEYMAN, and DOES 1 - 100, inclusive,

Defendants.

**TABLE OF CONTENTS**


INTRODUCTION………………………………………………… 3

**I.** IT IS UNCLEAR WHO ARE BRINGING THE MOTIONS.. 3

**II.** DEFAULTED DEFENDANTS DID NOT COMPLY WITH LOCAL RULES INCLUDING MEET AND CONFER…………………………………………………. 4

**III.** THE DEFAULT MOTION DOES NOT MEET THE REQUIREMENTS OF FED. R. CIV. P 55(c)……………….. 5

A. The Defaulted Parties are Culpable…………………………. 6

B. Meritorious Defense……………………………………. 10

C. Excusable Neglect……………………………………… 11

D. Plaintiff is Prejudiced………………………………….. 12

**III.** CONCLUSION………………………………………. 13

**TABLE OF AUTHORITIES**


Franchise Holding II v. Huntington Rests. Group, Inc., 375 F.3d 922 (9th Cir. 2004)…………………………………………….. 5

Pecarsky v. Galaxiworld.com, Ltd., 249 F.3d 167 (2d Cir. 2001)…………………………………………. 8


**CODES & STATUTES**


United States District Court Local Civil Rule 7-3……………………. 4

United States District Court Local Civil Rule 7-19………………….. 4

United States District Court Local Civil Rule 7.19.1………………… 5

Federal Rules of Civil Procedure 55(c)……………………………. 5

Federal Rules of Civil Procedure 60(b)……………………………. 6

Plaintiff Reko Holdings, LLC ("Plaintiff") submits its Opposition to the ("Opposition") to the Ex Parte Application to Continue Hearing On Motion for Default Judgment against Defendants Galina Vaynter, Vadim Vaynter aka Avady Vaynter, Direct Communications Inc. ("Application") or the Underlying Motion to Set Aside Default ("Default Motion") filed by Galina Vaynter ("GALINA"), Vadim Vaynter aka Avady Vaynter ("VADIM"), Direct Communications, Inc. ("DCI"), or any other alleged party (collectively "Defaulted Parties") as follows:

**INTRODUCTION**

The Application and Default Motion are based upon the same flawed theories of facts and law. First, it is not clear as to whom is bringing the Application or the Default Motion. Second, the Defaulted Parties did not comply with all required Local Civil Rules. Third, these Motions are not timely and there is no legitimate reason that the Defaulted Parties did not timely respond. Finally, the Default Motion requires a meritorious defense with an answer, and none of that is included in the Application and the Default Motion.

Thus, the Motions should be denied.

**I. IT IS UNCLEAR WHO ARE BRINGING THE MOTIONS**

It is unclear exactly who is making which motion, and who counsel is representing in connection with the filings on May 3, 2019. In document 105, entitled as "Notice of Motion and Motion to Set aside Default Against Defendants Galina Vaynter, Vadim Vayner aka Avady Vaynter and Direct Communications,

etc.". From this document, it appears that there are three moving parties.

In Document 107 and 108 the attorneys seek to continue the default judgment hearing not only against GALINA, VADIM and DCI, but also as against four other defendants without any explanation therefor: Arthur Kats ("ARTHUR"), Regina Kats ("REGINA"), Legacy Resources Group, Inc. ("LEGACY") and GV Global Communications, Inc. ("GV"). As the attorneys do not claim to represent those extra four parties, it is clear that the Court should deny the Ex Parte Application and Motion for that reason alone.

## II. DEFAULTED DEFENDANTS DID NOT COMPLY WITH LOCAL RULES INCLUDING MEET AND CONFER

Local Civil Rule 7-3 requires a conference of counsel **prior** to filing of motions. As stated in the Local Rule, if the parties are unable to reach a resolution which eliminates the necessity for a hearing, counsel for the moving party shall include in the notice of motion a statement to the following effect: "This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on (date)". None of the declarations filed by counsel for the Application or the Default Motion claim that there was any attempt to have a conference of counsel as required.

Furthermore, on an ex parte application, pursuant to Local Civil Rule 7-19, an application shall be accompanied by a memorandum containing, if known, the name, address, telephone number and e-mail address of counsel for the opposing

party, the reasons for the seeking of an ex parte order, and points and authorities in support thereof. An applicant also shall lodge the proposed ex parte order. There was no compliance with this local rule.

Finally, the Defaulted Parties did not comply with Local Civil Rule 7.19.1 which is a duty of the attorney applying for an ex parte application (a) to make reasonable, good faith efforts orally to advise counsel for all other parties, if known, of the date and substance of the proposed ex parte application and (b) to advise the Court in writing and under oath of efforts to contact other counsel and whether any other counsel, after such advice, opposes the application.

As these basic local rules were not complied with and there was no explanation for the non-compliance, the Application and the Default Motion should simply be denied.

## III. THE DEFAULT MOTION DOES NOT MEET THE REQUIREMENTS OF FED. R. CIV. P 55(c)

The Federal Rules provide that a “court may set aside an entry of default for good cause....” Fed. R. Civ. Pro. 55(c). To determine “good cause”, a court must “consider[ ] three factors: (1) whether [the party seeking to set aside the default] engaged in culpable conduct that led to the default; (2) whether [it] had [no] meritorious defense; or (3) whether reopening the default judgment would prejudice” the other party. See, Franchise Holding II v. Huntington Rests. Group, Inc., 375 F.3d 922, 925–26 (9th Cir. 2004). The “good cause” standard that

governs vacating an entry of default under Rule 55(c) is the same standard that governs vacating a default judgment under Rule 60(b), is disjunctive, such that a finding that if any one of these factors is true it is sufficient reason for the district court to refuse to set aside the default. Id.

Defaulted Parties have failed in its Application and its Default Motion to provide evidence that supports its contentions and they bear the burden to do so. Id at 256.

A. The Defaulted Parties are Culpable

This is not a case of a rush to a Judgment on the part of the Plaintiff. GALINA was served with process on December 1, 2018 (Doc 64) as were also AVADY (Doc 65) and DCI (Doc 66). The Defaults were taken against these three defendants on January 16, 2019 (Doc 87) on request of counsel filed on January 15, 2019 (Doc 82, 83, and 86). The Motion for Default Judgment was filed on February 25, 2019 (Doc 96) and originally set for hearing on March 4, 2019. On February 26, 2019, the Court continued the hearing of March 4, 2019 to April 25, 2019. On April 19, 2019, the Court continued the hearing of April 25, 2019 to May 6, 2019. On May 2, 2019, the Court took the hearing off calendar as submitted. (Declaration of Robert Yaspan ["Yaspan Dec."], paragraph 3).

Notices of all of these filings and continuances were available to GALINA, AVADY and DCI, and many of the documents were actually served. GALINA, AVADY and DCI have therefore known about this proceeding since at least

December 1, 2018 – at least five months ago. And they have known about the entry of the defaults for over 3 ½ months. The attorney admits that he was first approached by GALINA, VADIM and DCI in late February 2019 and that the Defaulted Parties had admitted to him that they had discussions with other attorneys (Declaration of Thomas Eastmond (Docket 105) ("Eastmond Dec.", paragraph 2). GALINA does not make such statements, but only states she was unable to "retain counsel" -- not that she went to contact counsel. In fact, in the motions for the defaults and related documents, Yaspan has already testified that no one contacted him at all with respect to this case – not even potential counsel. (Doc 102-1.) (Yaspan Dec., paragraph 2).

The attorney for GALINA, AVADY and DCI was not hired until April 19, 2019 – six days before the continued hearing date of April 25, 2019. (Eastmond Dec., paragraph 3). This shows that Defaulted Parties intentionally waited until the last minute to hire their attorney. On May 2, 2019, the motion for default judgment was taken under submission.

If a defendant "has received actual or constructive notice of the filing of the action and failed to answer," its conduct is culpable. Id at 926. Thus, this Court can deny on such grounds.

Notably, the Defaulted Parties' contention that there was a purported coordinated attack on them is simply false. Robert Yaspan ("Yaspan") became the manager of Plaintiff in January 2018. The Second Amended Complaint

("SAC") was only filed on August 17, 2018, after numerous attempts to obtain originals (or even copies) of Plaintiff's documents from REGINA, Plaintiff's former Manager, proved unavailing. GALINA, AVADY and DCI were not served until December 1, 2018 after evading service for months. Prior to that time, on October 2, 2018 through multiple emails, REGINA had acknowledged receipt of the Summons and Complaint. (Yaspan Dec., paragraph 4). It is not believable that REGINA would be served and not mention to her parents that the SAC was served on her. This was never a surprise.

In addition, the argument regarding the attorneys' fees is unavailing. The Defaulted Parties discuss Pecarsky v. Galaxiworld.com, Ltd., 249 F.3d 167, 173 (2d Cir. 2001) to support their contention that the Defaulted Parties could not afford attorneys' fees. Defaulted Parties' inability to hire counsel does not serve as an excuse for default. The evidence provided by GALINA, on behalf of her and VADIM, does not support that they could not afford an attorney. The only alleged details provided is that they are without resources (GALINA DEC., paragraph 7). However, this entire lawsuit involves the Defaulted Parties' theft of millions of shares of Plaintiff's assets and forgery of documents, and the fact that they cannot convert Plaintiff's assets any more is not a ground to set aside a default. Plaintiff has already submitted evidence that none of the Defendants (including Defaulted Parties) have ever had any ownership interest in the Plaintiff (Request for Judicial Notice, Exhibit 1, paragraph 5). REGINA had promised that

she would provide documents to Plaintiff's counsel (who is also the new manager), but has breached her fiduciary duties and has never done so. (Yaspan Dec., paragraph 5).

Additionally, merely stating without more that Defendant is living in a house with relatives also does not set forth sufficient facts to show financial hardship (Id). Rather, at the time of service at a restaurant, GALINA and VADIM were driving around in an expensive Range Rover automobile vehicle that was valued in excess of $96,000 (Declaration of Luis Montaro, paragraphs 3 and 4), and they somehow do not mention that fact.

The declarations are not competent evidence as to the Defaulted Parties' true financial condition, let alone any "financial statement", and merely recites the formulaic conclusion that they were "deprived … of the financial wherewithal to defendant against [the SAC]" and that they were "initially unable to retain counsel to appear and defend this case due to lack of funds." (GALINA Dec., paragraph 9). The Defaulted Parties did not say that they did not have any income or savings. As discussed above, it was a strategic choice to pay the attorney at this late date. Moreover, unlike the corporate defendant whose default was at issue in Pecarsky, GALINA and VADIM are individuals and could have appeared *pro se* at any time to answer the complaint, or to seek an extension of time, or merely, as in Pecarsky, to keep in touch with the Court on their own behalf and on behalf of their corporations while any difficulties in retaining counsel were worked out.

Defaulted Parties thus made a strategic decision to ignore the instant case in deference to other matters, and then, less than a week before the Motion was to be held, finally retained counsel, and sought to defend this case. Such gamesmanship is not "negligence," or even "gross negligence." – it was a willful action and the default should not be set aside.

B. Meritorious Defense

To justify vacating the default judgment, however, Defaulted Parties have to present the district court with specific facts that would constitute a defense. Defaulted Parties have not done this. Rather they merely refer the Court to an unattached Complaint to its Judicial Notice and expect the Court to read it and see their version of Plaintiff's claims. GALINA even states that she believes REGINA's account to be true (GALINA Dec., paragraph 6, lines 15-17). However, REGINA claims the police report is attached as Exhibit 8 to the original State Court Complaint, and that the LAPD got it wrong. However, the only evidence is that REGINA filed the report online on September 26, 2019. The second page of the report says that the report was not approved and was "pending approval". The report does not have a case number or the name of a police officer that took the police report (See, Exhibit 8 to the Request for Judicial Notice). REGINA has not provided any documentation to show a case number or that the report was even accepted. This just supports that the Defaulted Parties continue to publish this false story, even under penalty of perjury.

Additionally, the Trustee of the sole member of Plaintiff has already testified as the trustee for the beneficiaries that none of these defendants ever owned any part of Plaintiff (Request for Judicial Notice, Exhibit A, paragraph 5).

Moreover, there is not one allegation in the papers filed regarding the 1,000,000 Sapa Gopher shares in the motion. Those allegations must therefore be taken as admitted.

A "mere general denial without facts to support it" is not enough to justify vacating a default or default judgment. Franchise Holding II, supra at 926.

C. Excusable Neglect

Excusable neglect is an equitable concept that takes account of factors such as "prejudice, the length of the delay and impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." This argument, therefore, largely overlaps with the issue of culpability. Franchise Holding II, LLC, supra at 927.

In this case, the retention of an attorney less than a week for the hearing was a strategic decision by Defaulted Parties. In fact, their own counsel admitted that they originally came to see him in late February 2019 (which coincidentally was around the time that the default motion was brought). Since October 2018 when REGINA first contacted Plaintiff's counsel about the SAC, Defaulted Parties did not contact Plaintiff's counsel, did not appear in pro per, and did not bring any

motion for approximately five (5) months. (Yaspan Dec., paragraph 6). As discussed above, Defaulted Parties' excuse that they did not have the funds did not prevent the individuals from appearing in pro per or taking some other action with the Court. Also, GALINA has an expensive vehicle registered to her and claims that she cannot afford payments to an attorney when she is paying very expensive payments for the car. Without a financial statement regarding the true financial picture, the Defaulted Parties have not proven their case that they were "too broke" to defend on an in pro per basis.

The Defaulted Parties have therefore not timely brought a sufficient motion to set aside the defaults.

D. Plaintiff is Prejudiced

Plaintiff will suffer prejudice by the setting aside of the default. The filing of the motion did not include an attached proposed answer – two weeks after the attorney was admittedly retained. This is just indicative that the Defaulted Parties do not have any valid defenses. It would prejudice Plaintiff to have this default set aside on nothing but innuendo and references and force Plaintiff to incur thousands of dollars on attorneys' fees without Defaulted Parties following the correct procedure. In the meantime, Plaintiff has incurred in excess of $15,000 in preparation of the defaults and motion and opposing this motion. If the Court has any inclination to set aside the default, paying Plaintiff for its fees incurred should

awarded as a condition of any set aside under these circumstances. (Yaspan Dec., paragraph 7).

## III. CONCLUSION

Based upon the above, Defaulted Parties' Application and Default Motion should be denied in their entirety. If the Court is inclined to set aside the defaults with these procedurally defective motions, Plaintiff should be awarded the sum of $15,000 as a condition of any setting aside of the defaults.

Plaintiff also reserves the right to supplement this Opposition.

DATED: May 7, 2019 LAW OFFICES OF ROBERT M. YASPAN

By /s/ Robert M. Yaspan
ROBERT M. YASPAN
Attorneys for Plaintiff Reko Holdings, LLC

DECLARATION OF ROBERT M. YASPAN

I, ROBERT M. YASPAN, hereby declare under penalty of perjury as follows:

1. I am an attorney duly authorized to practice law before the courts of the State of California. I am also qualified to practice before the Ninth Circuit Court of Appeals, the United States District Court for the Central District of California, and United States District Court for the Eastern District of California, among others. I am one of the attorneys for Plaintiff REKO Holdings, LLC ("Plaintiff" or "REKO") and the manager since on or about January 24, 2018 of REKO. I have personal knowledge of the facts stated herein and if called as a witness I could, and would, competently testify hereto.

2. I never received any telephone call from the attorneys of Galina Vaynter ("GALINA"), Avady Vaynter aka Vadim Vaynter ("AVADY") and Direct Communications, Inc. ("DCI") (collectively "Defaulted Parties") regarding meeting and conferring relating to the Ex Parte Application to Continue Hearing On Motion for Default Judgment against Defendants Galina Vaynter, Vadim Vaynter aka Avady Vaynter, Direct Communications Inc. ("Application") or the Underlying Motion to Set Aside Default ("Default Motion").

3. GALINA was served with process on December 1, 2018 (Doc 64) as were also AVADY (Doc 65) and DCI (Doc 66). The Defaults were taken against these three defendants on January 16, 2019 (Doc 87) on request of counsel filed

on January 15, 2019 (Doc 82, 83, and 86). The Motion for Default Judgment was filed on February 25, 2019 (Doc 96) and originally set for hearing on March 4, 2019. On February 26, 2019, the Court continued the hearing of March 4, 2019 to April 25, 2019. On April 19, 2019, the Court continued the hearing of April 25, 2019 to May 6, 2019. On May 2, 2019, the Court took the hearing off calendar as submitted.

4. I became the Manager of Reko on or about January 24, 2018. The Second Amended Complaint ("SAC") was only filed on August 17, 2018, after numerous attempts to obtain originals (or even copies) of Plaintiff's documents from REGINA, Plaintiff's former Manager, proved unavailing. GALINA, AVADY and DCI were not served until December 1, 2018 after evading service for months. Prior to that time, on October 2, 2018 through multiple emails, REGINA had acknowledged receipt of the Summons and Complaint.

5. REGINA had promised that she would provide documents to me (and I was also the new manager and attorney), but has breached her fiduciary duties and has never done so.

6. Since October 2018 when REGINA first contacted Plaintiff's counsel about the SAC, Defaulted Parties did not contact Plaintiff's counsel, did not appear in pro per, and did not bring any motion for approximately five (5) months.

7. Plaintiff will suffer prejudice by the setting aside of the default. It would prejudice Plaintiff to have this default set aside on nothing but innuendo

and references and force Plaintiff to incur thousands of dollars on attorneys' fees without Defaulted Parties following the correct procedure – especially since the Defaulted Parties did not attach a proposed answer or provide competent evidence regarding valid defenses. In the meantime, Plaintiff has incurred in excess of $15,000 in preparation of the defaults and motion and opposing this motion. If the Court has any inclination to set aside the default, paying Plaintiff for its fees incurred should awarded as a condition of any set aside under these circumstances.

I declare under the penalty of perjury that the foregoing is true and correct under the laws of the State of California and the United States of America.

Executed at Woodland Hills, California this 7th day of May, 2019.

/s/ Robert M. Yaspan
Robert M. Yaspan, Declarant